UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA, on behalf of himself and a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWIN J. DAY as Rockland County Executive; STEVEN M. NEUHAUS as Orange County Executive,<br><br>Defendants. | Case No. 23-cv-3954 (NSR)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This civil-rights action challenges aggressive and plainly unlawful efforts by Rockland and Orange Counties in New York to block migrants from traveling to and residing within their borders. Having welcomed tens of thousands of migrants over the last year, New York City recently made arrangements to house a small number of migrants in Rockland County and nearby Orange County. In response, the two counties immediately issued executive orders that expressly seek to bar "migrants" and "asylum seekers" from coming to the counties from New York City and that further seek to bar local hotels from making their rooms available to migrants for any period of time. In conjunction with these orders, Rockland County Executive Edwin Day and Orange County Executive Steven Neuhaus have made racist and incendiary accusations about immigrants and have threatened to deploy local law enforcement to physically block buses bring migrants to their counties.

2. Attempting to justify these draconian measures, the defendants have invoked an emergency that does not exist, raising the specter of "thousands" of immigrants entering the Counties and burdening social services. But there are no large-scale plans for migrants to move to these counties nor any immediate need for the counties to absorb the costs of caring for the limited migrants who do choose to do so. And the appropriate response would be to address the need, not to enact discriminatory and exclusionary policies.

3. The plaintiffs are a class of migrants and asylum seekers who are participating in or will participate in New York City's program that provides transportation to Rockland and Orange Counties and temporary lodging, meals, and social services for migrants and asylum seekers in the program.

4. Each named plaintiff volunteered to participate in the City's program as they wished to relocate to Rockland or Orange Counties. They were scheduled to travel to a hotel in one of the counties on May 10 but were unable to do so because of the defendants' actions. On May 11, three of the plaintiffs traveled by bus to the Crossroads Hotel in Newburgh and were permitted to enter. At the time of the filing of this complaint, at least one plaintiff remains in New York City, after earlier attempts to travel to Rockland County or Orange Counties failed.

5. The defendants' actions violate the Due Process Clause and Equal Protection Clause of the United States Constitution, the Supremacy Clause of the United States Constitution, Title II of the Civil Rights Act of 1964, Sections 24 and 296(2)(a) of the New York Executive Law, and 42 U.S.C. § 1981. The plaintiffs seek declaratory and injunctive relief requiring the defendants to comply with these constitutional and statutory mandates and barring them from enforcing their unlawful executive orders.

## PARTIES

6. Plaintiff SIDI MOUHAMED DEIDE is a migrant who recently arrived in the United States. He is, or until the morning this case was initiated, was residing in a makeshift shelter located in Brooklyn, New York, but hopes to relocate outside of New York City. He has opted into the program described in this complaint.

7. Plaintiff ADAMA SY is a migrant who recently arrived in the United States. He is, or until the morning this case was initiated, was in a makeshift shelter located in Brooklyn, New York, but hopes to relocate outside of New York City. He has opted into the program described in this complaint.

8. Plaintiff ABDALLAHI SALEM is a migrant who recently arrived in the United States. On May 11, 2023, he relocated from a shelter in Brooklyn, New York, to Orange County, New York as part of the New York City program described in this complaint.

9. Plaintiff MOUHAMED SAID MALOUM DIN is a migrant who recently arrived in the United States. On May 11, 2023, he relocated from a shelter in Brooklyn, New York, to Orange County, New York as part of the New York City program described in this complaint.

10. Plaintiff JHONNY NEIRA is a migrant who recently arrived in the United States. On May 11, 2023, he relocated from a shelter in Manhattan, New York, to Orange County, New York as part of the New York City program described in this complaint.

11. Defendant EDWIN J. DAY is the Executive of Rockland County. He is a chief executive within the meaning of section 24 of the New York Executive Law and is sued in his official capacity.

12. Defendant STEVEN M. NEUHAUS is the Executive of Orange County. He is a chief executive within the meaning of section 24 of the New York Executive Law and is sued in his official capacity.

## FACTS

*New York City Welcomes Large Numbers of Migrants*

13. Within the past year, over 60,800 migrants have arrived in New York City. New York City recognized the need to supplement the city's shelter system to handle the arrivals of migrants and city agencies began to establish and operate temporary "Human Emergency Relief and Response Centers" to fit this need. Over the past several months, New York City has provided temporary housing, food, medical care, and case work and other social services for over 36,738 of these migrants.

14. As of May 11, 2023, the policy along the southern border will change and New York City officials expect as many as 1,000 people a day to begin arriving in New York.

15. New York City has stated that the city's shelter system is operating beyond its capacity.

*The Plaintiffs Opt into a Voluntary Relocation Program Funded by New York City*

16. On or around Friday, May 5, 2023, New York City Mayor Eric Adams announced a "new, voluntary program," open to the plaintiffs and other migrants located in makeshift shelters around New York City. Under the program, described by Mayor Adams as a way for participants to establish "connections to local communities as they build a stable life in New York State," New York City would offer transportation to Orange and Rockland Counties, where program participants would continue to receive temporary lodging, meals, and social services funded by New York City.

17. To effectuate this program, New York City entered into contracts with two hotels: the Crossroads Hotel, located in Newburgh in Orange County, and the Armoni Inn and Suites, located in Orangeburg in Rockland County.

18. The named plaintiffs each opted into the program, adding their name to a list, maintained by New York City officials, of individuals who wished to participate, and to relocate from New York City.

19. Since recently arriving in New York, the plaintiffs have each been living in a makeshift shelter for migrants in Brooklyn. They have each expressed a desire to relocate to Rockland and Orange Counties and begin to build their new lives in the United States.

***Orange and Rockland Counties Act to Block the Program***

20. In response to Mayor Adams's announcement, government officials in Orange and Rockland Counties took immediate and extraordinary steps to block the program.

21. On Saturday, May 6, 2023, Defendant Ed Day declared a state of emergency "arising from New York City's program to rapidly increase the number of migrants . . . to unsustainable levels."

22. The emergency declaration states Rockland County "is not capable of receiving and sustaining the volume of migrants and asylum seekers that New York City intends to send over, whose presence will spike the number of people in need of government services at all levels of government in the County from Villages to Towns and School Districts...".

23. An accompanying press release stated: "This State of Emergency prohibits other municipalities from bringing and housing people in the County and prohibits hotels and motels from housing immigrants without a license and requires any municipalities that might bring migrating or asylum-seeking people into Rockland County to ensure they will be fully cared for and paid for."

24. Pursuant to this claimed state of emergency, Defendant Day promulgated an executive order prohibiting "foreign municipal programs that burden the County." The order

states in relevant part that "no municipality may make contracts with persons, businesses, or entities doing business within the County to transport migrants or asylum seekers to locations in the County, or to house persons at locations in the County for any length of time without the express written permission of the County Executive." The order further prohibits any "hotel, motel, or owner of a multiple dwelling in Rockland County" from "contract[ing] or otherwise engage in business with any other municipality other than the County of Rockland for the purpose of providing housing or accommodations for migrants or asylum seekers without a license granted by the County."

25. In discussing the Rockland County EO, Executive Day speculated that the migrants intending to relocate to the county may be "child rapists"; "criminals"; or gang members. "Whatever we need to do to stop this, we will do," he stated to one media outlet.

26. Defendant Day later conceded that the initial group of migrants who planned to relocate to the hotels outside New York City were not necessarily "problematic."

27. Two days later, on Monday, May 8, 2023, Defendant Neuhaus issued an executive order declaring a state of emergency in Orange County "in response to New York City's proposed plan to send asylum seekers to be temporarily housed at motels in the Town of Newburgh."

28. As justification for the claimed emergency, the executive order provides "there is reasonable apprehension of immediate danger of public emergency of potentially thousands of persons being transported to Orange County" and that Orange County "is not capable of receiving and sustaining such volume of migrants and asylum seekers."

29. While predicting that Orange County's restrictions on housing "will result in large-scale homelessness for these migrants and asylum seekers," the executive order prohibits

"all hotels, motels and/or any facilities allowing short-term rentals" from "accept[ing] said migrants and/or asylum seekers for housing within Orange County."

30. In repeated public addresses the following day, Defendant Neuhaus expounded on the executive order. In one such address, he stated, "I am opposed to these asylum seekers being sent to our communities." In another, he asked, "Who are these people? What's their background?"

31. Two days after issuing the executive order, Defendant Neuhaus threatened to intercept migrants attempting to locate to Orange County, warning: "I think we're going to have a standoff in the next 24 to 48 hours."

32. Since the issuance of the EO, Defendant Neuhaus has declined to rule out fining hotels that violate the EO, evicting migrants housed in those hotels, and directing county law enforcement to force buses transporting migrants into Orange County to leave.

***Governor Hochul Declares a State of Emergency***

33. On May 9, 2023, New York Governor Hochul declared a state of emergency due to "the arrival of increased numbers of migrants seeking shelter" in New York City and State. Governor Hochul's directive authorizes agencies and the Red Cross "to assist affected local governments and individuals in responding to and recovering from this disaster, and to provide such other assistance as necessary to protect the public health and safety." The order also suspends certain state laws governing contracts, purchasing rules, and real property which will allow the state to buy goods and lease buildings, and enable additional spaces to be used to shelter migrants throughout the state.

## CLASS ALLEGATIONS

34. Plaintiffs Sidi Mouhamed Deide, Adama Sy, Abdallahi Salem, Mouhamed Said Maloum Din, and Jhonny Neira bring this action under Federal Rule of Civil Procedure 23(b)(2)

on behalf of themselves and a class of all other persons similarly situated. Mr. Neira seeks to represent the following class:

> All migrants and asylum seekers who are participating in or will participate in New York City's program that provides transportation to Rockland and Orange Counties and temporary lodging, meals, and social services for migrants and asylum seekers in the program.

35. Mr. Neira is an adequate representative of the proposed class.

36. The proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a)(1) because the class is so numerous that joinder of all members is impracticable. Scores of individuals have already volunteered to participate in the New York City program, which is designed to accommodate approximately 300 individuals between Rockland and Orange Counties.

37. The proposed class meets the commonality requirements of Federal Rule of Civil Procedure 23(a)(2). The members of the class are encompassed within the challenged Rockland and Orange County executive orders, which effectively block migrants and asylum seekers from traveling to and residing within county borders. The lawsuit raises numerous questions of law common to members of the proposed class, including (a) whether the challenged EOs violate class members' rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (b) whether the challenged EOs violate class members' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, (c) whether the challenged EOs violate the Supremacy Clause of Article VI of the United States Constitution, (d) whether the challenged EOs violate Title II, Section 201 of the Civil Rights Act of 1964, (e) whether the challenged EOs violate Section 24 of the New York Executive Law, (f) whether the challenged EOs violate Section 296(2)(a) of the New York Executive Law, and (g) whether the challenged EOs violate 42 U.S.C. § 1981.

38. The class meets the typicality requirements of Federal Rule of Civil Procedure 23(a)(3) because Mr. Neira's claims are typical of the claims of the class. Mr. Neira and the proposed class members are all migrants or asylum seekers who have sought or will seek to participate in the New York City program and who, due to the challenged EOs, are either barred from entrance into and accommodation within Rockland and Orange Counties, or are facing risk of imminent eviction from those counties. Mr. Neira and the proposed class also share the same legal claims, which assert the same rights and protections under the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of Article VI of the United States Constitution, Title II of the Civil Rights Act, Sections 24 and 296(2)(a) of the New York Executive Law, and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

39. This action is brought under the U.S. Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 2000a. The Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.

40. This Court has jurisdiction to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and to issue injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

41. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## CLAIMS FOR RELIEF

### First Claim
### Violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution

42. The defendants' conduct as alleged herein violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## Second Claim
### Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution

43. The defendants' conduct as alleged herein violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## Third Claim
### Violation of the Supremacy Clause of the U.S. Constitution

44. The defendants' conduct as alleged herein violates Article VI of the United States Constitution.

## Fourth Claim
### Violation of Title II of the Civil Rights Act of 1964, 42 U.S.C § 2000a *et seq.*

45. The defendants' conduct as alleged herein violates Title II, Section 201 of the Civil Rights Act of 1964.

## Fifth Claim
### Violation of N.Y. Executive Law § 24

46. The defendants' conduct as alleged herein violates section 24 of the New York Executive Law.

## Sixth Claim
### Violation of N.Y. Executive Law § 296(2)(a)

47. The defendants' conduct as alleged herein violates section 296 subdivision 2(a) of the New York Executive Law.

## Seventh Claim
### Violation of 42 U.S.C. § 1981

48. The defendants' conduct as alleged herein violates 42 U.S.C. § 1981.

**REQUEST FOR RELIEF**

WHEREFORE, the plaintiffs hereby requests that the Court:

a. Assume jurisdiction over this case;

b. Certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Declare that the defendants' conduct violates the plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution; Article VI of the U.S. Constitution; Title II of the Civil Rights Act of 1964; Sections 24 and 296(2)(a) of the New York Executive Law; and 42 U.S.C. § 1981;

d. Enjoin the defendants from interfering with the plaintiffs' travel to and within Rockland County and Orange County;

e. Enjoin the defendants from interfering with the plaintiffs' housing or other means of shelter within Rockland County and Orange County;

f. Award the plaintiffs reasonable attorney's fees and costs; and

g. Grant such other and further relief as the Court deems just and equitable.

Dated: May 15, 2023
       New York, New York

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION

*/s/ Amy Belsher*

Amy Belsher
Antony Gemmell
Guadalupe Victoria Aguirre
Ifeyinwa Chikezie*
Christopher Dunn
125 Broad Street, 19th Floor
New York, N.Y. 10004
212-607-3300
abelsher@nyclu.org
agemmell@nyclu.org
laguirre@nyclu.org
ichikezie@nyclu.org

*Counsel for the Plaintiffs*

* Application for admission in the Southern District of New York forthcoming