

BLEAKLEY PLATT & SCHMIDT, LLP

NEW YORK | CONNECTICUT

Matthew G. Parisi
914.287.6184
MParisi@bpslaw.com

June 2, 2023

**VIA ECF**

Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

   Re: *Deide, et al. v. Day, et al.*
     Docket No.: 23-cv-3954 (NSR)

Dear Judge Román:

  This office represents defendant Steven M. Neuhaus as Orange County Executive ("Orange County") in the above-referenced matter. We write in opposition to Plaintiffs' request for: (1) a waiver of the pre-motion conference required by Rule 2(A) of the Court's Individual Rules of Practice in Civil Cases and (2) permission to move immediately for class certification. Plaintiffs' request should be denied as class certification is not appropriate as plaintiffs' fail to meet the prerequisite for such class certification set forth in F.R.C.P. 23.

  Rule 23(a) of the Federal Rules of Civil Procedure provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying these prerequisites, a plaintiff must satisfy one of three subdivisions of Rule 23(b):

> (1) That separate actions pose a risk of inconsistent adjudications or would substantially impair the ability of other individuals to protect their interests; (2) injunctive or declaratory relief is sought concerning the class as a whole; or (3) common questions of law or fact predominate over individual questions and a class action is superior to other methods for bringing suit.

Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
June 2, 2023
Page 2

Fed. R. Civ P. 23(b); *see generally Amchem Prods., Inc. v. Windsor*, 521 U.S. 5491 (1997).  It is a plaintiff's burden to establish compliance with the requirements of Rule 23.

> The Second Circuit, Court of Appeals has held:
>> A plaintiff seeking certification of a Rule 23(b)(3) class action bears the burden of satisfying the requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – as well as Rule 23(b)(3)'s requirements: (1) that "the questions of law or fact common to class members predominate over any questions affecting only individual members" (the "predominance" requirement); and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "superiority" requirement).  Fed. R. Civ. P. 23(a), (b)(3); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F3d 108, 117 (2d Cir. 2013) ("To certify a class, a district court must … find that each [Rule 23] requirement is 'established by at least a preponderance of the evidence.'" (quoting *Brown v. Kelly*, 609 F.3d 467, 476 (2d. Cir. 2010))).  This Court has also "recognized an implied requirement of ascertainability in Rule 23, "which demands that a class be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks and citations omitted).

*In re Petrobras Securities*, 862 F.3d 250, 260 (2d Cir. 2017).  it is submitted that necessary predicates of typicality and ascertainability are absent.

In *Breacher v. Republic of Argentina*, the Second Circuit Court of Appeals explained ascertainability as follows:

> [T] touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for a court to determine whether a particular individual is a member.  A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case.

*Id.* 806 F.3d at 24-25 (internal quotation marks and citations omitted).

In this instance, it is evident that a hearing would be required to identify if a particular

Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
June 2, 2023
Page 3

migrant or asylum seeker was scheduled to be transported to a hotel in Rockland or Orange County, as opposed to a hotel in any other county in New York State, or whether that individual would remain in New York City. In that regard, the proposed claim is meant to encompass a class of individuals who "will participate in New York City's program." It is not evident how such a determination could be made when New York City has acknowledged that there are at least fifty thousand migrants or asylum seekers in New York City, many of whom have not applied to be relocated to Orange County.

Typicality requires that the claims of the class representatives be typical of those of the class, and it is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. Here, of the five named plaintiffs seeking to be certified as a class, three allege that they have relocated from a shelter in Brooklyn to Orange County. The two others merely allege that they "hope to relocate outside of New York City" but make no mention of where they prefer to go, including whether they would sign up for the specific program at issue in this litigation. It is unclear whether these plaintiffs are typical of the class, and as such, they are not appropriate to represent the class. Furthermore, the class is not ascertainable because Orange County as a potential destination is not even specified.

Accordingly, it is respectfully requested that the Court deny Plaintiffs' request for class certification. Thank you for your consideration.

Respectfully submitted,

MATTHEW G. PARISI

MGP/lr

cc: All Parties (Via ECF)

312197