

**OFFICE OF THE COUNTY ATTORNEY**
11 New Hempstead Road
New City, New York 10956
Phone: (845) 638-5180    Fax: (845) 638-5676

**Thomas E. Humbach**
*County Attorney*

June 2, 2023

**VIA ECF**
Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

    RE:    *Deide v. Day*,
                Docket No. 23-cv-3954 (NSR)

Dear Judge Román:

This office represents defendant Edwin J. Day as Rockland County Executive ("Rockland County") in the above referenced matter. We write in opposition to Plaintiffs' request for (i) a waiver of the pre-motion conference required by Rule 3(A) of the Court's Individual Rules of Practice in Civil Cases and (ii) permission to move immediately for class certification. For the reasons set forth below, Plaintiffs' request should be denied.

Rule 23(a) of the Federal Rules of Civil Procedure governs class certification, providing:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Hon. Nelson Stephen Román
Deide v. Day, 23-cv-3954
June 1, 2023
Page 2

Fed. R. Civ. P. 23(a).  In addition to satisfying these prerequisites, a plaintiff must satisfy one of the three subdivisions of Rule 23(b):

> (1) that separate actions pose a risk of inconsistent adjudications or would substantially impair the ability of other individuals to protect their interests; (2) injunctive or declaratory relief is sought concerning the class as a whole; or (3) common questions of law or fact predominate over individual questions and a class action is superior to other methods for bringing suit.

Fed. R. Civ. P. 23(b); *see generally Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). Furthermore, it is a plaintiff's burden to establish compliance with the requirements of Rule 23. *Sali v. Zwanger & Pesiri Radiology Group, LLP*, No. 19-cv-275 (FB) (CLP), 2022 U.S. Dist. LEXIS 48699, at *24-25 (E.D.N.Y. Jan. 10, 2022).

> To that end, the Court of Appeals, Second Circuit, has held:
>
> A plaintiff seeking certification of a Rule 23(b)(3) class action bears the burden of satisfying the requirements of Rule 23(a) — numerosity, commonality, typicality, and adequacy of representation — as well as Rule 23(b)(3)'s requirements: (1) that "the questions of law or fact common to class members predominate over any questions affecting only individual members" (the "predominance" requirement); and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "superiority" requirement). Fed. R. Civ. P. 23(a), (b)(3); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013) ("To certify a class, a district court must ... find that each [Rule 23] requirement is 'established by at least a preponderance of the evidence.'" (quoting *Brown v. Kelly,* 609 F.3d 467, 476 (2d Cir. 2010))). This Court has also "recognized an implied requirement of ascertainability in Rule 23," which demands that a class be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Argentina,* 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks and citations omitted).

*In re Petrobras Securities*, 862 F. 3d 250, 260 (2d Cir. 2017).  When the law is applied to the facts of the case at bar, it is clear that typicality and ascertainability, at the very least, are absent, which

Hon. Nelson Stephen Román
Deide v. Day, 23-cv-3954
June 1, 2023
Page 3

is not only detrimental to Plaintiffs' instant request for leave, but also to their future motion for class certification.

In *Brecher v. Republic of Argentina*, the Second Circuit Court of Appeals explained ascertainability as follows:

> [T]he touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member. A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case.

*Id.,* 806 F.3d at 24-25 (internal quotation marks and citations omitted).

Typicality, on the other hand, requires that the claims of the class representatives be typical of those of the class, and it is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.

In this instance, it is evident that a hearing would be required to identify if a particular migrant or asylum seeker were scheduled to be transported to a hotel in Rockland County, as opposed to a hotel in any other county in New York State, or whether that individual would remain in New York City. In that regard, the proposed claim is meant to encompass a class of individuals who "will participate in New York City's program." It is not evident how such a determination could be made when New York City has acknowledged that there are at least fifty thousand migrants or asylum seekers in New York City, many of whom have not applied to be relocated to Rockland County.

Here, of the five named Plaintiffs seeking to be certified as a class, three allege that they have relocated from a shelter in Brooklyn, New York to Orange County, New York. The two others merely allege that they "hope to relocate outside of New York City" but make no mention

of where they want to go. It is unclear whether these plaintiffs are typical of the class, and as such, they are unfit to represent the class. Furthermore, the class is not ascertainable because Rockland County as a potential destination is not even specified.

In *Sali v. Zwanger & Pesiri Radiology Group, LLP*, the court held:

> As a threshold matter, "[c]ourts are not required to decide class certification before reaching the merits of a case." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 507 (E.D.N.Y. 2017). In *Schweizer v. Trans Union Corp.*, the Second Circuit stated that the "decision to award summary judgment before acting on class certification was well within the discretion of the district court" and held that plaintiff's argument that class certification need be addressed before summary judgment was "without merit." 136 F.3d 233, 239 (2d Cir. 1998); *see also Carollo v. United Cap. Corp.*, 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) (stating that "there is no point in reaching a decision on class certification if the claims the class would bring are fundamentally meritless" when addressing class certification and summary judgment motions); *Winslow v. Forster & Garbus, LLP*, No. 15-cv-2996, 2017 U.S. Dist. LEXIS 205113, at *6 (E.D.N.Y. Dec. 13, 2017) (deciding legal questions on motion for summary judgment before addressing class certification issue).

2022 U.S. Dist LEXIS 48699, at *11-12.

Accordingly, Rockland County respectfully requests that the Court deny Plaintiffs' request for certification.

Respectfully submitted,

 /s/Larraine S. Feiden
Larraine S. Feiden
Principal Assistant County Attorney
Direct Dial: (845) 638-5099
Email: FeidenL@co.rockland.ny.us

cc:     All counsel of record (via ECF)

2023-01849