**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA on behalf of himself and all similarly situated people, | Case No. 23-cv-3954 (NSR) |
| Plaintiffs, | |
| v. | |
| EDWIN J. DAY as Rockland County Executive; STEVEN M. NEUHAUS as Orange County Executive, | |
| Defendants. | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR A PRELIMINARY INJUNCTION**

New York Civil Liberties Union
  Foundation

AMY BELSHER
IFEYINWA CHIKEZIE
GUADALUPE V. AGUIRRE
CHRISTOPHER DUNN
ANTONY GEMMELL
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3300
abelsher@nyclu.org
ichikezie@nyclu.org
laguirre@nyclu.org
cdunn@nyclu.org
agemmell@nyclu.org

Dated: June 5, 2023
        New York, New York

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

FACTS ................................................................................................................................ 1

ARGUMENT ...................................................................................................................... 4

    I.      Abstention Is Inappropriate Under the *Burford* Doctrine. ........................................ 5

    II.     Abstention Is Inappropriate Under the *Pullman* Doctrine. ....................................... 8

    III.   Abstention Is Inappropriate Under the *Colorado River* Doctrine............................. 10

    IV.   Abstention Is Inappropriate Under the *Younger* Doctrine. ...................................... 15

    V.    Abstention Is Inappropriate Under the *Rooker-Feldman Doctrine*. .......................... 16

CONCLUSION.................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**...................................................................................................................Page(s)

*All. of Am. Insurers v. Cuomo*, 854 F.2d 591 (2d Cir. 1988)...........................................8

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)..................................................................8

*Camabo Indus., Inc. v. Liberty Mut. Ins. Co.*, No. 15-CV-891, 2016 WL 368529 (S.D.N.Y. Jan. 27, 2016) ....................................................................................................8 ,9, 10

*Canaday v. Koch*, *See* 608 F. Supp. 1460 (S.D.N.Y.), *aff'd sub nom. Cannady v. Valentin*, 768 F.2d 501 (2d Cir. 1985)............................................................................10, 12

*Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976)...8, 13, 14, 16

*Cruz v. TD Bank, N.A.,* 855 F. Supp. 2d 157 (S.D.N.Y. 2012)......................................10

*Cruz v. TD Bank, N.A.,* 742 F.3d 520 (2d Cir. 2013).....................................................10

*Dittmer v. Cty. of Suffolk*, 146 F.3d 113 (2d Cir. 1998)......................................... *passim*

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) .........................19

*Hartford Courant Co. v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004)..................................11

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005).........................19

*Image Carrier Corp. v. Beame,* 567 F.2d 1197 (2d Cir. 1977) ......................................11

*Johnson v. De Grandy*, 512 U.S. 997 (1994).................................................................19

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ..................13, 16, 17

*Lance v. Dennis*, 546 U.S. 459 (2006).........................................................................19

*Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17 (2d Cir. 1997)....................................14

*New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350 (1989) ........18

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84 (2d Cir. 2012) ...................................................................................................13, 16

*Pappas Harris Cap., LLC v. Bregal Partners, L.P.,* No. 20-CV-6911, 2021 WL 3173429 (S.D.N.Y. July 27, 2021), *appeal dismissed*, No. 21-2086, 2021 WL 7162177 (2d Cir. Sept. 29, 2021) ...............................................................................................................14

*Pharm. Soc. of State of New York, Inc. v. Lefkowitz*, 586 F.2d 953 (2d Cir. 1978).....................11

*Sheerbonnet, Ltd. v. Am. Exp. Bank Ltd.*, 17 F.3d 46 (2d Cir 1994) .......................................8, 16

*Shields v. Murdoch*, 891 F. Supp. 2d 567 (S.D.N.Y. 2012)...........................................................13

*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) .............................................................18, 19

*Stone v. Patchett,* No. 08-CV-5171, 2009 WL 1108596 (S.D.N.Y. Apr. 23, 2009) ...................15

*Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376 (2d Cir. 2000) ................................8

*Vill. of Westfield v. Welch's*, 170 F.3d 116 (2d Cir. 1999)...........................................................16

*Vt. Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376 (2d Cir. 2000)........................................11

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc*., 239 F.3d 517 (2d Cir. 2001)......8, 15, 16

**Other Authorities**

Wright & Miller, 17A Fed. Prac. & Proc. Juris. § 4242 (3d ed.)...................................................11

## INTRODUCTION

Pursuant to the Court's directive during the oral argument held on June 1, 2023, the plaintiffs—a putative class of migrants and asylum seekers excluded from the defendants' counties pursuant to their unlawful executive orders—write to provide supplemental briefing on the question of abstention. The defendants urge this Court to abdicate its "virtually unflagging obligation" to exercise jurisdiction over the plaintiffs' federal statutory and constitutional claims in light of ongoing state court proceedings, but none of the arguments raised in the defendants' briefs or at oral argument provide a basis for this Court to abstain. No plaintiff or putative class member is a party to those state proceedings, which raise only state and local law claims whose resolution is irrelevant to the purely federal claims brought by the plaintiffs here. Abstention would deprive the plaintiffs of the ability to vindicate their constitutional rights. As a result, the plaintiffs respectfully request this Court exercise its discretion in favor of retaining jurisdiction here and grant the plaintiffs' motion for a preliminary injunction for all the reasons stated in the plaintiffs' briefs in support of their motion.

## FACTS[1]

In their motion for a preliminary injunction, the plaintiffs seek relief based on federal statutory and constitutional challenges to executive orders issued by Orange and Rockland Counties purporting to bar the transportation to and housing of migrants and asylum seekers in those counties. *See generally* Pls' Mem. In Supp. Of Prelim. Inj., ECF No. 13. After New York City announced plans to assist in the voluntary relocation of migrants and asylum seekers— putative class members—from overcrowded shelters in New York City to hotels in the defendant

---

[1] The plaintiffs provide only those facts relevant to the issue of abstention here.

counties last month, the counties and towns within the counties initiated five state court proceedings against New York City and the hotels.[2]

Rockland and Orange Counties are parties in three of those cases.[3] And none of the parties in the five matters include any named plaintiff or putative class member in this action. No party in the state court actions raises federal claims.[4] Instead, the state court proceedings involve local zoning and state law challenges to New York City's plan to temporarily house migrants and asylum seekers in Orange and Rockland County. While the state courts have issued temporary restraining orders ("TROs") in those cases, none of the TROs purport to rule on the constitutionality or legality of the Rockland or Orange County executive orders. And just one of the TROs even mentions the executive order but does not premise its decision exclusively on that order. *See* Amended TRO in *Crossroads Hotel*, Nothnagle Decl. Supp. Opp'n Mot. Prelim. Inj.,

---

[2] *County of Rockland et al. v City of New York et al.*, Index No. 032065/2023; *County of Orange et al. v City of New York et al.*, Index No. EF003109-2023; *County of Orange v. The Crossroads Hotel et al*, Index No. EF003107-2023; *Town of Newburgh, N.Y. v. Newburgh EOM LLC et al.*, Index No. EF003105-2023; *Orangetown v. Armoni Inn & Suites, LLC et al*, Index No. 032048/2023.

[3] Neither Rockland nor Orange County have explained how the two cases brought by individual municipalities—and to which they are not parties—are relevant to the question of abstention. *Town of Newburgh* in Orange County and *Orangetown* in Rockland County do not challenge violations of the challenged executive orders in this matter. Rather, these two cases raise claims exclusively pertaining to alleged violations of town or municipal codes relating to zoning matters such as permitting, property use, and certificates of occupancy. *See* Summons & Complaint, *Town of Newburgh*, NYSEF No. 1; Summons & Complaint, *Orangetown*, NYSEF No. 1. The hotel defendants in the case brought by the Town of Newburgh have sought to remove the case and the request is currently pending before the Honorable District Court Judge Cathy Seibel. *Town of Newburgh, N.Y. v. Newburgh EOM LLC et al.*, No. 23-cv-04212 (S.D.N.Y.).

[4] The defendants to the state court proceedings have raised arguments, including under federal law, concerning the legality of the executive orders in opposing the state court plaintiffs' attempts to enforce them. *See, e.g.*, *County of Rockland et al. v City of New York et al.*, Index No. 032065/2023, NYSECF No. 56 at 9-10.

Ex. B, ECF No. 27-2. The TROs remaining before the state courts[5] are set to lift upon

adjudication of pending preliminary injunction motions in those cases.

*County of Rockland et al. v. City of New York et al.*, **Index No. 032065/2023**: Rockland

County is a party to just one of the state proceedings and that case does not challenge any

purported violations of its executive order. Instead, it brings an Article 78 challenge pursuant to

New York Civil Practice Law and Rules Section 7803(3), alleging New York City's relocation

program exceeds the city's authority, violates state and local law, and the planning and execution

of the program was arbitrary and capricious. *See* Petition, *Rockland County*, NYSCEF No. 1.

The state court issued a temporary restraining order prohibiting the defendants from

"transporting approximately 340 homeless adult individuals currently residing in a temporary

shelter in New York City to the Armoni Inn & Suites Hotel." TRO in *Rockland County*, Feiden

Decl. Supp. Opp'n Mot. Prelim. Inj. Ex. E, ECF No. 31-5.

*County of Orange et al. v. City of New York et al.*, **Index No. EF003109-2023**: There

are two state cases brought by Orange County. First, in a nearly identical challenge to the suit

brought by Rockland County, Orange County initiated an Article 78 proceeding against New

York City and its officials alleging New York City's relocation program exceeds the city's

authority, violates state and local law and the planning and execution of the program was

arbitrary and capricious. *See* Petition, *County of Orange v. City of New York*, NYSCEF No. 1. In

addition to premising these claims on violations of local zoning laws and the New York City

---

[5] The hotel defendants in *Crossroads Hotel* have sought removal to federal court. On June 2,
2023, this Court accepted that challenge as related to the case at bar and is set to adjudicate the
defendant hotels' request for removal and the county's request to extend the TRO at a date to be
determined. *See County of Orange v. The Crossroads Hotel et al.*, No. 23-cv-04213, ECF No.
15.

Charter, Orange County alleges that New York City has no legal authority to circumvent the Orange County executive order. *See id.*

**County of Orange v. The Crossroads Hotel et al.**, **Index No. EF003107-2023**: Orange County's second suit is against the Crossroads and Ramada hotels and raises claims that the hotels' actions violate its executive order and local code. *See* Summons & Complaint, *Crossroads Hotel*, NYSCEF No. 1. The TROs in the two Orange County cases enjoin the defendants from transporting "homeless adult individuals residing in a temporary" New York City shelter to hotels within the County, Amended TRO in *County of Orange v. City of New York*, Nothnagle Decl., Ex. H, ECF No. 27-8; transporting additional migrants or asylum seekers to Orange County; and require New York City to "incur all related expenses for services" provided to the migrants currently occupying the Crossroads hotel. *Id.*; Amended TRO in *Crossroads Hotel*, Nothnagle Decl., Ex. B, ECF No. 27-2. In addition, the defendant hotels are subject to "statutory inspections" based on local zoning laws and are enjoined from making changes and modification to their hotel properties, using or operating the hotels as temporary shelters, admitting new occupants, or otherwise using the properties in violation of local or executive laws, including the Orange County executive order.[6] Amended TRO in *Crossroads Hotel*, Nothnagle Decl., Ex. B, ECF No. 27-2.[7]

## ARGUMENT

Abstention is inapplicable here. Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, and the abstention doctrines comprise only "a few extraordinary and

---

[6] The TRO in *Crossroads Hotel* largely overlaps with the TRO issued by the same state court judge in the case brought by the town of Newburgh against the hotels. *See* Amended TRO in *Newburgh*, Nothnagle Decl., Ex. F, ECF No. 27-6.

[7] The TRO permits the otherwise enjoined use of the defendant hotels for individuals currently staying at the properties.

narrow exceptions" to this duty. *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 817 (1976)). Indeed, "when federal jurisdiction is proper, abstention is the exception, not the rule." *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 599 (2d Cir. 1988); *see also Colorado River*, 424 U.S. at 813. A grant of abstention is discretionary and "there is little or no discretion to abstain in a case which does not meet traditional abstention requirements," *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 384 (2d Cir. 2000).

The defendants argue in their opposition briefs[8] that abstention is warranted under the *Burford, Pullman*, *Colorado River*, and *Younger* abstention doctrines. Counsel for Defendant Day also mentioned *Rooker-Feldman* at oral argument but did not explain why that doctrine would be relevant here. For the reasons set forth below, abstention is inappropriate under each.

## I.   Abstention Is Inappropriate Under the *Burford* Doctrine.

The Second Circuit has emphasized that there is a strong presumption against invoking *Burford* abstention. *See, e.g., Sheerbonnet, Ltd. v. Am. Exp. Bank Ltd.*, 17 F.3d 46, 49 (2d Cir. 1994). Under the doctrine, federal courts should abstain only when adjudicating claims before them would "interfere with the orders or proceedings of <u>state administrative agencies</u>" and only "(1) if there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) if the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998) (internal quotations omitted; emphasis added); *see also Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). "The *Burford* rule applies in . . . cases

---

[8] Rockland County raised only *Younger* abstention arguments in its opposition brief. Rockland Opp'n (ECF 32) at 23.

presenting state law issues relating to complex state regulations where the federal court decision may disrupt important state policies. Such abstention is appropriate when a federal case presents a difficult issue of state law . . . for which the state has provided a comprehensive regulatory system with channels for review by state courts or agencies." *All. of Am. Insurers*, 854 F.2d at 599.

The *Buford* doctrine is inapplicable here because this matter does not deal with "the orders of proceedings of state administrative agencies." *See Dittmer*, 146 F.3d at 113, 117-18 (emphasizing that "*Burford* is concerned with protecting complex state administrative processes from undue federal interference"). On this basis alone, *Burford* is inappropriate.

But even assuming a proceeding or order of a state administrative proceeding is implicated, there are *no* "difficult issues of state law" before this Court let alone one for which New York State "has provided a comprehensive regulatory system." *Id.* Nor do the questions of state and local zoning law in the defendants' state court cases "transcend" the importance of the plaintiffs' constitutional rights.

Finally, nothing in this case prevents the counties from maintaining a coherent policy concerning the arrival of migrants and asylum seekers to their counties as suggested. *See* Orange Opp'n (ECF 29) 6. The order sought here would not require the counties to adopt any particular policy, sanction NYC's relocation program, or even pass on the legality of that program.[9] The

---

[9] Nor would the order sought here "overturn" or even directly conflict with the state court's orders as suggested. Orange Opp'n 5-6; Rockland Opp'n 23. The focus of the state court litigation concerns local zoning laws and the state's regulatory scheme for social services. In fact, Rockland does not even invoke the executive order challenged here in state court and only one of the TROs even mentions an executive order. Moreover, the question presented in the state court cases is whether the counties may "enforce [their] Executive Orders . . . under their local codes, charters and NYS Executive Law." Orange Opp'n at 6. Because the plaintiffs do not ask the Court to pass on those questions here, and the TROs do not pass on the constitutionality of the orders, there would be no direct conflict resulting from an injunction from this Court. At

counties remain free to craft a policy to address the influx of any new residents in their counties. For example, the county executives could exercise the authority provided to them under Executive Law § 24 in the way that law was intended: to create shelter spaces, suspend local zoning laws that inhibit the creation of shelters, and otherwise marshal state and federal resources to meet any needs that are not already covered by New York City. The limited order sought here would simply prevent the countries from including, as part of that policy, the unlawful exclusion of migrants and asylum seekers from entering and residing in their towns.

In their opposition briefs, the defendants cited just one 40-year-old case in which a court in this Circuit found *Burford* abstention warranted. *See* Orange Opp'n 5-6.[10] The plaintiffs in that case, *Canaday v. Koch*, raised numerous state constitutional and statutory claims in addition to federal claims challenging New York City's system for sheltering homeless families. *See* 608 F. Supp. 1460, 1472 (S.D.N.Y.), *aff'd sub nom. Cannady v. Valentin*, 768 F.2d 501 (2d Cir. 1985). The district court in *Canaday* found that abstention was appropriate because the plaintiffs' claims arose from decisions of a state administrative agency, that the state provided a comprehensive system of administrative decision making under which the plaintiffs could bring their claims, and because the legal questions presented there, even those brought as federal claims, were inextricably tied to unclear state law regarding the city's obligations to the unhoused. *Id.* The plaintiffs in *Canaday* had also attempted to intervene in an ongoing state court

---

most, an order from this Court may allow the defendants in those state court cases to make arguments about the constitutionality of the executive orders but that alone does not provide this Court with a basis to abstain.

[10] Orange County also relies on *Cruz v. TD Bank, N.A.,* 855 F. Supp. 2d 157, 168 (S.D.N.Y. 2012), but incorrectly cites the Second Circuit's review of that decision as "*aff'd and remanded*" when in fact the Circuit reversed the district court's finding that *Burford* abstention was warranted, *see* 742 F.3d 520 (2d Cir. 2013).

proceeding seeking identical relief and the district court noted concerns they had engaged in forum shopping to avoid normal state channels. *Id.* at 1470. None of these factors are present here.

## II.     Abstention Is Inappropriate Under the *Pullman* Doctrine.

In the Second Circuit, "[a]bstention under the Pullman doctrine may be appropriate only when three conditions are met: (1) an unclear state statute is at issue; (2) resolution of the federal constitutional issue depends on the interpretation of the state law; and (3) the law is susceptible to an interpretation by a state court that would avoid or modify the federal constitutional issue." *Vt. Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 385 (2d Cir. 2000) (emphasis added) (internal quotation marks omitted). "The policy behind [*Pullman* abstention] was to avoid friction between federal and state authorities in those cases where the federal court judgment could only be an advisory 'forecast' of how the state's highest court would finally interpret state law." *Pharm. Soc. of State of New York, Inc. v. Lefkowitz*, 586 F.2d 953, 956 (2d Cir. 1978).

Here, abstention under the *Pullman* doctrine is not warranted because none of the three required factors is met.[11] First, the challenged executive orders are not state statutes and they are not "unclear." *See Image Carrier Corp. v. Beame,* 567 F.2d 1197, 1201 (2d Cir. 1977) (holding that *Pullman* abstention was not warranted because "[a] decision on the constitutional claims [did] not depend on an interpretation of unclear or complex state law"); *cf. All. of Am. Insurers*, 854 F.2d at 602 (holding that *Pullman* abstention was not warranted because the state statute was "unambiguous" and "the court must perform its adjudicative duty") (internal citation omitted).

---

[11] Even if the three conditions were met, courts will decline to abstain when "important federal rights . . . outweigh the interests underlying the *Pullman* doctrine," *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100 (2d Cir. 2004) (citation omitted), and particularly when "important [federal] interests will be harmed by delay," Wright & Miller, 17A Fed. Prac. & Proc. Juris. § 4242 (3d ed.). Here, delay would be especially harmful to the putative class members as they are already experiencing or are at risk of irreparable harm.

The defendants erroneously and vaguely claim that "state statutes in question, as applied to Executive Orders" are unclear; yet the plaintiffs' claims here relate to the orders themselves and do not require this Court to interpret the NYS Executive Law or Social Services Law Orange invokes. Orange Opp'n 13. *Pullman* abstention is unwarranted on this basis alone.

Second, even assuming the executive orders could be considered "state statutes," the plaintiffs' constitutional claims are not "logically dependent," on any interpretation of those orders such that it is "necessary to decide the state law issue[] . . . before reaching the constitutional claim." *Canaday*, 608 F. Supp. at 1467. The counties have not identified any ambiguity in the text of those orders subject to interpretation by the state courts still less one that is *necessary* to the analysis here. *See id*. (finding plaintiffs' constitutional claim is alternative to, rather than dependent upon, state law claims and "[w]hether plaintiffs were denied equal protection of the laws is a question that may be decided independently of any decision as to plaintiffs' rights under state law").

Third, even assuming the plaintiffs' constitutional claims were dependent on resolution of a state law interpretation, the defendants have not identified how an interpretation of the executive orders in the state court cases would avoid or modify the plaintiffs' federal claims. Orange claims that if a state court found New York City's actions were unlawful under the NYS Social Services law, for example, there would be no need for this Court to consider the plaintiffs' constitutional claims. Orange Opp'n 13-14. But this is assertion is irrelevant to *Pullman* abstention. Such a finding would not affect the distinct question presented here of whether the defendants' orders—which broadly bar the transportation and housing of migrants and asylum seekers—violates the constitution and federal statutes. That NYC's specific actions may violate state law in some way does not provide the counties permission to discriminate against the

plaintiffs. And New York City could always alter its program to comply with state law. In any

event, the executive orders are far broader than the narrow questions presented in the state

courts.

### III.    Abstention Is Inappropriate Under the *Colorado River* Doctrine.

"Generally . . . the rule is that the pendency of an action in the state court is no bar to

proceedings concerning the same matter in the federal court having jurisdiction." *Colorado River*

*Water Conservation Dist.*, 424 U.S. at 817 (cleaned up). To determine whether *Colorado River*

abstention is warranted, courts first determine as a threshold matter whether the state and federal

proceedings are concurrent or parallel. *See Dittmer*, 146 F.3d at 118 ("Suits are parallel when

substantially the same parties are contemporaneously litigating substantially the same issue in

another forum.") (citation omitted). "If the federal and state cases are not parallel . . . *Colorado*

*River* abstention does not apply." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 579 (S.D.N.Y.

2012); *see also Dittmer*, 146 F.3d at 118 (holding abstention was unwarranted "[b]ecause none

of the plaintiffs in the present action [were] parties to the state case" and "because the present

action involve[d] issues of federal law only"). If the cases are concurrent and parallel, courts

consider six factors to determine whether "exceptional circumstances" warrant abstention.

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100

(2d Cir. 2012) (quoting *Colorado River*, 424 U.S. at 813). In weighing whether abstention under

this doctrine is warranted, "the balance [is] heavily weighted in favor of the exercise of

jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Abstention under the *Colorado River* doctrine is inappropriate here because as a

threshold matter, this proceeding and the state court proceedings cited by the defendants-

respondents are not parallel. *See Dittmer*, 146 F.3d at 118 ("a finding that the concurrent

proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*.").

"Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the [] proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *See Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997); *see also Dittmer*, 146 F.3d at 118 (holding that different proceedings were not concurrent because "[n]one of the plaintiffs in this action are involved in the state case which presents distinctly different facts and predominantly state law claims"). In *All. of Am. Insurers*, the Second Circuit held that *Colorado River* abstention was unwarranted because the federal plaintiffs were not parties in the state cases and the federal case raised federal constitutional questions, 854 F.2d at 603. The court noted that despite overlap in subject matter, the cases were not parallel because of "differences in parties and issues," and that even assuming, *arguendo*, that the actions were concurrent, abstention was unwarranted because "federal courts [were] the more appropriate arbiters" of the federal constitutional issues. *Id.*

First, the plaintiffs in this case are not parties in the state court proceedings and "abstention is not appropriate when none of the federal plaintiffs is present in the state case." *See Pappas Harris Cap., LLC v. Bregal Partners, L.P.,* No. 20-CV-6911, 2021 WL 3173429, *7 (S.D.N.Y. July 27, 2021) (citing *Dittmer*, 146 F.3d at 118), *appeal dismissed*, No. 21-2086, 2021 WL 7162177 (2d Cir. Sept. 29, 2021). None of the plaintiffs in this action are involved in the state case. And the defendants in those actions are either hotels or New York City. Orange County suggests that "*complete* identity of the parties and claims are not required," Orange Opp'n 9 (emphasis added), but in the one case they cite the plaintiffs *were* parties to or counsel

in the state court proceedings, *see Stone v. Patchett,* No. 08-CV-5171, 2009 WL 1108596, at *14 (S.D.N.Y. Apr. 23, 2009).[12]

Second, the issues and relief sought in this case are not parallel with the state court proceedings. As the defendants have noted, the central dispute in those proceedings concern local zoning and municipal law, not the constitutionality of the challenged executive orders. *See, e.g.*, Orange Opp'n 4. An order from this court would not prevent the counties from pursuing state and local law claims in the state court. And the state court plaintiffs seek completely separate relief—to enjoin the actions of New York City and certain hotels. Here, the plaintiffs seek only an order prohibiting the counties from discriminating against them.

In its opposition brief, Orange County alluded vaguely to constitutional arguments raised by the defendants in the state proceedings, Orange Opp'n 9, but an unadjudicated defense raised by a defendant who is not a party here does not provide a basis for abstention. Nor would any constitutional arguments raised by those different parties in the state court proceedings "dispose of all claims presented in the instant federal case." Orange Opp'n 9. The plaintiffs' statutory and constitutional rights could not be vindicated by the hotel and city defendants as neither has standing to assert violations of the plaintiffs' rights. Moreover, the state court may be persuaded by any number of other arguments or defenses raised by the state court defendants, leaving the constitutional arguments unaddressed. And as the Supreme Court and Second Circuit have cautioned, "'if there is any substantial doubt' as to whether 'complete and prompt' protection of the federal rights is available in the state proceeding, dismissal 'would be a serious abuse of

---

[12] The dispute in *Stone* concerned attorney fees negotiated as part of a state court settlement and related actions.

discretion.'" *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d at 523 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.

Because this proceeding and the state court proceedings are not parallel, abstention under *Colorado River* is not warranted here, and the Court need not consider whether "exceptional circumstances" exist. *Sheerbonnet, Ltd.,* 17 F.3d at 49. However, even if parallel proceedings did exist, the *Colorado River* factors weigh decidedly against abstention here. The six factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford*, 239 F.3d at 522 (internal citations omitted). The Supreme Court has explained "[o]nly the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 818–19. Moreover, "[w]here a *Colorado River* factor is facially neutral, that "is a basis for retaining jurisdiction, not for yielding it." *Niagara Mohawk Power Corp.,* 673 F.3d at 101 (quoting *Woodford,* 239 F.3d at 522).

First, there is no res at issue in this case as the state court proceedings are not in rem actions but instead concern the owners' use of those properties.[13] *See Niagara Mohawk Power Corp.*, 673 F.3d at 101; *see also Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) ("We have held that the absence of a res points toward exercise of federal jurisdiction." (internal

---

[13] Even assuming, as Orange County argues, that cases relating to two of the many hotels and other lodging establishments subject to its executive order are a res over which the state court has assumed jurisdiction, this Court need not exercise jurisdiction over those hotels to adjudicate the plaintiffs' claims here.

quotations omitted)). Second, the distance from the defendants' offices to this Court—approximately 50 miles for Orange and approximately 20 miles for Rockland—does not present a meaningful inconvenience. *See, e.g., Camabo Indus., Inc. v. Liberty Mut. Ins. Co*., No. 15-CV-891, 2016 WL 368529, *3 (S.D.N.Y. Jan. 27, 2016) ("[S]ince both actions are in New York, the federal forum is certainly not more inconvenient than the state forum."). Third, staying this case would not avoid piecemeal litigation, as the plaintiffs would not be bound by a decision of the state courts and could pursue their claims even if there is a decision entered against the defendants below. *See Dittmer*, 146 F.3d at 118 ("[T]he district court's concern for piecemeal litigation is misguided as resolution of the federal constitutional claims will determine the case before us, regardless of the outcome of the state case."). Orange argues a decision from this Court would "*completely* unravel the state court actions" and have "grave effects" on those proceedings. Orange Opp'n 11 (emphasis in original). However, Orange fails to explain how a decision from this Court even affects the core consideration of local zoning and state laws presented in those actions.

Fourth, the plaintiffs' complaint either predates or was filed within days of the state court proceedings and while there are temporary restraining orders in place in those cases, they are all at the same exact stage as this litigation: the parties have fully briefed preliminary injunction motions pending decision. The fifth factor, whether federal law provides the rule of the decision, weighs decidedly in the plaintiffs' favor. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]."). Orange County is mistaken in asserting this Court need consider any state law question. *See* Orange Opp'n 12. Sixth, the plaintiffs' federal rights will not be

adequately protected by the hotels and city actors in state court proceedings to which they are not party for the reasons discussed above.

**IV.     Abstention Is Inappropriate Under the *Younger* Doctrine.**

The *Younger* doctrine does not warrant abstention here. The *Younger* doctrine is applicable in "exceptional" circumstances involving "particular state civil proceedings that are akin to criminal prosecutions or that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (internal citation omitted). The Supreme Court has clarified that these exceptional circumstances include "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)).

Rockland County argues that *Younger* abstention is warranted because "these very issues are being litigated in state court" and the New York City program has been temporarily suspended, Rockland Opp'n 23, but fails to explain how this relates to the "exceptional" circumstances where *Younger* abstention is warranted, *see Sprint Commc'ns*, 571 U.S. at 73. Indeed, this case neither concerns state civil proceedings akin to criminal prosecutions nor does it implicate New York State's interest in enforcing the orders and judgments of its courts. As explained above, the order sought here would not "overturn" the state court orders. In addition to being unrelated to the abstention doctrine, the defendants' claims are inaccurate. Whether the executive orders comply with federal statutes and the constitution are not "the[] very issues" being litigated in the state courts. Because this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state

15

court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns*, 571 U.S. at 73.

V.     **Abstention Is Inappropriate Under the *Rooker-Feldman Doctrine*.**

Under the *Rooker-Feldman* abstention doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005)*.* The Supreme Court has repeatedly held that the *Rooker-Feldman* rule is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance*, 546 U.S. at 464; *see also Exxon Mobil Corp.*, 544 U.S. at 287 (holding the same); *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (same). The doctrine is also inapplicable where the federal suit does not "follow the state [court] judgment." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 89 (2d Cir. 2005) (noting that for *Rooker-Feldman* abstention to apply, the federal suit must "come after the state suit has unequivocally terminated") (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

*Rooker-Feldman* abstention is plainly inapplicable here. This case is not brought "by state-court losing parties challenging state court judgments" but rather by plaintiffs who are not parties to those ongoing state-court proceedings. Moreover, this federal lawsuit was commenced before the state lawsuits were "unequivocally terminated." *See Hoblock*, 422 F.3d at 85, 89 ("*Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation."). The plaintiffs here are not inviting this Court to review any state court judgment—which does not yet exist in those cases—or even any temporary orders of the state courts. Thus, no basis exists for this court to abstain under the *Rooker-Feldman* doctrine.

**CONCLUSION**

For the reasons stated above, this Court should exercise its jurisdiction over the plaintiffs'

claims.


Dated: June 5, 2023
       New York, New York

NEW YORK CIVIL LIBERTIES UNION
   FOUNDATION

*/s/ Amy Belsher*
AMY BELSHER
IFEYINWA CHIKEZIE
GUADALUPE V. AGUIRRE
CHRISTOPHER DUNN
ANTONY GEMMELL
New York Civil Liberties Union
Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: 212-607-3300
abelsher@nyclu.org
ichikezie@nyclu.org
laguirre@nyclu.org
cdunn@nyclu.org
agemmell@nyclu.org

*Counsel for Plaintiffs*
