UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI
SALEM, MOUHAMED SAID MALOUM DIN, and
JHONNY NEIRA, on behalf of himself and a class of others
similarly situated,

                Docket No.: 23-cv-3954
                (NSR)

               Plaintiffs,

    -against-


EDWIN J. DAY as Rockland County Executive; STEVEN M.
NEUHAUS as Orange County Executive,

               Defendants.

------------------------------------------------------------------------X


---

## SUPPLEMENTAL MEMORANDUM OF LAW

---


BLEAKLEY PLATT & SCHMIDT, LLP
*Counsel for Defendant*
*Steven M. Neuhaus as Orange County Executive*
*and Co-Counsel for Edwin J. Day as Rockland County Executive*
Vincent W. Crowe
Matthew G. Parisi
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

Dated: June 5, 2023

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ 2

PRELIMINARY STATEMENT ......................................................................................... 3

ARGUMENT ...................................................................................................................... 8

THE COURT SHOULD ABSTAIN FROM ADJUDICATING THIS CONTROVERSY .......... 8

   I.   Abstention is Appropriate Under the *Burford* Doctrine .................................... 8

   II.   Abstention is Appropriate Under the *Colorado River* Doctrine ....................... 11

       a.   The Instant Action and the State Court Actions are Parallel ..................... 12

       b.   The Six Factors of *Colorado River* .......................................................... 13

   III.   Abstention is Appropriate Under the *Pullman* Doctrine.................................... 16

Certificate of Compliance
Pursuant to 22 NYCRR 202.8-b(a) .................................................................................. 19

# TABLE OF AUTHORITIES

Page

**Cases**

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) ............................................................. 6

*Canady v. Valentin*, 768 F.2d 501 (2d Cir. 1985) ...................................................... 7

*Canaday v. Koch*, 608 F. Supp. 1460, 1469 (S.D.N.Y. 1985) ................................... 6

*Colorado River Conservation District v. United States*, 424 U.S. 800,
    96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) .......................................... 6, 9, 14

*County of Allegheny v. Frank Mashuda Co. supra*, 360 U.S. at 189,
    79 S.Ct., at 1063, 3 L.Ed.2d, at 1166 ........................................................ 14

*County of Onondaga v. City of New York et al.* .......................................................... 5

*County of Orange v. City of New York*, et al., Orange County Supreme
    Court Index Number EF003109-2023 ........................................................ 2

*County of Orange v. Crossroad Hotel, et al.* Orange County Supreme Court Index Number
    EF003107-2023 .......................................................................................... 2

*County of Rockland et al. v. City of New York, et al.* (Index No. 032065/2023) ..................... 3, 10

*Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157 (S.D.N.Y. 2012), *aff'd*
    and remanded 742 F.3d 520 (2d Cir. 2013) ............................................... 6

*Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998) ................................. 6

*First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*,
    862 F. Supp. 2d 170 (E.D.N.Y. 2012) ...................................................... 10

*Harrison v. NAACP*, 360 U.S. 167 (1959) ............................................................... 14

*Highview Properties D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5
    (S.D.N.Y. 2022) .................................................................................. 10, 13

*Lawrence Moskowitz CLU. Ltd. v. ALP, Inc.*, 2020 WL 1503558
    (S.D.N.Y. Mar. 30, 2020), at *7, *aff'd sub nom. Lawrence Moskowitz
    CLU Ltd. V. ALP, Inc.*, 830 F. App'x 50 (2d Cir. 2020) ............................ 12

*Moos v. Wells*, 585 F. Supp. 1348 (S.D.N.Y. 1984); ............................................... 9

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1, 103 S.Ct. 927 L.Ed.2d 765 (1983) .......................................... 9

*Nov. Team, Inc. v. New York State Joint Comm'n on Pub. Ethics*, 233 F.
    Supp. 3d 366 (S.D.N.Y. 2017) ................................................................ 14

*Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct.
    643 L.Ed. 971 (1941) ............................................................................... 14

*Shields v. Murdoch*, 891 F. Supp.2d 567, 577 (S.D.N.Y. 2012) .............................. 10

*Town of Newburgh v. Newburgh EOM LLC, et al.* Orange County
    Supreme Court Index Number EF003105-2023 ........................................ 2

*Town of Orangetown v. Aromni Inn & Suites, LLC,* et al., Rockland
    County Supreme Court Index Number 032048-2023 ................................. 3

*Town of Poughkeepsie v. South Road Hospitality LLC et al.* ...................................... 4

*Town of Salina, New York v. CWP Syracuse I LLC* .................................................... 5

*Weiser v. Koch*, 632 F. Supp. 1369 (S.D.N.Y. 1986) ............................................... 14

*Woodford v. County Action Agency of Greene County*, 239 F.3d 517
    (2d. Cir. 2001) ........................................................................................ 10

**Rules**

18 N.Y.C.R.R. § 352.3(c) .......................................................................................... 15

18 NYCRR § 352.38(c) ............................................................................................... 8

2

**PRELIMINARY STATEMENT**

Following oral argument on Plaintiffs' Motion for Preliminary Injunction on June 1, 2023, and at the direction of the Court, Defendants Edwin J. Day as Rockland County Executive and Steven M. Neuhaus as Orange County Executive submit this Supplemental Memorandum of Law on the issue of Abstention.  As set forth below, this Court should abstain from adjudicating this controversy in order to preserve the Orders issued by numerous New York State Supreme Court Justices on the issues raised herein.

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.  In this instance, abstention is critical so as to preserve the Orders issued by the numerous State Supreme Court Justices throughout New York and allow for the orderly resolution of a controversy of state wide importance.

New York State has recognized the existence of an imminent migrant crisis, specifically citing over 35,000 persons being provided housing by New York City as of May 9, 2023.  In fact, at least ten New York State Courts, including the Appellate Division, Second Department, are addressing the significant legal issues resulting from New York City's creation of homeless shelters outside its borders without the mandated review by the New York State agency.  Such circumstances are unique, and the state policies related to managing this situation will have significant and long-lasting impacts on New Yorkers.  It is, therefore, imperative that the State of New York, and its counties and municipalities, be allowed to litigate and manage these unique emergency circumstances in state court.

3

In recent weeks, many actions have been commenced in the state courts of New York, including the following:

1.      *County of Orange v. Crossroad Hotel, et al.* (Orange County Supreme Court Index Number EF003107-2023, filed May 12, 2023).   In this action, Orange County seeks a declaratory judgment and preliminary and permanent injunctions against hotels and motels in the Town of Newburgh.  The action stems from the hotels and motels contracts with New York City to house homeless migrants for unknown periods of time without any efforts to coordinate with the Town or County prior to creating homeless shelters within their jurisdiction.  On May 16, 2023, Orange County Supreme Court Justice Sandra B. Sciortino issue and order, among other things, enjoining the use of the subject property for non-transient guests other than those 186 persons already occupying the subject premise.  See Ex. 1.

2.      *County of Orange v. City of New York, et al.* (Orange County Supreme Court Index Number EF003109-2023, filed May 12, 2023).  In this action, Orange County is seeking, *inter alia*, a CPLR Article 78 review of New York City's decision to transport migrants to the Town of Newburgh, Orange County.  On May 16, 2023, Orange County Supreme Court Justice Sandra B. Sciortino issued an order, which, among other things, enjoined, upon the consent of the parties, The City of New York from transporting any further homeless adult individuals residing in a temporary shelter in New York City to hotels within Orange County.  See Ex. 2.

3.      *Town of Newburgh v. Newburgh EOM LLC, et al.* (Orange County Supreme Court Index Number EF003105-2023, filed May 12, 2023).  The sworn, verified complaint in this action sets forth a host of violations of Town Laws by New York City and is seeking, *inter alia*, declaratory judgment that the subject hotels are in violation of local zoning codes and seeks to enjoin the defendants/respondents from further violations thereof.  By virtue of an order dated

May 17, 2023, Rockland County Supreme Court Justice Sandra B. Sciortino enjoined Defendants, from using and operating the subject property for the long-term housing of on-transient guests until such use is approved by the Town of Newburgh and any other required governmental authority, except that those 186 individuals currently occupying the subject premises may remain in occupancy until further Order of the Court.  See Ex. 3.

4.      *County of Rockland et al. v. City of New York, et al.* (Rockland County Supreme Court Index Number 032065-2023, filed May 9, 2023).  This matter is a hybrid Article 78 proceeding against New York City and two hotels in Rockland County where a temporary restraining order ("TRO") against the Defendants-Respondents was issued by the Rockland County Supreme Court Justice Thomas P. Zugibe on May 11, 2023.  The TRO remains in effect at this time.  See Ex. 4.

By virtue of an Order to Show Cause, respondents sought leave to appeal of the Appellate Division, Second Department, under docket number 2023-0442, relating to a motion for leave to appeal the TRO and to stay the TRO pending resolution of the motion.  By decision and order dated May 26, 2023, the Second Department denied leave to appeal, leaving the TRO in place. See Ex. 5.

5.      *Town of Orangetown v. Armoni Inn & Suites, LLC, et al.* (Rockland County Supreme Court Index Number 032048-2023, filed May 9, 2023).  In this action, the Town of Orangetown alleges that the Armoni Inn & Suites, LLC, pursuant to an agreement with New York City, ceased operating in conformance with the Town zoning regulations and its Certificate of Occupancy and was in the process of converting from a hotel use to a long-term residence facility.  Rockland Supreme Court Justice Christie D'Alessio issued a TRO restraining, among

other things, the hotel from operating as a shelter for non-transient guests.  The TRO remains in effect at this time.  See Ex. 6.

6.    *Town of Colonie v. The City of New York, et al.* (Albany County Supreme Court Index Number 904641-2023, filed May 27, 2023).  The Town of Colonie commenced this action against New York City and Albany County to seeking to prevent the operation of the SureStay Plus by Best Western Albany Airport as a unregulated homeless shelter.   The Town asserts, among other things, that the City Respondents only have authority to operate and create a homeless shelter in accordance with Article 2-A of the Social Services Law and New York State Office of Temporary Disability and Assistance (OTDA) licensure requirements, which included plan submission and notice requirements that were not undertaken by New York City and Albany County.  On May 28, Albany County Supreme Court Justice Gerald W. Connolly issued a TRO that remains in effect at this time.  See Ex. 7.

7.    *Town of Poughkeepsie v. South Road Hospitality LLC et al.*  (Dutchess County Supreme Court Index Number 2023-51688, filed May 19, 2023).   In this action, the Town of Poughkeepsie seeks to enjoin the anticipated unlawful use of the Red Roof Plus hotel pursuant to New York City's program to provide up to four months of temporary shelter and other City-funded services in violation of Town Code § 210-13F.  The defendants therein agreed on consent to refrain from transporting any homeless adult or minor individual residing in temporary shelter(s) in New York City to hotels within the Town of Colonie for the time being.  That matter has since been removed to District Court, although the District Court (Hon. Phillip Halpern), has directed the parties to file letters as to why the Court should not remand this action for lack of subject matter jurisdiction.  See Ex. 8.

8.  *County of Onondaga v. City of New York et al.* (Onondaga County Supreme Court Index No. 5214/2023, filed May 22, 2023).  In this action, on May 23, 2023, Onondaga Supreme Court Justice Robert E. Antonacci II issued a TRO restraining the City of New York from transporting homeless adult individuals residing in a temporary shelter in New York City to hotels within Onondaga County, including the respondent Candlewood Suites Syracuse Airport. Onondaga County asserts that the City of New York's Emergency Order seeking to operate and create temporary shelters for adults exceeds the City's legal authority.  See Ex. 9.

9.  *Town of Salina, New York v. CWP Syracuse I LLC* (Onondaga County Supreme Court Index No. 5226/2023, filed May 23, 2023).  In this action, the Town of Salina asserts that the City of New York gave no regard to local zoning, building, fire and code provisions governing the sites it "selected" as part of its new program to provide housing in Upstate New York for individuals in the care of New York City.  On May 23, 2023, the Hon. Robert E. Antonacci II issued a TRO enjoining the use of the subject property as a long term residential facility util such use is approved by the Town of Selina and any other required governmental Authority.  See Ex. 10.

In addition, states of emergency and emergency orders related to this crisis have been issued throughout New York State, including in the Counties of Oswego (Ex. 11), Cortland (Ex. 12), Oneida (Ex. 13), Rensselaer (Ex. 14), Chautauqua (Ex. 15), Niagara (Ex. 16), and Genessee (Ex. 17).

Since any order issued by the Court in this action would necessarily create piecemeal results in a situation with dire consequences state-wide, it is respectfully requested that the Court abstain from further proceedings in this action.

**ARGUMENT**

**THE COURT SHOULD ABSTAIN FROM ADJUDICATING THIS CONTROVERSY**

As set forth more fully below, under the *Burford* abstention doctrine, the Court may dismiss this proceeding entirely and allow the matters to be litigated in state court. Alternatively, pursuant to the *Colorado River* abstention doctrine or the *Pullman* abstention doctrine, this Court may stay the matter at least until final resolution of the matters in state court.

**I.     ABSTENTION IS APPROPRIATE UNDER THE *BURFORD* DOCTRINE**

The United States Supreme Court has found that abstention is appropriate where there are (1) "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) if the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); see generally *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998). The purpose of this *Burford* doctrine is to "avoid resolving difficult state law issues involving important public policies or avoid interfering with state efforts to maintain a coherent policy in an area of comprehensive regulation or administration." *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 168 (S.D.N.Y. 2012), *aff'd* and remanded 742 F.3d 520 (2d Cir. 2013).

The *Burford* abstention doctrine, designed to avoid interference with State policymaking and enforcement in a complex area of the State regulation, is appropriate in light of the need for a coherent New York State policy. *See Canaday v. Koch*, 608 F. Supp. 1460, 1469 (S.D.N.Y. 1985). Plaintiffs seek intervention by a U.S. District Court notwithstanding numerous state courts have already exercised jurisdiction and issued retraining orders to prohibit New York City from sending, and the subject hotels from receiving, homeless persons in violation of New York

8

Social Services Law and the New York Code of Rules and Regulations.  The core issues in the state court cases involve a conflict between New York municipalities and their interpretation of the state's regulatory scheme for homeless shelters and Executive Orders issued to prevent one municipality from a flagrant disregard of such scheme.  In that regard the Executive Orders challenged in this litigation are part and parcel of the Court actions in various Courts around New York State.

The *Burford* doctrine applies "[p]articularly in cases where a ruling would have wide-ranging effect on what are essentially state and local affairs, federal judiciary intervention would be inimical to harmonious federalism." *Canaday v. Koch*, 608 F. Supp. 1460, 1469 (S.D.N.Y. 1985), *aff'd sub nom.  Canady v. Valentin*, 768 F.2d 501 (2d Cir. 1985) [internal citations omitted]. In *Canaday*, homeless mothers brought constitutional claims against New York City and the Commissioners of New York City Human Resources Administration and New York State Department of Social Services after claiming to have been denied lawful emergency housing by city and state officials. The Court noted that "It is abundantly clear to me that the issues presented in this case should be decided by state decisionmakers.  The problem of New York City's homeless is one of predominately local concern.  State law regarding governmental obligations to the destitute homeless is unsettled and unclear.  Local officials are still endeavoring to formulate and effect a coherent policy for providing shelter for the homeless…" "Buford abstention is a consequence of the federalist principle of comity between state and federal sovereignties.  In a nutshell this brand of abstention permits federal Courts to exercise their discretion to refrain from interfering with state policymaking and enforcement efforts in complex areas which are primarily of state concern and prerogatives."  608 F. Supp. at 1468.

The fact that the plaintiffs similar to the instant matter alleged a constitutional claim did not bar abstention ("a constitutional claim does not necessarily bar abstention."  *Id.* at 1474).

9

As noted by the Second Circuit, in an appeal from Judge Leisure's decision, "we are confident that the state court can reach a prompt, fair and correct resolution of the difficult question raised in the state action, thereby answering most, if not all of the questions raised in the federal action."  768 F.2d 501 (2d Cir. 1985).  Similarly, in this matter it is submitted that the State Courts are able to reach prompt, fair and correct resolution of the difficult questions.

Plaintiffs contend that the *Buford* doctrine is inapplicable because this matter does not deal with the orders or proceedings of state administrative agencies.  However, the New York State Office of Temporary Disability and Assistance is a defendant in the state court proceedings and, as is required under 18 NYCRR § 352.38(c) will necessarily be required to review the City's plans for the operation of shelters throughout New York State.

The law under review will impact, *inter alia*, the ability of towns and counties across New York to enforce Executive Orders in declared state of emergencies related to the administrative decisions governing the housing of the homeless across a social service district's own borders.  In that regard, the New York State administrative framework set forth in the New York Code of Rules and Regulations is a fundamental underpinning of the Executive Orders designed to insure that homeless shelters are not opened in violation of New York law and the New York State Office of Temporary Disability and Assistance is a party to the state litigation. The public policy implications transcend this litigation where the decision will leave lasting effects on the ability for local towns and counties to govern themselves as well as potentially torpedo the social services framework across the entirety of New York State.

Similar to *Canaday*, the local and county authorities in this case are in the process of formulating ways to manage the growing problem of housing homeless migrants. Therefore, to avoid needless conflict in an "unsettled area of state law in an area of acutely local concern",

10

*Burford* abstention is warranted in this case. *Supra* at 1472. As the federal government has remained largely absent from assisting New York State in dealing with the present migrant crisis and the matter remains one of unique and substantial state and local concern.

Similarly, federal review of the questions in this case would impact New York State's efforts to establish a coherent policy with respect to a matter of substantial public concern.  It is without question that the opening of homeless shelters is a heavily regulated sector that must maintain coherent policies otherwise risking disparate treatment of homeless individuals across the state.  Supreme Court, Orange and Rockland Counties have already showed concerted efforts to join at least some of the underlying cases and maintain cohesive decisions by hearing all of the Orange and Rockland Counties cases at once. Such efforts should be allowed to continue.

As such, abstention is appropriate under the *Burford* doctrine.

## II.     ABSTENTION IS APPROPRIATE UNDER THE *COLORADO RIVER* DOCTRINE

Abstention is also warranted under the doctrine of *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The *Colorado River* doctrine permits a federal court to abstain from assuming jurisdiction over an action until a related state court action is resolved.  *Moos v. Wells*, 585 F. Supp. 1348, 1350 (S.D.N.Y. 1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). *Colorado River* abstention requires an ad hoc balancing of a number of factors, which are: (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal actions will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one

forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiffs federal rights. *Highview Properties D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5, 29 (S.D.N.Y. 2022) citing *Woodford v. County Action Agency of Greene County*, 239 F.3d 517, 522 (2d. Cir. 2001).

    a.  <u>The Instant Action and the State Court Actions are Parallel</u>

The initial question when determining whether a federal court should abstain from exercising concurrent jurisdiction with a state court is whether the proceedings are parallel. *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012). "Lawsuits are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issue' in both forums" *First Keystone Consultants, Inc.*, 862 F. Supp. 2d 170 at 182 citing *Dittmer*, 146 F.3d at 118. However, "perfect symmetry of parties and issues is not required.  Rather parallelism is achieved where there is a substantial likelihood that the State legislation will dispose of all claims presented in the federal case."  *Shields v. Murdoch*, 891 F. Supp.2d 567, 577 (S.D.N.Y. 2012).  The state actions throughout New York will dispose of all claims presented in the instant federal case.

As made evident by the proceedings thus far in the *County of Rockland et al. v. City of New York, et al.* (Index No. 032065/2023) and *County of Orange v. City of New York, et al.* matter, questions of the constitutionality of the County Executive Orders will be resolved. See NYSCEF Doc No. 26 at p. 17-8; NYSCEF Doc No. 53. Moreover, the ultimate result in the state court proceedings will determine whether or not New York City may proceed with its migrant relocation program and the enforceability of the various Executive Orders - which is precisely the results that will be rendered in this case.  It is submitted the issue of constitutionality of the Executive Orders in this matter is tied inextricably to the matters currently pending in state court,

such that a decision in one will impact the other. Accordingly, the state court matters and this federal matter are parallel and *Colorado River* abstention is appropriate.

      b.  <u>The Six Factors of *Colorado River*</u>

The Plaintiffs' claims rely on an overly broad application of the Executive Orders, which by their clear language are applicable only to hotels and motels in Rockland and Orange Counties. Plaintiffs' argument is that Rockland and Orange Counties are somehow forbidding the entry of any and all migrants or asylum seekers into its borders. Such is not the case as the Executive Orders provide that the prohibition is the conversion of Rockland and Orange County hotels and motels into unpermitted New York City homeless shelters outside of its jurisdictional borders for migrants, asylum seekers and such order would necessarily apply to any homeless individual. The specific hotels in question are parties to four of the Supreme Court actions, and the Courts in both Orange and Rockland County have already exercised and assumed jurisdiction over the res. Specifically, the Temporary Restraining Order dated May 17, 2023 in the two Orange County actions specifically permit the migrants to stay in the two relevant hotels, proving that the Court has exercised jurisdiction over those two properties. As such, the first factor may be found in favor of abstention.

Four of the five Plaintiffs already reside in the subject hotels in the Town of Newburgh, Orange County. A significant issue with New York City's hasty decision to send homeless migrants to the Counties is that the Counties lack necessary resources, including a serious lack of public transportation. The District Court for the Southern District of New York is located in White Plains, NY - approximately 56 miles from Newburgh. The Village of Goshen where Orange County Supreme Court is located is approximately only 16.6 miles from the Town of Newburgh. It is clear that there is a strong factor of inconvenience of the federal forum. As such, the second factor further finds in favor of abstention by this Court.

Significantly, the staying or dismissal of the instant federal action will certainly avoid piecemeal litigation. Numerous state court actions have made significant progress, including the issuance of temporary restraining orders which require a showing of an imminent irreparable injury. Such orders demonstrates significant litigation already on behalf of the towns and counties involved. The matters from Rockland County and Orange County are also already being reviewed by the Appellate Division, Second Department. This Court has previously held in favor of *Colorado River* abstention where related state actions were on appeal concurrently with the federal matter. See *Highview Properties D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5, 29 (S.D.N.Y. 2022). (Risk of piecemeal litigation "further exacerbated by the fact that the State action is now on appeal before the Appellate Division of the Supreme Court for the Second Department") *Id.* at 29.

Moreover, it is respectfully submitted that any orders on the merits by this Court will necessarily have profound effects on the state court proceedings by requiring the courts to potentially re-examine the TRO's previously issued. The temporary restraining orders are not forcing already arrived migrants to vacate the subject hotels, instead the City is enjoined from transporting additional homeless migrants to Orange and Rockland Counties, and the subject hotels are prohibited from contracting for or accepting such additional residencies. A preliminary injunction in this matter would completely unravel the state court actions. Such a result is inappropriate and unnecessarily results in piecemeal litigation. See *Lawrence Moskowitz CLU. Ltd. v. ALP, Inc.*, 2020 WL 1503558 (S.D.N.Y. Mar. 30, 2020), at *7, *aff'd sub nom. Lawrence Moskowitz CLU Ltd. V. ALP, Inc.*, 830 F. App'x 50 (2d Cir. 2020) (finding in favor of abstention where federal action focused on enforcing contracts that were asserted as being invalid in a state court action "meaning that a failure to abstain may result in "'inconsistent disposition[s]" and

"breed additional litigation on assertions of claim and issue preclusion") [internal citations omitted]. Accordingly, the third factor weighs heavily in favor of exercising abstention.

The instant action is at its infancy and should not act as a bar to finding that abstention is proper in this case. As such, the fourth factor may be found in favor of abstention.

Here, the state law questions are complex and tied to the ability for the County Defendants to enforce their own laws. Even though federal law will provide the rule of decision for the constitutional claims, the state law claims are novel and particularly complex given the circumstances. Accordingly, it is respectfully submitted that this factor may also weigh in favor of abstention. See *Highview Properties D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5(S.D.N.Y. 2022) (finding abstention even where constitutional claims were asserted).

Finally, the state court procedures adequately protect the Plaintiffs federal rights in this case given the Plaintiffs' position they are third party beneficiaries to New York City's contracts for the homeless shelters.  As such, a ruling in favor of New York City is a ruling in favor of the Plaintiffs.

Since the exact questions concerning constitutional rights of the migrants and violations of New York State Executive Law will be addressed in the state court proceedings, there is no need to address them concurrently in federal court. It should further be noted that if the state court proceedings determine that New York City's actions are unlawful under state law, then the Plaintiffs herein cannot claim a constitutional right to something that is declared unlawful by a state court. This further highlights the need for abstention by the federal court in this matter.

Based on the foregoing, the factors weigh heavily in favor of abstention under *Colorado River,* and this Court can choose to stay the matter until the state court proceedings reach a final decision.

15

III.     **ABSTENTION IS APPROPRIATE UNDER THE *PULLMAN* DOCTRINE**

Abstention has further been found to be appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976) citing *County of Allegheny v. Frank Mashuda Co. supra*, 360 U.S. at 189, 79 S.Ct., at 1063, 3 L.Ed.2d, at 1166; see *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). "*Pullman* abstention may be appropriate when: (1) an unclear state statute is at issue; (2) resolution of the federal constitutional issue depends on the interpretation of the state law; and (3) the law is susceptible to an interpretation by a state court that would avoid or modify the federal constitutional issue." *Nov. Team, Inc. v. New York State Joint Comm'n on Pub. Ethics*, 233 F. Supp. 3d 366 (S.D.N.Y. 2017) [internal citations omitted].

Plaintiffs argue that *Pullman* abstention is not appropriate because Plaintiffs have moved for a preliminary injunction based on alleged violation of federal aw and not state law.  However, *Pullman* abstention has been found appropriate where it is claimed that the state statute denies plaintiff their federal constitutional rights.  *See Harrison v. NAACP*, 360 U.S. 167 (1959) (abstention required when suit alleged that certain Virginia statutes, not yet construed by Virginia Courts violated Plaintiff's Fourteenth Amendment rights).

The difficult issue of dealing with homeless shelters was also a basis for *Pullman* abstention in *Weiser v. Koch*, 632 F. Supp. 1369 (S.D.N.Y. 1986).  In *Weiser* plaintiff alleged violation of New York State statute as well as constitutional violation with respect to their removals from City shelters.

The Court found that the first prong of *Pullman* was satisfied as to existence of a right to shelter under New York was unclear and that the second prong was satisfied as the resolution of the federal issue defended upon the interpretation to be given to State law.

Here, the state statutes in question, New York Executive Law and implementing regulations related to homeless migrants, are the very issues currently before the state courts in Orange and Rockland Counties. The state courts will necessary interpret the Executive and Social Services Laws, and the administrative guidance for them.  Such determination will impact how the constitutional questions may be resolved herein as the state courts may very well find that New York City's actions to transport homeless migrants to Orange County was unlawful under New York State Social Services law and the New York Code of Rules and Regulations.  If the facilities constitute a "shelter for adults" as defined in 18 N.Y.C.R.R. § 352.3(c) and such shelter cannot be opened except in compliance with New York State regulatory framework, Plaintiffs' claims would therefore be rendered academic.  The Court should abstain in favor of the State Court action which would adjudicate the entire controversy.  As a result, there will be no need to decide the constitutionality of the Executive Orders. As such, it is respectfully submitted that the *Pullman* doctrine of abstention is also appropriate in the instant action.

Based on the foregoing, abstention in this matter is appropriate and necessary to promote the fundamentals of federalism.  It is respectfully requested that this Court dismiss the action pursuant to the *Burford* doctrine or in the alternative stay the action under the *Colorado River* or *Pullman* doctrines.

Dated: White Plains, New York
       June 5, 2023

BLEAKLEY PLATT & SCHMIDT, LLP

By:    _Vincent Crowe_____

Vincent W. Crowe (VC-4701)
Matthew G. Parisi (MP-2188)
*Counsel for Defendant Steven M. Neuhaus*
*as Orange County Executive and Co-*
*Counsel for Edwin J. Day as Rockland*
*County Executive*
Vincent W. Crowe
Matthew G. Parisi
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700
vcrowe@bpslaw.com

18

Certificate of Compliance

Pursuant to 22 NYCRR 202.8-b(a)

It is hereby certified that the information below sets forth the specifications by which this computer-generated brief complies with rule 22 NYCRR 202.8-b(a) of the Court.

The word processor states that this Memorandum of Law contains 4,728 words.

The typeface (font) is Times New Roman.

The point size is 12.

The line spacing is double.

Dated:  White Plains, New York
        June 5, 2023

_____
Vincent W. Crowe

312062

19