USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2023

**MEMORANDUM ENDORSMENT**

Deide et al v. Day et al.
7:23-cv-03954-NSR

    The Court is in receipt of Plaintiffs' letter seeking a pre-motion conference in order to seek leave to file a motion for class certification (ECF No. 21.), and Defendants' letters opposing that request (ECF Nos. 46 and 47.)

    Upon the Court's review of the letters, the Court waives the pre-motion conference requirement and GRANTS Plaintiffs leave to file a motion for class certification pursuant to the following briefing schedule:

- Plaintiff's opening motion papers shall be served (not filed) on July 27, 2023;
- Defendants' opposition papers shall be served (not filed) on September 12, 2023;
- Plaintiff's reply papers shall be served on September 27, 2023.

    The parties shall file their papers on ECF on the reply date, September 27, 2023. The parties are also directed to mail to the Court two courtesy copies and email one electronic copy of their motion papers as they are served.

Dated: June 12, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



New York Civil Liberties Union
125 Broad Street, 19th Fl.
New York, NY 10004
(212) 607-3300
www.nyclu.org

May 17, 2023

**VIA ECF**

Honorable Nelson Stephen Román
United States District Judge
United States District Court
Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:  *Deide v. Day*, 23-cv-3954 (NSR)

Dear Judge Román:

On behalf of the plaintiffs in the above-referenced matter, a putative class challenging recently-issued executive orders purporting to ban the transport to and accommodation of migrants and asylum seekers in Rockland County and Orange County, we write to request waiver of the pre-motion conference required by Rule 3(A) of the Court's Individual Rules of Practice in Civil Cases and permission to move immediately for class certification. Given the accelerated nature of this controversy and our belief that this case presents a prototypical example of one suited for class certification, we respectfully submit it would be appropriate to proceed directly to motion practice without the normal pre-motion process.

Pursuant to Federal Rule of Civil Procedure 23(b)(2), we intend to move to certify a class of all migrants and asylum seekers who are participating in or will participate in New York City's program that provides transportation to Rockland and Orange Counties and temporary lodging, meals, and social services for migrants and asylum seekers in the program. The plaintiffs request that the New York Civil Liberties Union be appointed counsel for the class. They seek only declaratory and injunctive relief.

**I.     PLAINTIFFS MEET THE REQUIREMENTS FOR CLASS CERTIFICATION.**

We respectfully submit that class certification pursuant to Rules 23(a) and 23(b)(2) is plainly warranted in this case. Rule 23(a) is satisfied here because: (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law and fact are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Rule 23(b)(2) is satisfied here because the defendants have issued executive orders that "apply generally to the class" and for which "injunctive relief or corresponding declaratory relief

respecting the class as a whole is appropriate."

***Numerosity***. The plaintiffs' proposed class satisfies the requirement that they be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In the Second Circuit, a class of 40 or more members is presumptively numerous, *see Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), and the proposed class consists of approximately 300 migrants and asylum seekers. First Amended Compl. ¶ 36.

***Common questions of law or fact***. The questions of law and fact raised here are "common to the class," Fed. R. Civ. P. 23(a)(2), because their "resolution will affect all or a significant number of the putative class members." *Johnson v. Nextel Commc'ns Inc*., 780 F.3d 128, 137 (2d Cir. 2015). The commonality requirement is satisfied when defendants apply a single policy that causes the injuries alleged by the plaintiff class. *See Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (holding that commonality requirement was met where the "plaintiffs allege[d] that their injuries derive[d] from a unitary course of conduct by a single system"). The plaintiffs' constitutional and statutory claims apply equally to the Rockland County and Orange County executive orders, and a single injunction will remedy the violations therein. Common questions of law or fact related to whether the challenged EOs violate various constitutional and statutory provisions therefore exist as to the proposed class. First Amended Compl. ¶ 37 (listing common questions).

***Typicality.*** Rule 23's requirement that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), is satisfied where, as here, "it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented[.]" *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). Typicality is present here because the proposed class representative—a migrant who last week relocated to a hotel in Orange County—shares the same claims and circumstances as the other class members.

***Adequacy.*** The adequacy requirement under Rule 23(a)(4) "is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). The proposed class representative will fairly and adequately represent the class members and has no foreseeable conflicts of interest with other class members.

Rule 23(b)(2) is also satisfied here. The defendant has "acted or refused to act on grounds that apply generally to the class, so that injunctive or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Civil rights cases seeking broad declaratory or injunctive relief for a large and amorphous class . . . fall squarely into the category of [Rule] 23(b)(2) actions." *Marisol A*., 126 F.3d at 378 (citation and internal quotation marks omitted). The challenged executive orders, which broadly apply to "migrants and asylum seekers," are paradigmatic examples of defendants acting on grounds generally applicable to the class such that injunctive and declaratory relief is appropriate.

## II.   CLASS COUNSEL IS ADEQUATE UNDER RULE 23(g).

Proposed counsel, the New York Civil Liberties Union, has extensive knowledge, experience, and resources to serve as class counsel and already has dedicated substantial resources

to developing and maintaining this litigation. As such, they are "qualified, experienced and able to conduct the litigation," *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000), and satisfy the requirements for class counsel in Rule 23(g).

### III. WAIVER OF THE PRE-MOTION CONFERENCE AND PERMISSION TO MOVE IMMEDIATELY FOR CLASS CERTIFICATION IS WARRANTED.

Waiver of the pre-motion conference requirement and prompt consideration of the plaintiffs' class certification motion is warranted given the fast-moving and fluid nature of the underlying controversy. The defendants' executive orders attempting to stop the New York City program were announced less than two weeks ago. The defendants' clear intent to ban implementation of the program and penalize those who assist with the transport or accommodation of migrants and asylum seekers in Rockland County and Orange County have immediate, urgent implications for the class members. Given the shifting nature of the rules and orders that are immediately implicating the shelter, transport, and care of class members, permission to waive the pre-motion conference and move for class certification is warranted here.

Prompt resolution of the plaintiffs' class certification motion would address the common and immediate concerns of class members and help avoid mootness issues given the shifting nature of the rules and orders impacting the class.

\*\*\*

For the above reasons, we believe this case is plainly appropriate for adjudication as a class action and the matter of class certification warrants prompt consideration. The plaintiffs therefore respectfully request waiver of the pre-motion conference and permission to move immediately for class certification.

Respectfully submitted,

*/s/ Amy Belsher*
Amy Belsher
Antony Gemmell
Guadalupe Victoria Aguirre
Ifeyinwa Chikezie\*
Christopher Dunn
125 Broad Street, 19th Floor
New York, N.Y. 10004
212-607-3300
abelsher@nyclu.org

*Counsel for the Plaintiffs*

\* Application for admission in the Southern District of New York forthcoming

CC:
Counsel for Edwin J. Day, Larraine S. Feiden, via email: feidenl@co.rockland.ny.us;
Counsel for Steven M. Neuhaus, Matthew J. Nothnagle, via email: mnothnagle@orangecountygov.com



**OFFICE OF THE COUNTY ATTORNEY**
11 New Hempstead Road
New City, New York 10956
Phone: (845) 638-5180   Fax: (845) 638-5676

**Thomas E. Humbach**
*County Attorney*

June 2, 2023

**VIA ECF**
Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

      RE:   *Deide v. Day*,
               Docket No. 23-cv-3954 (NSR)

Dear Judge Román:

This office represents defendant Edwin J. Day as Rockland County Executive ("Rockland County") in the above referenced matter. We write in opposition to Plaintiffs' request for (i) a waiver of the pre-motion conference required by Rule 3(A) of the Court's Individual Rules of Practice in Civil Cases and (ii) permission to move immediately for class certification. For the reasons set forth below, Plaintiffs' request should be denied.

Rule 23(a) of the Federal Rules of Civil Procedure governs class certification, providing:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying these prerequisites, a plaintiff must satisfy one of the three subdivisions of Rule 23(b):

> (1) that separate actions pose a risk of inconsistent adjudications or would substantially impair the ability of other individuals to protect their interests; (2) injunctive or declaratory relief is sought concerning the class as a whole; or (3) common questions of law or fact predominate over individual questions and a class action is superior to other methods for bringing suit.

Fed. R. Civ. P. 23(b); *see generally Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). Furthermore, it is a plaintiff's burden to establish compliance with the requirements of Rule 23. *Sali v. Zwanger & Pesiri Radiology Group, LLP*, No. 19-cv-275 (FB) (CLP), 2022 U.S. Dist. LEXIS 48699, at *24-25 (E.D.N.Y. Jan. 10, 2022).

> To that end, the Court of Appeals, Second Circuit, has held:
>
> A plaintiff seeking certification of a Rule 23(b)(3) class action bears the burden of satisfying the requirements of Rule 23(a) — numerosity, commonality, typicality, and adequacy of representation — as well as Rule 23(b)(3)'s requirements: (1) that "the questions of law or fact common to class members predominate over any questions affecting only individual members" (the "predominance" requirement); and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "superiority" requirement). Fed. R. Civ. P. 23(a), (b)(3); *In re U.S. Foodservice Inc. Pricing Litig.,* 729 F.3d 108, 117 (2d Cir. 2013) ("To certify a class, a district court must ... find that each [Rule 23] requirement is 'established by at least a preponderance of the evidence.'" (quoting *Brown v. Kelly,* 609 F.3d 467, 476 (2d Cir. 2010))). This Court has also "recognized an implied requirement of ascertainability in Rule 23," which demands that a class be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Argentina,* 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks and citations omitted).

*In re Petrobras Securities*, 862 F. 3d 250, 260 (2d Cir. 2017). When the law is applied to the facts of the case at bar, it is clear that typicality and ascertainability, at the very least, are absent, which

Hon. Nelson Stephen Román
Deide v. Day, 23-cv-3954
June 1, 2023
Page 3

is not only detrimental to Plaintiffs' instant request for leave, but also to their future motion for class certification.

In *Brecher v. Republic of Argentina*, the Second Circuit Court of Appeals explained ascertainability as follows:

> [T]he touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member. A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case.

*Id.,* 806 F.3d at 24-25 (internal quotation marks and citations omitted).

Typicality, on the other hand, requires that the claims of the class representatives be typical of those of the class, and it is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.

In this instance, it is evident that a hearing would be required to identify if a particular migrant or asylum seeker were scheduled to be transported to a hotel in Rockland County, as opposed to a hotel in any other county in New York State, or whether that individual would remain in New York City. In that regard, the proposed claim is meant to encompass a class of individuals who "will participate in New York City's program." It is not evident how such a determination could be made when New York City has acknowledged that there are at least fifty thousand migrants or asylum seekers in New York City, many of whom have not applied to be relocated to Rockland County.

Here, of the five named Plaintiffs seeking to be certified as a class, three allege that they have relocated from a shelter in Brooklyn, New York to Orange County, New York. The two others merely allege that they "hope to relocate outside of New York City" but make no mention

of where they want to go. It is unclear whether these plaintiffs are typical of the class, and as such, they are unfit to represent the class. Furthermore, the class is not ascertainable because Rockland County as a potential destination is not even specified.

In *Sali v. Zwanger & Pesiri Radiology Group, LLP*, the court held:

> As a threshold matter, "[c]ourts are not required to decide class certification before reaching the merits of a case." *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 507 (E.D.N.Y. 2017). In *Schweizer v. Trans Union Corp.*, the Second Circuit stated that the "decision to award summary judgment before acting on class certification was well within the discretion of the district court" and held that plaintiff's argument that class certification need be addressed before summary judgment was "without merit." 136 F.3d 233, 239 (2d Cir. 1998); *see also Carollo v. United Cap. Corp.*, 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) (stating that "there is no point in reaching a decision on class certification if the claims the class would bring are fundamentally meritless" when addressing class certification and summary judgment motions); *Winslow v. Forster & Garbus, LLP*, No. 15-cv-2996, 2017 U.S. Dist. LEXIS 205113, at *6 (E.D.N.Y. Dec. 13, 2017) (deciding legal questions on motion for summary judgment before addressing class certification issue).

2022 U.S. Dist LEXIS 48699, at *11-12.

Accordingly, Rockland County respectfully requests that the Court deny Plaintiffs' request for certification.

Respectfully submitted,

 /s/Larraine S. Feiden
Larraine S. Feiden
Principal Assistant County Attorney
Direct Dial: (845) 638-5099
Email: FeidenL@co.rockland.ny.us

cc: All counsel of record (via ECF)

2023-01849



BLEAKLEY PLATT & SCHMIDT, LLP

NEW YORK | CONNECTICUT

Matthew G. Parisi
914.287.6184
MParisi@bpslaw.com

June 2, 2023

**VIA ECF**

Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

      Re:    *Deide, et al. v. Day, et al.*
              Docket No.: 23-cv-3954 (NSR)

Dear Judge Román:

      This office represents defendant Steven M. Neuhaus as Orange County Executive ("Orange County") in the above-referenced matter. We write in opposition to Plaintiffs' request for: (1) a waiver of the pre-motion conference required by Rule 2(A) of the Court's Individual Rules of Practice in Civil Cases and (2) permission to move immediately for class certification. Plaintiffs' request should be denied as class certification is not appropriate as plaintiffs' fail to meet the prerequisite for such class certification set forth in F.R.C.P. 23.

      Rule 23(a) of the Federal Rules of Civil Procedure provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying these prerequisites, a plaintiff must satisfy one of three subdivisions of Rule 23(b):

> (1) That separate actions pose a risk of inconsistent adjudications or would substantially impair the ability of other individuals to protect their interests; (2) injunctive or declaratory relief is sought concerning the class as a whole; or (3) common questions of law or fact predominate over individual questions and a class action is superior to other methods for bringing suit.

Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
June 2, 2023
Page 2


Fed. R. Civ P. 23(b); *see generally Amchem Prods., Inc. v. Windsor*, 521 U.S. 5491 (1997).  It is a plaintiff's burden to establish compliance with the requirements of Rule 23.

> The Second Circuit, Court of Appeals has held:
>> A plaintiff seeking certification of a Rule 23(b)(3) class action bears the burden of satisfying the requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – as well as Rule 23(b)(3)'s requirements: (1) that "the questions of law or fact common to class members predominate over any questions affecting only individual members" (the "predominance" requirement); and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (the "superiority" requirement).  Fed. R. Civ. P. 23(a), (b)(3); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F3d 108, 117 (2d Cir. 2013) ("To certify a class, a district court must … find that each [Rule 23] requirement is 'established by at least a preponderance of the evidence.'"  (quoting *Brown v. Kelly*, 609 F.3d 467, 476 (2d. Cir. 2010))).  This Court has also "recognized an implied requirement of ascertainability in Rule 23, "which demands that a class be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks and citations omitted).

*In re Petrobras Securities*, 862 F.3d 250, 260 (2d Cir. 2017).  it is submitted that necessary predicates of typicality and ascertainability are absent.

In *Breacher v. Republic of Argentina*, the Second Circuit Court of Appeals explained ascertainability as follows:

> [T] touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for a court to determine whether a particular individual is a member. A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case.

*Id.* 806 F.3d at 24-25 (internal quotation marks and citations omitted).

In this instance, it is evident that a hearing would be required to identify if a particular

Hon. Nelson Stephen Román, U.S.D.J.
United States District Court, S.D.N.Y.
June 2, 2023
Page 3

migrant or asylum seeker was scheduled to be transported to a hotel in Rockland or Orange County, as opposed to a hotel in any other county in New York State, or whether that individual would remain in New York City. In that regard, the proposed claim is meant to encompass a class of individuals who "will participate in New York City's program." It is not evident how such a determination could be made when New York City has acknowledged that there are at least fifty thousand migrants or asylum seekers in New York City, many of whom have not applied to be relocated to Orange County.

      Typicality requires that the claims of the class representatives be typical of those of the class, and it is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. Here, of the five named plaintiffs seeking to be certified as a class, three allege that they have relocated from a shelter in Brooklyn to Orange County. The two others merely allege that they "hope to relocate outside of New York City" but make no mention of where they prefer to go, including whether they would sign up for the specific program at issue in this litigation. It is unclear whether these plaintiffs are typical of the class, and as such, they are not appropriate to represent the class. Furthermore, the class is not ascertainable because Orange County as a potential destination is not even specified.

      Accordingly, it is respectfully requested that the Court deny Plaintiffs' request for class certification. Thank you for your consideration.

Respectfully submitted,

MATTHEW G. PARISI

MGP/lr

cc:    All Parties (Via ECF)

312197