USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/26/2023__

MEMO ENDORSED

June 23, 2023

**Via ECF**

Honorable Nelson S. Román,
United States District Judge
Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

> RE: *Sidi Mouhamed Diede et al. v. County Executive Edwin J. Day as Rockland County Executive and County Executive Steven M. Neuhaus as Orange County Executive*
> Case No. 7:23-cv-3954 (NSR)

Dear Judge Román:

This office represents both defendants in the above-referenced action. Per ECF, an electronic summons was issued for both defendants on May 15, 2023 (Dkt. Nos. 9, 10) and Plaintiffs amended their complaint later that same day. (Dkt. No. 11.) Plaintiffs have not filed any affidavit of service, however, and the deadline to answer is unclear. Therefore, in an abundance of caution, we write pursuant to Rule 3(A)(i) of the Court's Individual Practices to request a pre-motion conference for Defendants' proposed motion to dismiss.

********

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

> Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id*. Thus, "[i]t is not enough that a dispute was very much alive when suit was filed." *36 Apt. Assocs., LLC v. Cuomo*, 860 F. App'x 215, 216 (2d Cir. 2021). Rather, "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis*, 494 U.S. at 478. Furthermore, where a challenged law expires by its own terms, as opposed to being "voluntarily withdrawn or altered during litigation," it suggests there is no "reasonable expectation of recurrence" such that an exception to the general "ongoing case or controversy" requirement should apply. *See 36 Apt. Assocs., LLC*, 860 F. App'x at 217.

Here, Plaintiffs' claims are directed at two orders, both dated May 6, 2023, issued by the Rockland and Orange County Executives, respectively. Both orders were issued pursuant to Section 24 of the New York State Executive Law, which states, in relevant part, that such orders "shall remain in effect for a period not to exceed thirty days[.]" N.Y. EXEC. LAW § 24(1). Both orders have thus expired on their own terms, and Plaintiffs' claims are now moot; there is no

longer any "actual, ongoing case or controversy" to adjudicate. *Lewis*, 494 U.S. at 477; *see also Fox v. Board of Trustees of the State Univ.*, 42 F.3d 135, 140 (2d Cir. 1994) ("When a case becomes moot, the federal courts lack subject matter jurisdiction over the action.").

Plaintiffs may argue that new executive orders might raise the same constitutional issues.[1] But the Second Circuit recently considered this argument. In *36 Apt. Assocs., LLC*, three residential landlords sued then-Governor Andrew Cuomo over the latter's Executive Order, which "prohibited the commencement of eviction proceedings against tenants for nonpayment of rent when those tenants faced financial hardship due to the COVID-19 pandemic." 860 F. App'x at 216. This executive prohibition ran for 60 days, and had expired by the time it reached the Circuit. Rejecting the landlords' argument that "the Governor may engage in improper acts again in the future," the Circuit held that the constitutional challenge was moot. *Id.* at 217.

This Court recently followed suit in *Highview Props. D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5 (S.D.N.Y. 2022). In that case, the plaintiff brought a constitutional challenge against the Town of Monroe, New York based on a temporary moratorium against certain land subdivisions, arguing that the intent behind the moratorium was discriminatory. This Court dismissed the declaratory judgment claims as moot because the moratorium had expired by its own terms. *See id.* at 25-26. The same rationale should apply at bar.

********

For the foregoing reasons, the undersigned requests a pre-motion conference (or a briefing schedule) on Defendants' proposed motion to dismiss. Alternatively, because the basis for the proposed motion is similar to that recently set forth by these same defendants in *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.* (*see generally* 23-cv-4215 (NSR), Dkt. No. 174), the undersigned requests that Defendants' time to answer in the instant case be stayed pending resolution of their motion to dismiss that related case.

Thank you for your consideration.

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601

Plaintiffs are directed to respond to the instant letter on or before June 30, 2023.

Dated: June 26, 2023
White Plains, NY

SO ORDERED:
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

by: /s/ *David H. Chen*
dchen@bpslaw.com
Tel.: (914) 287-6155

cc: All Parties (via ECF)

---

[1] Both county executives have in fact issued new orders, which are attached as exhibits hereto. Whatever constitutional issues might have been raised by the expired, May 6th orders are not implicated by these new orders, which do not address asylum, migrants, or federal immigration policy and instead focus narrowly on the requirements of Section 62 of New York's Social Services Law. If Plaintiffs seek relief as against these new orders, they should amend their complaint accordingly.