

New York Civil Liberties Union
125 Broad Street, 19th Fl.
New York, NY 10004
(212) 607-3300
www.nyclu.org

June 30, 2023

**VIA ECF**

Honorable Nelson S. Román
United States District Judge
United States District Court
Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

                Re:  *Deide v. Day*, 23-cv-3954 (NSR)

Dear Judge Román:

      The plaintiffs in the above-referenced matter—a putative class of migrants and asylum seekers excluded from the defendants' counties pursuant to their unlawful executive orders—provide this response to the defendants' letter for a pre-motion conference pursuant to the Court's June 26 Order. ECF No. 60. The defendant counties cannot meet their formidable burden of showing the plaintiffs' claims are moot, and the plaintiffs intend to oppose their proposed motion to dismiss. Moreover, as detailed below, the plaintiffs intend to seek limited expedited discovery relating to the counties' revised executive orders in anticipation of a request for additional preliminary relief and hereby request a pre-motion conference on this issue.

**I.    Background**

      In this action, the plaintiffs have broadly challenged the defendants' efforts to exclude them from traveling to and residing within the counties.[1] *See generally* First Am. Compl. ("FAC"), ECF No. 13. The First Amended Complaint requests declaratory relief and that the Court "[e]njoin the defendants from interfering with the plaintiffs' travel to and within" the counties and their "housing or other means of shelter within" the counties. FAC at 11.

---

[1] The defendants claim their deadline to answer the complaint is unclear because the plaintiffs did not file an affidavit of service. *See* Defs.' Pre-Motion Conference Letter, 1, ECF 59. Because the plaintiffs in fact served the defendants with this Court's Order to Show Cause and supporting documents, including the First Amended Complaint, on May 17, the deadline to answer was June 7, 2023. The plaintiffs did inadvertently fail to file an affidavit of service on ECF on May 17, but they have done so now. ECF No. 62.

1

In seeking preliminary relief, the plaintiffs moved to enjoin the counties' then-operative executive orders originally issued on May 6, 2023 (Rockland County) and May 8, 2023 (Orange County). While the parties were briefing that motion, the defendants amended their executive orders. Neither defendant argued that these changes mooted the plaintiffs' claims, and notwithstanding these changes, this Court granted a preliminary injunction prohibiting the counties from enforcing those orders. *See generally* Opinion and Order, ECF No. 55.

Within one day of this Court's order enjoining the counties' enforcement of executive orders designed to exclude migrants and asylum seekers from relocating to their counties, Orange County issued a revised executive order that seeks to do just this. Repeatedly invoking New York City's program to relocate migrants to the county, the new order bars "hotels, motels and/or any facilities allowing short term rentals" from accepting individuals "transported to Orange County" in violation of state laws and administrative directives. ECF No. 59-1. Similarly, on June 14, Rockland County issued a revised executive order responsive to New York City's relocation program requiring, *inter alia*, other municipalities and the "owner or operator of any location within the County" to obtain "the written permission of the County Executive" to temporarily house people in the county. ECF No. 59-2. While the counties have made several, largely cosmetic, changes to their prior orders, the circumstances surrounding the issuance of the orders and their plain language make the counties' intention evident: to continue to prevent the relocation of migrants and asylum seekers to their counties.

**II.     The Plaintiffs' Claims Are Not Moot.**

For at least two reasons, the counties' decision to replace the enjoined orders with new orders does not deprive this Court of jurisdiction to adjudicate the plaintiffs' claims. First, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). And given the "suspicious timing and circumstances" of the substitution of the new orders, the defendants cannot meet their "stringent" and "formidable" burden to show that "it is *absolutely clear* the alleged behavior could not reasonably be expected to recur." *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603-04 (2d Cir. 2016).

The plaintiffs remain under threat that the county executives could re-issue their prior executive orders. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) (rejecting argument that challenge to Governor Cuomo's executive orders was moot because the plaintiffs "remained under constant threat" that those orders could once again be applied to them); *see also City of Mesquite*, 455 U.S. at 289 (noting "the city's repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated"). All available information strongly suggests that the counties remain committed to preventing the relocation of the plaintiffs to their counties through whatever method is available to them, including through their revised orders. *See Make the Rd. N.Y. v. Pompeo*, 475 F. Supp. 3d 232, 255 (S.D.N.Y. 2020).

The counties point to two inapposite cases for the proposition that a case becomes moot if a challenged order expires on its own terms. *See* Defs.' Letter at 2 (first citing *Highview Properties D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5, 25 (S.D.N.Y. 2022); and then

citing *36 Apt. Assocs., LLC v. Cuomo*, 860 F. App'x 215, 216 (2d Cir. 2021)). As an initial matter, the counties' executive orders did not expire on their own terms; they were replaced with revised versions. *See, e.g.,* ECF 59-2 (declaring "I hereby rescind Emergency Order No. 1-1 and enact this Emergency Order No. 2"). Moreover, the cases cited by the defendants rested in large part on the intervening passage of legislation, which suggested there was no reasonable expectation of the reissuance of those orders. Absent this Court's order, no legislation—or any other barrier—prevents the counties from re-enacting their prior orders.

Second, "there is an exception to the mootness doctrine for challenged actions that are 'capable of repetition, yet evading review.'" *Lloyd v. City of New York*, 43 F. Supp. 3d 254, 269–70 (S.D.N.Y. 2014) (citation omitted). That exception applies here because the "duration [of the counties' orders is] too short to be fully litigated prior to" their "expiration," and, given the defendants' continued efforts to prevent the relocation of migrants and asylum seekers to their counties, "there is a reasonable expectation that the [plaintiffs] would be subjected to the same [exclusionary] action again." *Id.* (alteration and citations omitted).

### III.     Limited Expedited Discovery Is Warranted.

Moreover, far from mooting the plaintiffs' claims, the counties revised orders "suffer[] from similar infirmities as [they] did at the outset."[2] *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016); *see also Make the Rd. N.Y.*, 475 F. Supp. 3d at 255 ("Though there are differences between the [former orders] and the current [orders], at least some of the alleged harms associated with the [former orders] are still present in the most recent revisions."). These revised orders raise significant questions about whether the counties are attempting to circumvent this Court's injunction and may necessitate a second motion for preliminary relief. *See Benjamin v. Jacobson*, 172 F.3d 144, 161–62 (2d Cir. 1999) (finding an "injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers . . . on behalf of the party who obtained that equitable relief." (cleaned up)). Accordingly, the plaintiffs seek leave to file a motion for limited expedited discovery concerning the issuance and intended enforcement of the revised executive orders.

Limited expedited discovery is appropriate where the requests are reasonable in light of the record to date and surrounding circumstances. *See, e.g., Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also* Fed. R. Civ. P. 26(d). Limited discovery is reasonable here in light of the defendants' ongoing attempts to exclude the plaintiffs from their counties, the suspicious timing and circumstances of these new orders, and questions about how the orders will be enforced. *See 3M Co. v. HSBC Bank USA, N.A.*, No. 16 Civ. 5984, 2016 WL 8813992, at *2 (S.D.N.Y. Oct. 21, 2016) (granting limited discovery in anticipation of a preliminary injunction motion).

---

[2] The counties are wrong to suggest that the plaintiffs need to amend their complaint to challenge these new orders. *See Am. Freedom Def. Initiative*, 815 F.3d at 109 (finding the case was not moot because the defendant's conduct had not been "'sufficiently altered so as to present a substantially different controversy from the one' that existed when ... suit was filed."). Such a requirement would place the plaintiffs in the impossible position of amending their complaint every time the county executives decided to slightly amend their orders.

3

Respectfully submitted,

*/s/ Amy Belsher*
Amy Belsher
Ifeyinwa Chikezie
Guadalupe Victoria Aguirre
Christopher Dunn
Terry Ding
Antony Gemmell
125 Broad Street, 19th Floor
New York, N.Y. 10004
212-607-3300
abelsher@nyclu.org

*Counsel for the Plaintiffs*