

**BLEAKLEY PLATT & SCHMIDT, LLP**

NEW YORK | CONNECTICUT

July 28, 2023

<u>**Via ECF**</u>

Honorable Victoria Reznik, U.S.M.J.
U.S. District Court, Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

RE:   *Sidi Mouhamed Diede et al. v. County Executive Edwin J. Day as Rockland County Executive and County Executive Steven M. Neuhaus as Orange County Executive*
Case No. 23-cv-3954 (NSR)(VR)

Dear Judge Reznik:

This office represents both defendants in the above-referenced action. Further to the parties' joint letter of July 20, 2023 and Your Honor's Memo Endorsement of same (ECF Doc. No. 70), we respectfully submit this letter-motion for a protective order pursuant to FED. R. CIV. P. 26(c). Specifically, Defendants seek an order prohibiting depositions of both County Executives.

<u>**Background**</u>

On May 11, 2023, Plaintiffs filed this action in response to two orders issued by the County Executive defendants, on May 6th (Rockland County) and May 8th (Orange County), respectively. (*See generally* ECF Doc. No. 1, hereafter "Compl.") These two orders, issued pursuant to Section 24 of New York State's Executive Law, were issued to temporarily block the City of New York from converting several hotels in Rockland and Orange Counties into *ad hoc*, *de facto* shelters for the City's overflow homeless population, which has swelled in recent months due to the bussing of recently-arrived migrants and asylum-seekers from Texas and Florida to New York. The two underlying orders are attached to the Complaint as Exhibits 1 (Rockland) and 2 (Orange), respectively.

On June 6, 2023, the District Court granted Plaintiffs' motion to preliminarily enjoin enforcement of the two executive orders. (*See generally* ECF Doc. No. 55.) The District Court noted in its Opinion & Order that:

> the Court's instant decision does not opine on or interfere with temporary restraining orders that were issued in state courts … In those cases, the state courts are contending exclusively with state law questions regarding whether New York City's program is unlawful under New York law, or whether certain municipalities can enforce their local zoning and municipal codes against the hotels/motels housing the migrants and asylum seekers in purported violation of those laws.

(*Id.* at 2-3.) In the Conclusion of its Opinion & Order, the District Court again noted that:

> the grant of preliminary injunction only applies as to the enforcement of the Rockland and Orange County EOs. As Plaintiffs have represented during oral argument and in their moving papers, that is the only relief they seek. As already indicated, the Court's decision herein does not mean to interfere with the temporary restraining orders that are in effect and that were issued in state court proceedings, described above, concerning the interpretation and applicability of state and local laws.

(*Id.* at 51.) **There has been no allegation that either Defendant violated the District Court's preliminary injunction in any way**.

By operation of New York State's Executive Law, the two underlying orders automatically expired after thirty days. Accordingly, both County Executives issued new executive orders, dated June 7th (Orange) and June 14th (Rockland). The new orders are attached as Exhibits A and B, respectively, to Defendants' letter to the District Court seeking leave to file a motion to dismiss this action on mootness grounds. (ECF Doc. No. 59.) In light of the District Court's preliminary injunction, the new orders both clarify that they are intended to enforce state law—specifically, Section 62 of New York's Social Services Law (and the regulations promulgated thereunder) regarding the establishment of homeless shelters.

On July 7, 2023, the District Court granted Defendants leave to file their proposed motion to dismiss this action as moot, waived the pre-motion conference, and issued a briefing schedule. (*See generally* ECF Doc. No. 64.) The District Court simultaneously granted Plaintiffs' request for "leave to engage in limited expedited discovery concerning the issuance and intended enforcement of the revised Orange County and Rockland County executive orders." The District Court did not enjoin enforcement of these revised orders, or extend its June 6th injunction to cover the counties' revised orders.

On July 17, 2023, Plaintiffs served Defendants with deposition notices for both County Executives.[1] These notices do not purport to limit the scope or subject matter of the depositions.

## Argument

The genesis of this discovery dispute is Plaintiffs' suggestion, raised in opposition to Defendants' proposed motion to dismiss, that "[t]hese revised orders raise significant questions about whether the counties are attempting to circumvent this Court's injunction and may necessitate a second motion for preliminary relief." (ECF Doc. No. 63, at 3.) Plaintiffs have not filed a "second motion for preliminary relief," however, nor have they amended their complaint to address the revised orders.[2]

---

[1] The same day, Plaintiffs served Defendants with their "First Set of Document Demands." Defendants' responses and objections to these document demands are due August 4, 2023 per the parties' agreement. (ECF Doc. No. 68, at 2.)

[2] The revised orders themselves have now expired by operation of New York's Executive Law.

It is also worth noting that pre-answer discovery is typically limited to cases where jurisdiction is at issue, *see, e.g.*, *Joint Stock Co. 'Channel One Russ. Worldwide' v. Infomir, LLC*, No. 16-cv-1318 (GBD)(BCM), 2017 U.S. Dist. LEXIS 36634, at *3 (S.D.N.Y. Mar. 7, 2017), or where the identity of a party must be determined. *See, e.g.*, *Mimedx Grp., Inc. v. Sparrow Fund Mgmt. LP*, No. 17-cv-7568 (PGG)(KHP), 2018 U.S. Dist. LEXIS 28026, at *29 (Jan. 12, 2018). Here, Plaintiffs seek to depose the two County Executives based only upon what Plaintiffs characterize as "the suspicious timing and circumstances of these new orders." (ECF Doc. No. 63, at 3.) There is nothing "suspicious" about the timing or circumstances of the new orders, however. As previously noted, the original May orders both automatically expired after thirty days by operation of New York's Executive Law. Indeed, it was Defendants' counsel who first brought the new orders to the District Court's attention at a conference in a related case, *County of Orange v. The Crossroads Hotel*, 23-cv-4213 (NSR), and it was Defendants who first filed the new orders to this docket. (*See* ECF Doc. No. 59.) These are not the actions of parties who are trying to "circumvent" a court order.

Regardless, "courts have commonly held that 'a high-ranking government official should not—absent exceptional circumstances—be deposed or called to testify regarding the reasons for taking official action, including … his consultation with subordinates.'" *In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2023 U.S. Dist. LEXIS 103924, at *7 (S.D.N.Y. June 15, 2023) (quoting *Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013)). As the Second Circuit has held:

> High-ranking government officials are generally shielded from depositions because they have greater duties and time constraints than other witnesses. If courts did not limit these depositions, such officials would spend an inordinate amount of time tending to pending litigation.

*Lederman*, 731 F.3d at 203 (citations and internal quotation marks omitted).

Here, the government officials—County Executives Day and Neuhaus—are the chief executive officers of their respective municipalities. They are accordingly just as "high-ranking" as New York City Mayor de Blasio, whose deposition Magistrate Judge Gorenstein quashed in *In re N.Y.C. Policing*. Day and Neuhaus are in fact higher-ranking than Deputy Mayor Skyler, whose deposition was barred by the protective order upheld in *Lederman*.

Moreover, Day and Neuhaus are ***currently serving*** as County Executives, in contrast with de Blasio and Skyler, who were no longer the mayor or deputy mayor, respectively, when their depositions were sought in *In re N.Y.C. Policing* and *Lederman*. It should go without saying that a currently serving government official has "greater duties and time constraints" than a ***former*** government official. *Lederman*, 731 F.3d at 203. Indeed, the Court may take judicial notice of the fact that both Orange and Rockland Counties are still responding to and recovering from severe flooding conditions as a result of massive rainstorms earlier this month, which tragically

---

Accordingly, Rockland County has extended its June 14th order several times, most recently on July 24th; these extensions are attached hereto as Exhibit 'A.' Orange County issued a new order, dated July 6, 2023, which is identical to the June 7th order; it is attached hereto, together with the most recent July 26th extension of that order, as Exhibit 'B.'

claimed a young woman's life in Orange County. Emergency Declarations at both the County and State level are still in effect.

Plaintiffs will inevitably argue that this case presents "exceptional circumstances" such that the depositions should be allowed. But their letter to the District Court stated only that they seek "discovery concerning the issuance and intended enforcement of the revised executive orders." (ECF Doc. No. 63, at 3.) This hardly identifies, "with particularity," "the information they need[]," nor does it explain why the "information could not be obtained elsewhere." *In re N.Y.C. Policing*, 2023 U.S. Dist. LEXIS 103924, at *7.

The *In re N.Y.C. Policing* plaintiffs had a strikingly similar position to Plaintiffs' position here. They sought (former) Mayor de Blasio's deposition because he was "involved in discussing, approving, or directing changes in policing strategies," which allegedly led to their underlying constitutional claims. *Id.* at *11. Judge Gorenstein rejected this argument, noting that "what matters is what strategies ***were actually carried out***," and further noting that the plaintiffs had other sources "from which to determine what occurred at the protests[.]" *Id.* (emphasis added).

Here, too, Plaintiffs have made no showing that depositions are the only means to obtain what they seek. And here, too, the underlying constitutional claims will turn on what the municipalities ***actually did***, not what their chief executives may have ***considered*** doing. It must be noted at this juncture that: 1) there was no "enforcement" of the original executive orders because they were enjoined by the District Court; and 2) there has been no "enforcement" of the revised orders because the status quo is being maintained by the state courts, whose orders the District Court explicitly and purposefully left untouched in issuing the preliminary injunction. (ECF Doc. No. 55; *see generally County of Orange et al. v. City of New York et al.*, No. EF003109-2023 (SBS) (Orange Cty. Sup. Ct.).)

In closing, it should be recalled that the District Court permitted ***limited*** discovery, not "standard" or "full-blown" discovery. Numerous courts have rejected requests to conduct depositions as part of limited discovery, with good reason—it is extremely burdensome to collect, review and produce a deponent's "relevant documents, prepare the witnesses for depositions, and defend their depositions[.]" *Doe v. Congregation of the Sacred Hearts of Jesus & Mary*, No. 21-cv-6865 (VSB), 2022 U.S. Dist. LEXIS 130614, at *9 (S.D.N.Y. July 22, 2022) (collecting cases); *see also Bazignan v. Team Castle Hill Corp.*, No. 13-cv-8382 (PAC), 2015 U.S. Dist. LEXIS 27420, at *14 (S.D.N.Y. Mar. 5, 2015) (noting that case involved "limited discovery" and "no depositions"); *Sahu v. Union Carbide Corp.*, No. 04-cv-8825 (JFK), 2006 U.S. Dist. LEXIS 714, at *1 (S.D.N.Y. Jan. 9, 2006) (denying request to take depositions as beyond the scope of "limited discovery").

This burden obviously increases when the deponents are the chief executive officers of municipalities such as Rockland and Orange Counties, each of which have hundreds of thousands of residents.

**Conclusion**

For the reasons set forth above, Defendants submit that this Honorable Court should issue a protective order prohibiting the noticed depositions. We thank the Court for its consideration.

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP
*Counsel for Defendants*

by:   /s/ *David H. Chen*
David H. Chen, Esq.
Vincent W. Crowe, Esq.
Matthew G. Parisi, Esq.
(914) 287-6155
dchen@bpslaw.com

cc:   All Parties (via ECF)

5