

New York Civil Liberties Union
125 Broad Street, 19th Fl.
New York, NY 10004
(212) 607-3300
www.nyclu.org

August 14, 2023

**VIA ECF**

Honorable Victoria Reznik
United States Magistrate Judge
United States District Court
Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:  *Deide v. Day*, 23-cv-3954 (NSR) (VR)

Dear Judge Reznik:

The plaintiffs in the above-referenced matter—a putative class of migrants and asylum seekers excluded from the defendants' counties by unlawful executive orders—write pursuant to the Court's Individual Practice 2.A to notify the Court of the parties' disputes concerning the plaintiffs' requests for the production of documents. Despite objecting to their noticed depositions on the basis that the plaintiffs may obtain the information they seek through document requests,[1] the defendants have produced a total of two documents responsive to those requests and have taken the position that many of the plaintiffs' requests are "beyond the scope" of the limited expedited discovery ordered in this case. However, each of the plaintiffs' requests is well within the scope of that discovery as they seek documents relevant to an anticipated motion for preliminary relief challenging the defendants' current executive orders. The plaintiffs accordingly seek a pre-motion conference in anticipation of a motion to compel the production of these documents.

**I.      Background**[2]

Since the plaintiffs commenced this action in May challenging the defendants' emergency declarations and discriminatory orders, the defendants have revised their operative orders multiple times. As this Court is aware, Judge Román granted the "[p]laintiffs leave to engage in limited expedited discovery concerning the issuance and intended enforcement of the revised Orange County and Rockland County executive orders" in anticipation of the plaintiffs' seeking

---

[1] *See* Defs.' Letter Reply in Supp. of Protective Order, 3 (ECF No. 73).
[2] The plaintiffs provide a more fulsome treatment of the background in this case in their opposition to the defendants' motion for a protective order. *See* ECF No. 72.

further preliminary relief. ECF No. 64. Pursuant to this order, the plaintiffs on July 17 served the defendants with a set of document requests and notices of deposition for both county executives. Pls' Requests to Defendant Day, attached as Ex. 1 ("Day Requests"); Pls' Requests to Defendant Neuhaus, attached as Ex. 2 ("Neuhaus Requests"). The plaintiffs' requests largely seek documents the defendants relied upon in the conception, drafting and enactment of their emergency declarations and accompanying executive orders ("EOs") as well as the defendants' communications concerning those EOs and the relocation of the plaintiffs to their counties.

The two defendants served near-identical responses to the requests on the plaintiffs on August 4. The defendants objected to many of the requests as outside of the scope of discovery ordered by Judge Román. Defendant Day's Response, (Requests 1-5, 9-10), attached as Ex. 3; Defendant Neuhaus's Response (Requests 1-2; 9-10), attached as Ex. 4. The defendants also claimed most of the requests sought documents covered by either the attorney-client privilege, work product privilege, or executive privilege. Day's Response, (Requests 1-6, 9-11, 15); Neuhaus Response (Requests 1-6, 11, 12, 15). As for the limited requests not objected to in their entirety, the defendants claim that no documents exist. Day Response (Requests 7-8; 12-14); Neuhaus Response (Requests 7-8, 13-14). Defendant Day produced no documents and Defendant Neuhaus produced only two. Neither defendant produced a privilege log or information sufficient for the plaintiffs to assess their claims of privilege.

In an effort to resolve their disputes, the parties' counsel met and conferred in good faith for 40 minutes via telephone on August 9, 2023, at 1:30pm. First, the parties discussed the defendants' objections to the scope of the requests but were unable to reach agreement on that issue. The plaintiffs' counsel informed the defendants' counsel that they believed the parties to be at an impasse and of their intention to seek a conference with the Court. Second, the plaintiffs' counsel noted the likely existence of certain documents not produced but responsive to the plaintiffs' request for communications concerning enforcement of the EOs.[3] The defendants' counsel agreed to conduct another search.[4] Third, the plaintiffs' counsel raised concerns with the defendants' broad invocation of privileges while failing to provide information sufficient to assess those claims. The plaintiffs also asked the defendants to provide some basis for their claim that certain documents were protected by "executive privilege." The defendants' counsel agreed to produce a privilege log but despite the expedited nature of the discovery, and the fact that their deadline to respond was well over one week ago, the defendants have not yet produced a log.

At this time, the plaintiffs seek a pre-motion conference on their anticipated motion to compel documents withheld on the basis of the defendants' objections as to the requests' scope.

---

[3] In particular, the plaintiffs noted Defendant Day's recent outreach to "all hotels in Rockland" concerning the revised executive order fell squarely into Day Request No. 13. *See* "Rockland Reminds Hotels of Emergency Actions," Rockland County Press Release, Aug. 7, 2023, available at: https://rocklandgov.com/departments/county-executive/press-releases/2023-press-releases/rockland-reminds-hotels-of-emergency-actions/.

[4] On August 14, the defendants' counsel stated via email that they had not been able to locate any additional documents not encompassed within their objections. However, Defendant Day did not object to the relevant request, *see* Day Response Request 13, and it remains unclear on what basis defendant Day is withholding these relevant documents.

The plaintiffs reserve their right to raise additional disputes concerning the defendants' responses to the document requests, including their claims of privilege, if necessary, at a future date.

## II.     The Plaintiffs' Document Requests Are Within the Scope of the Discovery Ordered in this Case.

The defendants object to the plaintiffs' requests seeking (1) the documents underlying their emergency declarations; (2) the documents underlying prior versions of their EOs; and (3) communications regarding their EOs and the "emergency" they purport to address. The defendants contend these requests are "overbroad" or "beyond the scope of discovery as the 'limited expedited discovery' allowed by the Court Order of July 7, 2023, concerned the 'revised Orange County and Rockland County Orders.'" The plaintiffs briefly address each contention below and are prepared to do so in more detail in a pre-motion conference or motion to compel.

First, the plaintiffs seek "documents considered or reviewed in the conception, drafting, and enactment" of the defendants' emergency declarations, and any renewals or drafts of such declarations. Day Requests 1-3; Neuhaus Request 1-2. The defendants' emergency declarations are the statutory basis for the EOs challenged in this case, *see* N.Y. Exec. Law § 24(1), including the revised orders. And despite changes to the text of the EOs between different versions, the emergency declarations on which they are based have remained largely the same: they describe the "emergency" as the relocation of people, including the plaintiffs, to the counties and corresponding concerns about resources. *See* ECF No. 71-1 (renewing declaration of "State of Emergency" initially declared on May 6, 2023); *compare* ECF No. 71-2 (Orange County's original emergency declaration) *with* Ex. 1 to ECF No. 14 (Orange County's original emergency declaration). The documents underlying these declarations, and any prior drafts, shed light on the basis and need for the revised orders and are thus plainly relevant to "the issuance" of those orders.

Second, the plaintiffs seek "documents considered or reviewed in the conception, drafting, and enactment" of the defendants' prior versions of the EOs, including those concerning changes between versions. Neuhaus Requests 1-2; Day Requests 4-5. The plaintiffs' discrimination claims require a showing that the defendants' orders were motivated by a discriminatory purpose, which may be demonstrated by reference to the orders' background, including legislative history. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266–68 (1977). Similarly, the plaintiffs' Executive Law Section 24 and due process claims concern the basis and motivation of the revised orders. Thus, documents relied on in executing the prior, very similar, versions of the defendants' EOs, including documents relevant to changes between the orders, are highly relevant to these claims.

Third, the plaintiffs seek communications sent or received since April 15, 2023, between the defendants and other relevant parties concerning the EOs, the New York City relocation program, or the arrival of noncitizens, migrants, and asylum seekers to the counties. The defendants do not deny the existence of these documents—nor could they, given the record in this case. *See* Opinion & Order, 6, 9–11, 34 (ECF 55) (noting defendants' communications with New York City officials and statements to the press). These communications, which span just four months, are certain to include evidence that is highly relevant to the defendants' basis, motivations, and intended enforcement of the revised orders and the emergency declaration on which it is based.

Respectfully submitted,

*/s/ Amy Belsher*
Amy Belsher
Ifeyinwa Chikezie
Guadalupe Victoria Aguirre
Christopher Dunn
Terry Ding
Antony Gemmell
125 Broad Street, 19th Floor
New York, N.Y. 10004
212-607-3300
abelsher@nyclu.org

*Counsel for the Plaintiffs*