

**BLEAKLEY PLATT & SCHMIDT, LLP**

NEW YORK | CONNECTICUT

Vincent W. Crowe
914.287.6147
VCROWE@bpslaw.com

August 17, 2023

Hon. Victoria Reznik
United States Magistrate Judge
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr
Federal Building and US Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:   *Sidi Mouhamed Diede et al. v. County Executive Edwin J. Day as Rockland County Executive and County Executive Steven M. Neuhaus as Orange County Executive*
           Case No.:   7:23-cv-3954 (NSR) (VR)

Dear Judge Reznik:

    The undersigned represents the defendants in the referenced matter, and I write in reply to plaintiffs' correspondence of August 14, 2023 seeking a pre-motion conference in anticipation of a motion to compel the production of documents. (ECF #74)

    The discovery dispute between the parties largely boils down to the meaning of Judge Román's Order of July 7, 2023 "allowing limited expedited discovery as to the issuance and intended enforcement of the **revised** Orange County and Rockland County Executive Orders" (ECF No. 64) (emphasis added).

    The relevant Executive Orders issued by defendants Counties are dated as follows; note that all of these are a matter of public record:

        Rockland County

           Emergency Order No. 1 -     May 6, 2023
           Emergency Order No. 1.1 -  May 18, 2023
           Emergency Order No. 2 -     June 14, 2023

325834

Hon. Victori Reznik
United States Magistrate Judge
US District Court
Southern District of New York
Page 2

### Orange County

| | |
|---|---|
| Executive Order No.1 - | May 8, 2023 |
| Executive Order No. 2 - | May 16, 2023 |
| Executive Order No. 3 - | June 7, 2023 |
| Executive Order No. 4 - | July 6, 2023 |
| Executive Order No. 8 - | August 5, 2023 |

Plaintiffs' request (and the Court's authorization) for "limited expedited discovery" was submitted in the response to defendants' request for Court leave to file a motion dismissing the action as moot in light of the revised Executive Orders – specifically, Rockand County's Order of June 14th and Orange County's order of June 7th, both of which were attached to Defendants' pre-motion letter to the District Court. (ECF No. 59.) In particular, defendants contend that the Executive Orders that are the subject of the complaint (and preliminary injunction) have expired by their own terms under New York Executive Law § 24(1) and as a result there is no longer any actual ongoing case or controversy to adjudicate.

The "revised" Executive Orders that are properly the subject of the limited expedited discovery are the Orders issued after the Court granted a Preliminary Injunction against the enforcement of the earlier Executive Orders on June 6, 2023; Rockland County Order #2 and Orange County Orders #3, 4 and 8. Note that the subsequent Orange County orders are duplicative of # 3.

Plaintiffs have requested additional documents concerning "the conception, drafting and enactment of the *initial* Executive Orders." However, as the District Court limited this discovery to the "revised" Executive Orders, granting Plaintiffs' request would render the District Court's explicit directive meaningless.

The plaintiffs additionally seek documents considered or reviewed in "the conception, drafting and enactment of the defendant's emergency declaration" and any renewals or drafts of such declarations, on the ground that such documents would shed light on the basis and the need for the revised Orders. However, the basis and need for such revised Orders is not in dispute – they were necessitated because: 1) the prior, May versions had expired and 2) Judge Román's Order granting a preliminary injunction made the prior Executive Orders a legal nullity, while making clear that it did not affect any proposed violations of New York Social Services Law (as set forth in the New York State Supreme Court Justice Sciortino's Decision of June 20, 2023 (NYSCEF #74)(Index No. 003109-2023)).

As the plaintiffs' concerns with respect to objections to the production of documents asserting attorney-client privilege, the defendants objected to the production of the communications between the County Executive and the County Attorney concerning the appropriate legal response to New York

325834

Hon. Victori Reznik
United States Magistrate Judge
US District Court
Southern District of New York
Page 3

City's attempt to open homeless shelters outside the five boroughs and as such communications are for purposes of legal advice and obviously privileged.

In our recent "meet and confer" with plaintiffs' counsel, I noted that, under Local Rule 26.2 (c), it is presumably proper to assert such privilege by indicating a group of documents as opposed to a time-consuming and expensive, communication-by-communication log. Plaintiffs' counsel disagreed and insisted that additional information is required to assess such privilege claims. In response, we are working on providing a more detailed privileged log of such communications.

Finally, on August 16, 2023, we have served a supplemental discovery response in response to plaintiffs' concerns as to certain items that should have been produced.

Thank you.

Very truly yours,

VINCENT W. CROWE

VWC/lp
Enclosures

325834