UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEIDE et. al.,

                              Plaintiffs,

                  -against-

DAY et. al.,

                              Defendants.
----------------------------------------------------------------X

23-cv-3954

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/2023

**VICTORIA REZNIK, United States Magistrate Judge:**

On July 7, 2023, Judge Nelson Román granted Plaintiffs leave to engage in "limited, expedited discovery concerning the issuance and intended enforcement of the revised Orange County and Rockland County executive orders." (ECF No. 64). Before the Court is Defendants' letter-motion seeking a protective order to prohibit taking the depositions of Orange County Executive, Steven M. Neuhaus, and Rockland County Executive, Edwin J. Day. (ECF No. 71).

Also before the court is Plaintiffs' letter-motion seeking a conference in anticipation of a motion to compel (ECF No. 74), to which Defendants responded by letter. (ECF No. 78). As discussed on the August 18, 2023, telephonic conference with the parties, the crux of this dispute is whether the scope of "limited, expedited discovery" includes discovery related to prior versions of the executive orders and the emergency declarations.

For the reasons outlined below, Defendants' request to preclude the depositions of both County Executives is **DENIED**. In addition, this Court further defines the scope of "limited, expedited discovery" to include discovery related to prior versions of the executive orders and the emergency declarations.[1]

---

[1] During the August 18, 2023, telephonic conference, defense counsel stated in substance that many of these documents are privileged and indicated that a privilege log is forthcoming. This order makes no finding as to whether any of the referenced documentation is or is not privileged, as doing so at this time would be premature.

**Depositions of County Executives Edwin J. Day and Steven M. Neuhaus**

To depose a high-ranking government official, "a party must demonstrate exceptional circumstances justifying the deposition – for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). Here, Defendants concede that they have first-hand knowledge, so we must determine whether their first-hand knowledge is "unique." (ECF No. 73 at 2-4).

The Court finds that Plaintiffs have sufficiently demonstrated that Edwin J. Day and Steven M. Neuhaus possess first-hand knowledge of the litigated claims that is unique. Section 24 of the Executive Law uniquely empowers the County Executive to make a "finding… that the public safety is imperiled," "proclaim a local state of emergency," and then "promulgate local emergency orders." N.Y. Exec. Law § 24(1). Here, Defendants invoked the power uniquely vested in them by Section 24 to issue the executive orders at issue.

In addition, as Plaintiffs explain, their "claims under the Equal Protection Clause, 42 U.S.C. § 1981, and Title II of the Civil Rights Acts each require a showing that the Defendants had an intent to discriminate." (ECF No. 72). The County Executives certainly possess unique first-hand knowledge regarding their own intent in issuing these orders. In fact, each of the Defendants placed their own intent at the center of this controversy by making personal, public statements about the rationale behind their executive orders. As Judge Román stated in his order granting Plaintiffs' application for a preliminary injunction, "[t]he contemporaneous comments made by the Orange County Defendant also suggests that the EOs were issued for discriminatory purposes…." (ECF No. 55 at 32). Likewise, Judge Román noted that "contemporaneous, racially-charged comments made

2

by the Rockland County Defendant suggests discriminatory motive in the issuance of the Rockland EO."  (ECF No. 55 at 33).

Indeed, judges in this District have permitted Plaintiffs to depose high-ranking government officials when that official's intent is at issue, or if a need to show an unconstitutional race-based policy is in question.  *See e.g., New York v. United States Dep't of Com.*, 333 F. Supp. 3d 282, 287 (S.D.N.Y. 2018) (ordering deposition of Secretary of Commerce because his "intent and credibility are directly at issue");[2] *Herrera v. New York City Dep't of Educ.*, No. 1:21-CV-7555-MKV, 2022 WL 2719186, at *1 (S.D.N.Y. June 15, 2022) (ordering deposition of New York City Mayor Bill de Blasio because Plaintiff's claims require them to show an "official policy" of unconstitutional race-based employment).

Defendants emphasize that Judge Román only permitted "limited" discovery and that conducting the depositions of the County Executives would exceed those bounds.  (ECF No. 71 at 4).  During the conference with the Court, defense counsel further argued that limited, expedited discovery should include only written discovery and not depositions.  The Court disagrees.  Although limited, expedited discovery should be "circumscribed" and not "an absolute right to merits discovery," depositions of named parties may be permitted.  *See Russell Reynolds Assocs., Inc. v. Usina*, No. 23 CIV. 2369 (JHR), 2023 WL 3270344 at *1 - 2 (S.D.N.Y. May 5, 2023) (granting limited, expedited discovery, including deposition of defendant and two of Plaintiffs' employees, prior to preliminary injunction hearing); *3M Co. v. HSBC Bank USA, N.A.*, No. 16 CIV. 5984 (PGG), 2016 WL 8813992, at *1 - 2 (S.D.N.Y. Oct. 21, 2016) (granting limited, expedited discovery, including 30(b)(6) depositions of named party HSBC); *In re Keurig Green Mountain*

---

[2] The Supreme Court stayed this district court order and while the order was pending Supreme Court review, the district court proceeded to conduct a bench trial. Consequently, the district court's decision granting the Secretary's deposition was then vacated as moot by the Supreme Court. *New York v. United States Dep't of Com.*, 351 F. Supp. 3d 502, 671, 680 (S.D.N.Y.), aff'd in part, rev'd in part, 139 S. Ct. 2551 (2019).

*Single-serve Coffee Antitrust Litig.*, No. 14-CV-4242, 2014 WL 12959675, at *1-3 (S.D.N.Y. July 23, 2014) (granting limited, expedited discovery, including 30(b)(6) depositions from *Keurig*, prior to filing of preliminary injunction motions).

For the reasons above, Defendants' request to preclude the depositions of both County Executives is denied. However, the Court is mindful that high-ranking government officials may have time constraints that differ from most witnesses. *Lederman*, 731 F.3d at 203. Consequently, Plaintiffs' depositions of the County Executives will be limited to no more than three hours per witness.[3] In addition, each deposition will be limited in scope to the issuance and intended enforcement of the revised Orange County and Rockland County executive orders, which shall include the prior versions of the executive orders and emergency declarations (as explained below). Also, each of these depositions will count toward Plaintiffs' total seven-hour deposition time limit for each witness, unless otherwise stipulated by the parties or ordered by the Court.

## Scope of Discovery

During the August 18 telephonic conference, the parties presented their positions on the scope of "limited, expedited discovery" into the "revised …executive orders." (ECF No. 64). Plaintiffs argued that such discovery should include documents relied on in executing the prior versions of the Defendants' executive orders, including documents relevant to changes between the orders. (ECF No. 74 at 3). Conversely, Defendants argue that such discovery should be limited to the time period between Judge Román's June 6, 2023, preliminary injunction order and the issuance of the revised orders (essentially, one day for the Orange County Order and eight days for the Rockland County Order). Thus, the issue boils down to whether Defendants must produce

---

[3] During the August 18 telephonic conference, Plaintiffs indicated that they expected each deposition to last approximately three hours.

information regarding the events leading up to the issuance of the revised orders, including the prior versions of those orders and emergency declarations.

As explained above, Plaintiffs' claims require them to prove Defendants' intent. In the Court's view, the Defendants' issuance of the prior versions of the executive orders and emergency declarations necessarily implicates Defendants' intent and motivations behind issuing the revised orders just four or so weeks later. During the conference, defense counsel argued that the intent of the revised orders should be apparent from the face of the orders themselves. But this ignores that Plaintiffs' claims relate to the underlying motives and intent behind these revised orders, which they are entitled to test through discovery. Consequently, this Court will not impose a restriction that the discoverable documentation and deposition testimony be limited to documents and information created after June 6. Instead, the scope of "limited, expedited discovery" shall include discovery related to the events leading up to the issuance of the revised orders, including the prior versions of those orders and emergency declarations.

## **Conclusion**

Defendants' request to preclude the depositions of County Executives Edwin J. Day and Steven M. Neuhaus is **DENIED.** Plaintiffs' depositions of Mr. Day and Mr. Neuhaus shall be limited to three hours each on the record. The scope of the depositions shall be limited to the issuance and intended enforcement of the revised Orange County and Rockland County executive orders, which shall include the prior versions of the executive orders and emergency declarations. The time Plaintiffs use in deposing Mr. Day and Mr. Neuhaus will count toward Plaintiffs' seven-hour time limit for each witness, unless otherwise agreed by the parties or ordered by the Court.

In addition, the scope of "limited, expedited discovery" as it relates to written discovery shall include discovery related to the prior versions of the executive orders and emergency

declarations. As discussed during the August 18 telephonic conference, the parties are directed to meet and confer regarding deadlines for limited, expedited discovery and to submit a joint letter to the Court containing proposed deadlines by **September 5, 2023.**

The Clerk of Court is respectfully requested to close out ECF Nos. 71 and 74.

**SO ORDERED.**

DATED:   White Plains, New York
         August 28, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge