

**BLEAKLEY PLATT & SCHMIDT, LLP**

NEW YORK | CONNECTICUT

August 29, 2023

**VIA ECF**

Honorable Nelson S. Román
U.S. District Court, Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

RE:  *Sidi Mouhamed Diede et al. v. County Executive Edwin J. Day as Rockland County Executive and County Executive Steven M. Neuhaus as Orange County Executive*
Case No. 23-cv-3954 (NSR)(VR)

Dear Judge Román:

On behalf of Edwin J. Day and Steven M. Neuhaus, we write to request a pre-motion conference on Defendants' proposed motion to stay—pending resolution of our motion to dismiss—all other motion practice and discovery in the above-captioned case. In the alternative, Defendants request reciprocal discovery on the threshold issue of Plaintiffs' standing.

Background

Defendants submitted a pre-motion letter on June 23, 2023 (ECF Doc. # 59), arguing that the instant action should be dismissed as moot. Defendants' rationale is that the underlying complaint attacks the Constitutionality of two executive orders that the Court has already enjoined, and which have long since expired.

Plaintiffs submitted an opposition letter on June 30, 2023 (ECF Doc. # 63.) In this letter, Plaintiffs requested "limited expedited discovery concerning the issuance and intended enforcement of the revised executive orders." The ostensible reason for this request was Plaintiffs' potential need to file "a second motion for preliminary relief." (*Id.*) Two months have now elapsed without any such motion.

The Court's individual rules did not allow for a reply to Plaintiffs' discovery request because it was made in opposition to Defendants' pre-motion letter. The Court subsequently granted both the discovery request and the request for leave to file the proposed motion to dismiss. (ECF Doc. # 64.)

Defendants duly served their motion to dismiss on August 21, 2023; it will be fully briefed and filed on or before October 20, 2023. This motion requests, in the alternative to dismissal on mootness grounds, that Plaintiffs be directed to amend their complaint to identify the Constitutional "infirmities" with Defendants' subsequent orders, to which Plaintiffs vaguely alluded (*see* ECF Doc. # 63) but have never actually pled.

The parties are now engaged in the "limited expedited discovery" directed by the Court (and are also briefing Plaintiffs' motion for class certification, *see* ECF Doc. # 57.) A ruling yesterday by Magistrate Judge Reznik (*see generally* ECF Doc. # 81) significantly expanded the scope of this "limited" discovery in two ways. First, Judge Reznik ruled that both Defendants must be deposed, for three hours each. Second, Judge Reznik ruled that this pre-answer discovery encompasses not just "the issuance and intended enforcement of the revised executive orders," as directed by Your Honor (ECF Doc. # 64), but also "the ***prior*** versions of the executive orders and emergency declarations." (ECF Doc. # 81 (emphasis added).)

<u>The Court Should Stay All Other Motion Practice and Discovery<br>
Pending Resolution of Defendants' Pending Motion to Dismiss</u>

Rule 26(d)(1) of the Federal Rules of Civil Procedure generally disallows pre-answer discovery. While the Court has discretion to permit such discovery in certain circumstances, Defendants respectfully submit that Plaintiffs' stated rationale—their supposed "second motion for preliminary relief" (ECF Doc. # 63)—was disingenuous. Plaintiffs have since revealed that they actually seek discovery on Defendants' alleged "intent to discriminate" and "motives for enacting ***prior*** versions of those orders." (ECF Doc. # 72, at 3 (emphasis added).) In other words, Plaintiffs seek pre-answer discovery ***on the merits of their underlying claims***. That was not the rationale presented to this Court on June 30th.

Regardless, judicial efficiency and proper case management require that this pre-answer discovery (as well as briefing on Plaintiffs' motion for class certification) be stayed pending resolution of Defendants' motion to dismiss, which is potentially dispositive. Defendants should not have to spend time and money opposing what could very well be a moot motion for class certification, or conducting discovery for a complaint that has been superseded. Defendants are of course municipalities, not private actors; Plaintiffs would hopefully agree that Defendants' limited budgets are better directed to such things as social services, health care, and critical infrastructure, which will directly benefit Plaintiffs themselves.

The requested stay need only last until the motion to dismiss is adjudicated. Moreover, such a stay would not prejudice Plaintiffs at all, given the Court's preliminary injunction. And if Plaintiffs feel the need to request a second injunction as against Defendants' subsequent orders, they do not require discovery on the merits of their claims as against the prior orders to do so.

<u>In the Alternative, The Court Should Allow Reciprocal Discovery<br>
on the Threshold Issue of Plaintiffs' Standing</u>

It is black-letter law that: injury is an essential element of standing; a plaintiff bears the burden of establishing standing via affirmatively alleged facts; absent standing, there is no subject matter jurisdiction; and subject matter jurisdiction is a threshold issue which is always before the federal courts. The underlying complaint conceded that at least two of the five named Plaintiffs were never injured to begin with, given that they "traveled by bus to the Crossroads Hotel in Newburgh ***and were allowed to enter***." (Compl. ¶ 3 (emphasis added).) The other Plaintiffs' status was never pled, and their current whereabouts are unclear from the record.

If Plaintiffs are to be allowed pre-answer discovery on the merits of their underlying claims, notwithstanding their likely mootness, then Defendants should at least be allowed

reciprocal pre-answer discovery on the threshold issue of Plaintiffs' standing. Specifically, Defendants should be granted the same "limited" discovery as Plaintiffs—document demands and three-hour depositions of each named Plaintiff—to determine whether they actually have an injury-in-fact attributable to Defendants' conduct, as required to invoke the jurisdiction of this Court.

Critically, to the extent any Plaintiff has not been permitted to take up residence in a *de facto* Rockland or Orange County homeless shelter, it is by operation of state court rulings—which this Court explicitly left in place—not the complained-of May 2023 executive orders. If Plaintiffs now claim to have been injured by *subsequent* orders, they should set forth those claims in a formal pleading so that Defendants can adequately defend themselves.

## Conclusion

This case now presents what must surely be a unique set of facts in this Circuit—the sitting, chief executive officers of two large municipalities are to be deposed, before issue has been joined, regarding executive orders that are legal nullities twice over, all while a motion that is potentially dispositive of the entire action is pending. The cart is squarely before the horse, and the Court should remedy this by staying discovery and other motion practice pending resolution of Defendants' motion to dismiss.

At the very least, the "limited expedited discovery" should be made reciprocal, given that civil discovery is "a two-way street." *Fragrancenet.Com, Inc. v. Fragrancex.Com, Inc.*, No. 06-cv-2225 (JFB)(AKT), 2007 U.S. Dist. LEXIS 110755, at *8-9 (E.D.N.Y. Aug. 28, 2007) (citations omitted). Other courts in this district have not hesitated to allow such discovery, particularly where, as here, "there are significant reasons to question [a] Plaintiff's standing." *Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, at *25-26 (S.D.N.Y. July 5, 2023); *see also Investment Properties International, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 707 (2d Cir. 1972) ("Discovery here … is not a matter of mere housekeeping, but is the heart of the controversy, for on it turns plaintiffs-petitioners' right to be in court") (citation and internal quotation marks omitted).

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP
*Counsel for Defendants*

by:   /s/ *David H. Chen*
David H. Chen, Esq.
Vincent W. Crowe, Esq.
Matthew G. Parisi, Esq.
(914) 287-6155
dchen@bpslaw.com

CC (via ECF):  Hon. Victoria Reznik, U.S.M.J.
          All counsel of record