```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/6/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA on behalf of himself and all similarly situated people,

    Plaintiffs,

v.

EDWIN J. DAY as Rockland County Executive; STEVEN M. NEUHAUS as Orange County Executive,

    Defendants.

No. 23-cv-3954 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge

    On July 7, 2023, this Court granted Plaintiffs leave to engage in "limited, expedited discovery concerning the issuance and intended enforcement of the revised Orange County and Rockland County executive orders." (ECF No. 64.) Following the Court's order, the parties unsuccessfully attempted to negotiate resolution as to the proper scope of discovery. Both parties applied to Magistrate Judge Reznik: Defendants sought a protective order to prevent further discovery (ECF No. 71), and Plaintiffs moved to compel it (ECF No. 74). In an Order dated August 28, 2023 (ECF No. 81), Judge Reznik denied Defendants' request to preclude the depositions of Orange County Executive Steven M. Neuhaus and Rockland County Executive Edwin J. Day. Judge Reznik further clarified that the "scope of depositions," and of written discovery, "shall be limited to the issuance and intended enforcement of the revised Orange County and Rockland County executive orders, which shall include the prior versions of the executive orders and emergency declarations." (*Id.*) Defendants now write the Court seeking leave to file a motion to stay discovery and all other motion practice pending resolution of Defendants' motion

1

to dismiss or, in the alternative, to allow Defendants reciprocal discovery on the threshold issue of Plaintiffs' standing.[1] (ECF No. 82.)

Defendants' motion for leave to file a motion to stay is DENIED. Because a court is entrusted to "control by order the sequence and timing of discovery," a court may stay discovery upon a showing of "good cause." Fed. R. Civ. P. 26(c)–(d). A stay may be appropriate, for example, where a court is considering a pending dispositive motion. *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). To that end, a court should consider "the strength of the dispositive motion that is the basis of the discovery stay application." *Felberbaum v. LVNV Funding LLC*, No. 7:21-CV-09513-NSR, 2022 WL 493501, at *2 (S.D.N.Y. Feb. 17, 2022) (citations omitted). A court should also consider "the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *Id.* (citations omitted). Here, Defendants do not show good cause to stay discovery. As evidenced by the Court's prior decision granting Plaintiffs' application for a preliminary injunction—which addressed Defendants' standing argument (*see* ECF No. 55 at 19–20)—it is unclear Defendants' dispositive motion will succeed. In addition, the Court authorized a *limited* amount of discovery, and Defendants have offered no details as to why limited discovery imposes an undue burden.[2] Defendants' argument that limited discovery will force Defendants direct their

---

[1] At the outset, Defendants do not purport to seek reconsideration of this Court's July 7, 2023 Order or Judge Reznik's August 28, 2023 Order. To the extent Defendants seek reconsideration of this Court's July 7, 2023 Order, Defendants' application is untimely. *See* Local Rule 6.3 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."). Moreover, Defendants do not present "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y. City Dep't of Soc. Serv.*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted). Instead, Defendants' application is better seen as "taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

[2] In fact, the parties filed a joint letter dated September 5, 2023 in which Defendants agreed to produce all remaining documents responsive to Plaintiffs' document requests no later than September 12, 2023 (*see* ECF No. 85)—less than a week from the issuance of this Order.

"limited budgets" away from "such things as social services, health care, and critical infrastructure" is speculative, conclusory, and belied by their alternative proposal for reciprocal discovery, in which Defendants seek to take the depositions of the five named Plaintiffs. For the same reasons, Defendants' motion is also DENIED insofar as Defendants seek a stay of briefing on Plaintiffs' motion for class certification.

Defendants' motion for leave to file a motion to allow Defendants reciprocal discovery on the threshold issue of Plaintiffs' standing is likewise DENIED. Upon review of Defendants' moving papers (served August 21, 2023 by email to the Court) and Defendants' letter motion at ECF No. 82, it is unclear how allowing Defendants to take the depositions of the five named Plaintiffs would bolster Defendants' mootness arguments. Plaintiffs' letter at ECF No. 63 is instructive: Plaintiffs' standing arguments are primarily based on the threat that Defendants may re-issue their prior orders, not Plaintiffs' continued attempts to travel to the Defendant Counties. (*See also* ECF No. 55 at 20 ("[T]he Orange County Defendant has made no representation to this Court that it does not intend to enforce its order once the temporary restraining order expires.") Moreover, Defendants' request comes over two months after Defendants requested leave to file a motion to dismiss based on standing (*see* ECF No. 59). Granting Defendants' request would cause unnecessary delay and impede the timely resolution of the present action.

Defendants' letter motion is DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 82.

SO ORDERED.

Dated:   September 6, 2023
        White Plains, New York

———————————————
NELSON S. ROMÁN
United States District Judge