UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA, on behalf of himself and a class of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>EDWIN J. DAY as Rockland County Executive; STEVEN M. NEUHAUS as Orange County Executive,<br><br>　　　　　Defendants. | Case No. 23-cv-3954 (NSR) (VR) |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

NEW YORK CIVIL LIBERTIES UNION
　FOUNDATION

AMY BELSHER
TERRY DING
GUADALUPE V. AGUIRRE
IFEYINWA CHIKEZIE
CHRISTOPHER DUNN
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3300
abelsher@nyclu.org
tding@nyclu.org
laguirre@nyclu.org
ichikezie@nyclu.org

Dated: July 27, 2023
　　　New York, New York

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ....................................................................................................................... 2

ARGUMENT ............................................................................................................................. 5

    I.    THE PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(a). ............................... 6

        A.    The Proposed Class Is Sufficiently Numerous. ............................................................ 6

        B.    Questions of Law and Fact Are Common to the Proposed Class. ............................. 7

        C.    The Claims of the Named Plaintiff are Typical of the Claims of the Proposed Class. ............................................................................................................................ 8

        D.    The Named Plaintiff Will Fairly and Adequately Represent the Class. ...................... 9

    II.    THE PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(b)(2). ...................... 9

    III.    PROPOSED CLASS COUNSEL IS ADEQUATE UNDER RULE 23(g). .................. 10

CONCLUSION ....................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Cases** ..................................................................................................................................Page(s)

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) ...................................................................10

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52 (2d Cir. 2000) ..........................10

*Batalla Vidal v. Wolf,* 501 F. Supp. 3d 117 (E.D.N.Y. 2020) ...........................................................6

*Brown v. Kelly*, 609 F.3d 467 (2d Cir. 2010) ....................................................................................7

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) ...........................................6

*Deide v. Day*, No. 23-CV-3954, 2023 WL 3842694 (S.D.N.Y. June 6, 2023) .................................4

*Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006) ............................................................9

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374 (S.D.N.Y. 2016) ........................................................................................................................................7, 10

*Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67 (2d Cir. 2021) ..................................................8

*In re Frontier Ins. Group, Inc.*, Sec. Litig., 172 F.R.D. 31 (E.D.N.Y. 1997) ...................................9

*In re Petrobras Secs.*, 862 F.3d 250 (2d Cir. 2017) ......................................................................6, 7

*In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015) .........................................................7

*Johnson v. Nextel Communications Inc.*, 780 F.3d 128 (2d Cir. 2015) ...........................................7

*Ligon v. City of New York*, 288 F.R.D. 72 (S.D.N.Y. 2013) ..........................................................11

*L.V.M. v. Lloyd*, 318 F. Supp. 3d 601 (S.D.N.Y. 2018) .................................................................11

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) ............................................................5, 7, 10

*Peoples v. Annucci*, 180 F. Supp. 3d 294 (S.D.N.Y. 2016) ...........................................................11

*Reyes v. City of Rye*, No. 13-CV-9051, 2016 WL 4064042 (S.D.N.Y. July 28, 2016) ...................6

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) .......................................................................... 6, 8

*Saldana v. Middletown Car-G-Cam Uni Corp.*, No. 15 CIV. 3651, 2015 WL 12591678 (S.D.N.Y. Sept. 23, 2015) ............................................................................................................... 8, 9

*Sumitomo Copper Litig. V. Credit Lyonnais Rouse Ltd.*, 262 F.3d 134 (2d Cir. 2001) ................... 6

*Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70 (2d Cir. 2015) .......................................... 10

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................................... 7, 10

**Statutes, Rules and Regulations**

Fed. R. Civ. P. 23(a)(1) ..................................................................................................................... 6

Fed. R. Civ. P. 23(a)(3) ..................................................................................................................... 8

Fed. R. Civ. P. 23(b)(2) .................................................................................................................. 5, 9

**PRELIMINARY STATEMENT**

The plaintiffs move for class certification in this action challenging the aggressive and plainly unlawful efforts by Rockland and Orange counties in New York to block migrants from traveling to and residing within their borders. Having welcomed tens of thousands of migrants over the last year, New York City recently made arrangements to house a small number of migrants in Rockland County and nearby Orange County. In response, the two counties immediately issued executive orders that expressly sought to bar "migrants" and "asylum seekers" from coming to the counties from New York City and that further sought to bar local hotels from making their rooms available to migrants for any period of time. Since issuing their initial executive orders in early May, the counties have extended and modified them numerous times—promulgating new orders that maintain the same unlawful intent and exclusionary effect. The plaintiffs seek declaratory relief finding the orders unlawful and injunctive relief barring all actions taken pursuant to the orders.

The proposed class consists of all migrants and asylum seekers who are participating in or will participate in New York City's program that provides transportation to Rockland and Orange counties and temporary lodging, meals, and social services for migrants and asylum seekers who wish to participate. This case is a classic example of one that qualifies for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The threshold requirements of Rule 23(a) are readily satisfied: numerosity because the proposed class consists of at least three hundred individuals; commonality because the plaintiffs' constitutional and statutory claims apply similarly to the executive orders and a single injunction will remedy the violations; typicality because the proposed class representative shares the same claims and circumstances as the other class members; and adequacy because the class representative can be relied upon to fairly and adequately represent the class. Similarly, the companion requirements of Rule 23(b)(2) are met

because the executive orders are paradigmatic examples of defendants having "acted . . . on grounds that apply generally to the class so that injunctive or declaratory relief is appropriate respecting the class as a whole." Finally, the New York Civil Liberties Union Foundation has extensive knowledge, experience, and resources to serve as class counsel, thus satisfying the requirement of Rule 23(g).

## BACKGROUND

### *Migrants and Asylum-Seekers Opt into a Voluntary Relocation Program Funded by New York City.*

On or around May 5, 2023, New York City Mayor Eric Adams announced a "new, voluntary program" open to the plaintiffs and other migrants located in shelters around New York City (the "NYC program"). Press Release: Mayor Adams Announces Program To Provide Shelter Option For Asylum Seekers Already In Care In Nearby New York Counties, May 5, 2023 (Decl. of Amy Belsher ("Belsher Decl.") Ex. 1). Under the NYC program, described by Mayor Adams as a way for participants to establish "connections to local communities as they build a stable life in New York state," New York City would offer transportation to Orange and Rockland counties, where program participants would continue to receive temporary lodging, meals, and social services funded by New York City. *Id.* Hundreds of migrants and asylum seekers who had been residing in makeshift shelters for migrants in New York City opted into the program. Arun Venugopal, *Asylum Seekers In Orange County Settle In, Meet Allies and Some Foes*, Gothamist, May 15, 2023 (Belsher Decl. Ex. 2).

### *Orange and Rockland Counties Act to Block the NYC Program.*

In response to Mayor Adams's announcement, government officials in Orange and Rockland counties took immediate and extraordinary steps to block the NYC program, declaring

2

states of emergency and issuing emergency orders which explicitly prohibited transport and accommodations for "migrants" and "asylum seekers" within the counties.

The Rockland County Executive, Defendant Day, issued orders prohibiting municipalities in the county from contracting with entities either transporting migrants or asylum seekers to or housing them within the county and prohibiting hotels and motels from doing the same (together, the "Rockland County EOs"). Rockland County Emergency Order No. 1, May 6, 2023 ("Rockland County EO No. 1") (Belsher Decl. Ex. 3); Rockland County Emergency Order No. 1.1, May 18, 2023 ("Rockland County EO No. 1.1") (Belsher Decl. Ex. 4). In declaring a state of emergency and issuing the Rockland County EOs, Defendant Day used racist and xenophobic language to describe migrants and asylum seekers seeking to participate in the NYC program, the impact of migrants and asylum seekers entering and residing within Rockland County, and to otherwise condemn the NYC program. Emma James, *NY Republicans Blast NYC Mayor Eric Adams' 'Ambush' Plan to House Migrant Surge in Their Towns*, Daily Mail, May 8, 2023 (Belsher Decl. Ex. 5); Facebook posts by Defendant Day (Belsher Decl. Ex. 6).

The Orange County Executive, Defendant Neuhaus, similarly issued executive orders prohibiting hotels, motels, and other rental facilities from accepting migrants and asylum seekers (together, the "Orange County EOs"). Orange County Executive Order No. 1 of 2023 ("Orange County EO No. 1") (Belsher Decl. Ex. 7); Orange County Executive Order No. 2 of 2023 ("Orange County EO No. 2") (Belsher Decl. Ex. 8). Defendant Neuhaus used racially coded language to describe the migrants and asylum seekers seeking to participate in the NYC program, the impact of migrants and asylum seekers entering and residing within Orange County, and to otherwise condemn the NYC program. Ben Nandy and Bob Doda, *Orange County Declares State of Emergency in Response to NYC Plan to Bus Asylum Seekers to Newburgh*, News 12 Westchester

(Belsher Decl. Ex. 9); Facebook video posted by Defendant Neuhaus on May 9, 2023 (Belsher Decl. Ex. 10).

In addition to declaring states of emergencies and issuing executive orders directed at preventing migrants and asylum seekers from entering Rockland and Orange counties, both defendants have threatened to impose penalties and direct law enforcement to intercept entities transporting, housing, and otherwise assisting migrants and asylum seekers who opt into the NYC program. Dana Rubinstein and Christopher Maag, *New York City Starts Busing Migrants North. Counties Are Fighting It.*, The New York Times, May 11, 2023 (Belsher Decl. Ex. 11); Blaise Gomez, *This Issue Is Going to Get Worse.' Officials Warn Immigration Crisis Far From Over in the Hudson Valley, Despite State of Emergencies*, News 12 Westchester, May 9, 2023 (Belsher Decl. Ex. 12); Dana Rubinstein, Luis Ferré-Sadurní and Jeffery C. Mays, *New York Leaders Spar Over Adams's Plan to Move Migrants From the City*, The New York Times, May 11, 2023 (Belsher Decl. Ex. 13); Katelyn Cordero, *NYC Suburbs Vow 'Standoff' Over Adams Sending Migrants There*, POLITICO, May 10, 2023 (Belsher Decl. Ex. 14); Belsher Decl. Ex. 5.

### *The Defendants Issue New Orders Motivated By the Same Intent As the Preliminarily Enjoined Orders.*

Given the harm posed by the executive orders to the putative plaintiff class, the plaintiffs moved for a preliminary injunction, which this Court granted on June 6, 2023. *Deide v. Day*, No. 23-CV-3954, 2023 WL 3842694 (S.D.N.Y. June 6, 2023) (Román, J.). Shortly thereafter, the counties issued new executive orders. These new orders remove the explicit references to "migrants" and "asylum seekers" but continue to virtually bar the housing of the plaintiffs in the counties. *See* Rockland County Emergency Order No. 2, June 14, 2023 ("Rockland County EO No. 2") (Belsher Decl. Ex. 15); Orange County Emergency Order No. 3, June 7, 2023 ("Orange County EO No. 3") (Belsher Decl. Ex. 16). These orders are motivated by the same discriminatory

intent and intended exclusionary effect as their predecessors and they continue to harm all putative class members.

### *Putative Class Representative*

Putative class representative Jhonny Neira is a migrant who recently arrived in the United States. Decl. of Jhonny Neira ("Neira Decl.") ¶ 1. On May 11, 2023, he relocated from a shelter in Manhattan, New York to the Crossroads Hotel in Orange County, New York as part of the NYC program described above. Neira Decl. ¶ 3.

### ARGUMENT

The plaintiffs move for certification of the following class: "all migrants and asylum seekers who are participating in or will participate in New York City's program that provides transportation to Rockland and Orange counties and temporary lodging, meals, and social services for migrants and asylum seekers in the program." Pls.' Mot. for Class Cert.

The Court should certify this class because it meets the requirements of Rule 23(a) and Rule 23(b)(2). Specifically, Rule 23(a) is satisfied here because: (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law and fact are common to the class, (3) the claims or defenses of the representative party are typical of the claims or defenses of the class, and (4) the representative party will fairly and adequately protect the interests of the class. Moreover, Rule 23(b)(2) is satisfied because the defendants have "acted or refused to act on grounds that apply generally to the class so that injunctive or declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

As the Second Circuit explained, district courts must give these requirements "liberal rather than restrictive construction." *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (internal quotation marks and citations omitted). District courts are afforded broad discretion in certifying a class because a district court "is often in the best position to assess the propriety of the class."

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001).

### I.   THE PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(A).

#### A.   The Proposed Class Is Sufficiently Numerous.

The plaintiffs' proposed class satisfies the requirement that they be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In the Second Circuit, a class of 40 or more members is presumptively numerous, *see Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), and there is no requirement that plaintiffs establish a precise number of class members, *see Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) (holding that plaintiffs need not define the exact size or identity of class members to obtain class certification, and instead may "show some evidence of or reasonably estimate the number of class members").

Numerosity is satisfied here because the proposed class exceeds 40 members. The NYC program announced on May 5 was designed to accommodate approximately 300 migrants and asylum-seekers in Rockland and Orange counties. Belsher Decl. Ex. 5; *see also Reyes v. City of Rye*, No. 13-CV-9051, 2016 WL 4064042 (S.D.N.Y. July 28, 2016) (Román, J.) (certifying class of 228 individuals). Already, 186 migrants and asylum seekers have opted into the NYC program and are residing in two hotels located in Orange County. Belsher Decl. Ex. 2. Additionally, numerosity is established because the case involves migrants and asylum seekers who may opt into the NYC program in the future, making the joinder of class members impracticable.

The proposed class also satisfies the related ascertainability requirement that the class be "defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Secs.*, 862 F.3d 250, 264 (2d Cir. 2017). Here, proposed class members are definable by objective criteria within definite boundaries: all are migrants and/or asylum seekers who have participated or will participate in a recently-created NYC program administered by New York City. *See, e.g.*, *Batalla Vidal v. Wolf,* 501 F. Supp. 3d 117, 137 (E.D.N.Y. 2020) (holding that a

class comprised of all persons who were or would be eligible for the Deferred Action for Childhood Arrivals program satisfied ascertainability because it was "sufficiently definite and temporally limited"). The plaintiffs can readily identify class members through records of participating hotels in Rockland and Orange counties and by identifying migrants and asylum seekers residing in New York City shelters who sign up for the NYC program. Because the proposed class definition is not "indeterminate in some fundamental way," the "modest threshold" of ascertainability is satisfied here. *In re Petrobras Secs.*, 862 F.3d at 269.

### B. Questions of Law and Fact Are Common to the Proposed Class.

The questions of law and fact raised here are "common to the class," Fed. R. Civ. P. 23(a)(2), because their "resolution will affect all or a significant number of the putative class members," *Johnson v. Nextel Communications Inc.*, 780 F.3d 128, 137 (2d Cir. 2015). To satisfy the commonality requirement, questions of law and fact must "resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 400 (S.D.N.Y. 2016) (Román, J.) (finding commonality satisfied where "[a]nswers to the common questions undoubtedly [would] 'drive the resolution of the litigation' with respect to all parties" (citing *Wal-Mart*, 564 U.S. at 350)).

A "single issue of law or fact [] common to the class" is sufficient to establish commonality. *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405 (S.D.N.Y. 2015). Alternatively, the commonality requirement is satisfied when defendants apply a common course of prohibited conduct to the plaintiff class. *See Marisol A.*, 126 F.3d at 377 (holding that commonality requirement was met where "plaintiffs allege[d] that their injuries derive[d] from a unitary course of conduct by a single system"); *see also Brown v. Kelly*, 609 F.3d 467, 468 (2d Cir. 2010) ("[W]here plaintiffs were allegedly aggrieved by a single policy of the defendants, and there is strong commonality of the

7

violation and the harm, this is precisely the type of situation for which the class action device is suited." (internal quotation marks and citation omitted)).

The commonality requirement is met in this case. Putative class members all are migrants and asylum seekers subject to common policies: the challenged EOs. And these common policies present a series of common questions of law about their legality: whether the challenged EOs violate (a) class members' rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (b) class members' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, (c) the Supremacy Clause of Article VI of the United States Constitution, (d) Title II, Section 201 of the Civil Rights Act of 1964, (e) Section 24 of the New York Executive Law, (f) Section 296(2)(a) of the New York Executive Law, and (g) 42 U.S.C. § 1981.

Resolution of these common questions will resolve the central issues for the class because the class members' injuries flow directly from the challenged EOs and the relief sought by the class members would remove class members' barriers to enjoying their rights and protections under various constitutional and statutory provisions. *See, e.g.*, *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 79 (2d Cir. 2021) ("The different injuries allegedly flow directly from the challenged policy changes, and could be redressed by an injunction reversing those changes.").

### C. The Claims of the Named Plaintiff are Typical of the Claims of the Proposed Class.

Rule 23's requirement that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), is satisfied where, as here, "it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented[.]" *Robidoux*, 987 F. 2d at 936–37; *see also Saldana v. Middletown*

8

*Car-G-Cam Uni Corp.*, No. 15 CIV. 3651, 2015 WL 12591678, at *3 (S.D.N.Y. Sept. 23, 2015) (Román, J.) (finding typicality satisfied where the plaintiffs' and class members' claims arose "from the same factual and legal circumstances"). Here, the executive orders affect Mr. Neira in the same way they affect all class members: They purport categorically to bar and impede him, a migrant and/or asylum-seeker, from traveling to and residing within these counties. As a result, his claims satisfy the typicality requirement.

### D. The Named Plaintiff Will Fairly and Adequately Represent the Class.

The adequacy requirement under Rule 23(a)(4) "is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006); *see also Saldana*, No. 15-CV-3651 at *3 (finding typicality satisfied "because Plaintiffs' interests [were] not antagonistic or at odds with the Class Members' interests"). "Courts that have denied class certification based on the inadequate qualifications of plaintiffs have done so only in flagrant cases, where the putative class representatives display an alarming unfamiliarity with the suit." *In re Frontier Ins. Group, Inc.*, Sec. Litig., 172 F.R.D. 31, 47 (E.D.N.Y. 1997) (internal quotations marks omitted).

Mr. Neira is an adequate representative of the class because he is familiar with and subject to the challenged EOs, he is committed to representing migrants and asylum seekers who are also subject to the challenged EOs, and he has no foreseeable conflicts of interest with other class members. Neira Decl. ¶¶ 4–6, 10–12.

## II. THE PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(B)(2).

The proposed class also meets the Rule 23(b)(2) requirement that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R.

9

Civ. P. 23(b)(2). The Supreme Court has taught that civil rights cases like this one are "prime examples" of Rule 23(b)(2) class actions. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 614 (1997) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples [of Rule 23(b)(2) class actions]."). Likewise, the Second Circuit has recognized that "[c]ivil rights cases seeking broad declaratory or injunctive relief for a large and amorphous class . . . fall squarely into the category of [Rule] 23(b)(2) actions." *Marisol A.*, 126 F.3d at 378 (internal quotation omitted).

Certification under Rule 23(b)(2) is also appropriate here because "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360. Here, the defendants are acting on grounds generally applicable to the proposed class members because the challenged EOs deny rights and protections to all putative class members. As a result, injunctive and declaratory relief against the defendants would remedy the harms suffered by the class members. *See Goldemberg*, 317 F.R.D. at 385 (stating that class certification under Rule 23(b)(2) is appropriate where "where a single injunction would provide relief to each member of the class" (citing *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015))).

### III.   PROPOSED CLASS COUNSEL IS ADEQUATE UNDER RULE 23(G).

The final consideration is whether, as required by Rule 23(g), proposed class counsel is "qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Proposed class counsel, the New York Civil Liberties Union Foundation, meets this requirement.

First, plaintiffs' attorneys have done significant work researching the claims in this action and drafting and filing the complaint. Belsher Decl. ¶ 6. Second, plaintiffs' attorneys have extensive experience in class-action litigation and have previously represented classes of plaintiffs

seeking systemic reform in federal class action lawsuits. The plaintiffs' attorneys have successfully litigated class-action cases in the Southern District of New York and elsewhere in New York asserting constitutional claims against various government entities. *See, e.g., L.V.M. v. Lloyd*, 318 F. Supp. 3d 601 (S.D.N.Y. 2018) (certifying class of detained immigrant children challenging unnecessarily prolonged detention); *Peoples v. Annucci*, 180 F. Supp. 3d 294 (S.D.N.Y. 2016) (approving class settlement of action challenging solitary confinement in New York State prisons); *Ligon v. City of New York*, 288 F.R.D. 72 (S.D.N.Y. 2013) (certifying class in challenge to an New York City Police Department stop-and-frisk program). Belsher Decl. at ¶ 4. The plaintiffs' attorneys also have a deep knowledge of constitutional law, with decades of experience litigating civil-rights class actions asserting constitutional claims. *Id*. at ¶ 5. Finally, the plaintiffs' attorneys have already devoted significant resources to developing and maintaining this litigation, as evidenced by the staffing of this case, and will continue to do so as the case proceeds. *Id*. at ¶¶ 6–7.

## **CONCLUSION**

For the foregoing reasons, the plaintiffs respectfully request that this Court grant their motion for class certification, certify the plaintiff class, appoint Jhonny Neira as representative of the class, and appoint the New York Civil Liberties Union Foundation as class counsel.

Dated: July 27, 2023
New York, NY

Respectfully submitted,

*/s/ Amy Belsher*

Amy Belsher
Ifeyinwa Chikezie
Terry Ding
Guadalupe Victoria Aguirre
Christopher Dunn
125 Broad Street, 19th Floor
New York, N.Y. 10004
212-607-3300
abelsher@nyclu.org
ichikezie@nyclu.org
tding@nyclu.org
laguirre@nyclu.org

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 27, 2023, I served by electronic email (upon consent of the defendants' counsel) this memorandum in law in support of the plaintiffs' motion for class certification upon the following counsel of record for the defendants in this case:

    Matthew Parisi (MParisi@BPSlaw.com);
    Vincent Crowe (VCrowe@bpslaw.com); and
    David Chen (dchen@bpslaw.com).

| | |
|---|---|
| Dated: July 27, 2023 | */s/ Amy Belsher* |
|   New York, NY | Amy Belsher |

1