# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA on behalf of himself and all similarly situated people,<br><br>        Plaintiffs,<br><br>        v.<br><br>EDWIN J. DAY as Rockland County Executive; STEVEN M. NEUHAUS as Orange County Executive,<br>        Defendants. | Case No. 23-cv-3954 (NSR) (VR) |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

NEW YORK CIVIL LIBERTIES UNION
  FOUNDATION

AMY BELSHER
IFEYINWA CHIKEZIE
TERRY DING
GUADALUPE V. AGUIRRE
CHRISTOPHER DUNN
125 Broad Street, 19th Floor
New York, New York 10004
212-607-3300
abelsher@nyclu.org
ichikezie@nyclu.org
tding@nyclu.org
laguirre@nyclu.org
cdunn@nyclu.org

Dated: September 27, 2023
      New York, New York

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    THE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS NOT PREMATURE...... 1

    II.   THE PLAINTIFFS SATISFY THE CLASS CERTIFICATION REQUIREMENTS. ............. 2

        A.    Numerosity and Ascertainability ........................................................................ 2

        B.    Commonality ........................................................................................................ 6

        C.    Typicality ............................................................................................................. 7

        D.    Adequacy ............................................................................................................. 8

    III.  THE PLAINTIFFS SATISFY RULE 23(b)(2). ........................................................................ 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases** ......................................................................................................................................Page(s)

*Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers*, Inc., 36 F. Supp. 3d 417 (S.D.N.Y. 2014) ...................................................................................................................2

*Brecher v. Republic of Argentina*, 806 F.3d 22 (2d Cir. 2015) ......................................................5

*Curtin v. Mitnick L. Off., LLC*, No. 13-CV-3142 (NSR), 2013 WL 12109399 (S.D.N.Y. Sept. 10, 2013) ..............................................................................................................................2

*Dajour B. ex rel. L.S. v. City of New York*, No. 00-CV-2044, 2001 WL 1173504 (S.D.N.Y. Oct. 3, 2001) ..............................................................................................................................7

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008) .................................................8

*Deide v. Day*, No. 23-CV-3954 (NSR), 2023 WL 3842694 (S.D.N.Y. June 6, 2023) ........3, 4, 7, 9

*Elisa W. v. City of New York*, No. 22-7, 2023 WL 6066476 (2d Cir. Sept. 19, 2023) ................2, 6

*Flores v. Anjost Corp.*, 284 F.R.D. 112 (S.D.N.Y. 2012) ...............................................................3

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374 (S.D.N.Y. 2016) ...........................................................................................................................6, 7, 8

*Hobbs v. Knight-Swift Transportation Holdings, Inc.*, No. 21-CV-01421, 2023 WL 3966484 (S.D.N.Y. June 13, 2023) .............................................................................................4

*In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006) ...............................................4

*In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015) ........................................................6

*La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432 (S.D.N.Y. 2010) .......................................3

*Lewis-McCoy v. Wolf*, No. 1:20-CV-1142 (S.D.N.Y. April 17, 2020) ...........................................1

*Liberian Cmty. Ass'n of Connecticut v. Malloy*, No. 3:16-CV-00201, 2016 WL 10314574 (D. Conn. Aug. 1, 2016) ...........................................................................................................4

*M.C. v. Jefferson Cnty., New York*, No. 6:22-CV-190, 2022 WL 1541462 (N.D.N.Y. May 16, 2022) ..............................................................................................................................1

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) ......................................................................5, 7

*Ruffo v. Adidas Am. Inc.*, No. 15-CV-5989, 2016 WL 4581344 (S.D.N.Y. Sept. 2, 2016) .............5

*Stream Sicav v. Jun Wang*, No. 12-CV-6682, 2014 U.S. Dist. LEXIS 35421 (S.D.N.Y. Mar. 17, 2014) ..............................................................................................................................2

*Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70 (2d Cir. 2015) .................................................. 8

*Vazquez Perez v. Decker*, No. 18-CV-10683, 2020 WL 7028637 (S.D.N.Y. Nov. 30, 2020) ........ 1

*Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.*, 331 F.R.D. 279 (S.D.N.Y. 2019) ................................................................................................................ 4, 5

*3081 Main St., LLC v. Bus. Owners Liab. Team LLC*, No. 3:11-CV-1320 SRU, 2012 WL 4755048 (D. Conn. Sept. 24, 2012) ................................................................................................ 2

**Statutes, Rules and Regulations**

Fed. R. Civ. P. 23(b)(2) ............................................................................................................. 9, 10

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................................................. 9

## PRELIMINARY STATEMENT

In opposing class certification, the defendants largely repeat the same arguments they made in moving to dismiss and in seeking to stay discovery: that plaintiffs lack standing and must amend their pleadings in order to challenge revisions to the defendants' executive orders. These arguments —which are addressed in the plaintiffs' opposition to the motion to dismiss— are irrelevant to the question of whether the putative class should be certified. And on that question, the defendants' arguments that the plaintiffs fail to satisfy any of the requirements for class certification are grounded in the defendants' misunderstandings of both the plaintiffs' claims and the requirements under Federal Rule of Civil Procedure 23. Accordingly, the Court should reject these arguments and certify the class.

## ARGUMENT

**I.    THE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS NOT PREMATURE.**

The defendants first assert as an initial matter that the plaintiffs' motion for class certification is premature because no discovery has been conducted. But the plaintiffs submitted a record in support of their motion for class certification, and the defendants have not identified any deficiency in that record precluding class certification. Instead, they assert that without discovery, class certification is premature. But courts routinely adjudicate class-certification motions without discovery, and the defendants cite no case holding that doing so is improper. *See*, *e.g.*, *M.C. v. Jefferson Cnty., New York*, No. 6:22-CV-190, 2022 WL 1541462 (N.D.N.Y. May 16, 2022) (certifying class without discovery); *Vazquez Perez v. Decker*, No. 18-CV-10683, 2020 WL 7028637 (S.D.N.Y. Nov. 30, 2020) (same); *Lewis-McCoy v. Wolf*, No. 1:20-CV-1142 (S.D.N.Y. April 17, 2020) (same).

1

Nor could they, as the Second Circuit has acknowledged that discovery is not always necessary prior to class certification. *See Elisa W. v. City of New York*, No. 22-7, 2023 WL 6066476, at *4 (2d Cir. Sept. 19, 2023) (noting that "*sometimes* it may be necessary for the court to probe behind the pleadings before coming to rest on the [class] certification question") (emphasis added) (citation omitted). At most, the cases the defendants cite demonstrate discovery may be warranted prior to class certification in circumstances that differ meaningfully from those present here. *See* Defs.' Opp'n at 5 (*citing Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers*, *Inc*., 36 F. Supp. 3d 417, 419 (S.D.N.Y. 2014) (plaintiff affirmatively moved to compel discovery), *and then citing Stream Sicav v. Jun Wang*, No. 12-CV-6682 (PAE), 2014 U.S. Dist. LEXIS 35421, *3-5 (S.D.N.Y. Mar. 17, 2014) (plaintiff did not provide evidence of a classwide injury); *and then citing 3081 Main St., LLC v. Bus. Owners Liab. Team LLC*, No. 3:11-CV-1320 (SRU), 2012 WL 4755048, at *1 (D. Conn. Sept. 24, 2012) (plaintiff conceded to having moved for class certification prematurely to avoid settlement-related mootness concerns); *and then citing Curtin v. Mitnick L. Off., LLC*, No. 13-CV-3142 (NSR), 2013 WL 12109399, at *1 (S.D.N.Y. Sept. 10, 2013), ECF No. 11 (to avoid settlement-related mootness concerns, plaintiffs sought leave to move for class certification on a sparse record six days after filing the complaint and requested long briefing schedule to assemble evidence in support of the motion).

## II.     THE PLAINTIFFS SATISFY THE CLASS CERTIFICATION REQUIREMENTS.

### A.     Numerosity and Ascertainability

After proclaiming publicly and throughout this action that hundreds or even *thousands* of migrants and asylum seekers would choose to relocate to their counties through New York City's program, *see*, *e.g.*, ECF No. 35 at 4 (referencing Rockland County's efforts "to enjoin [New York] City from moving . . . 340 adult men" to a hotel within the county); ECF No. 29 at 17

2

(alleging that "[a]n influx of hundreds, if not thousands" of migrants and asylum seekers "would burden" Orange County), the defendants now argue that the record does not establish that more than 40 individuals, the presumptive threshold to establish numerosity, are in the putative class. But "reasonable inferences drawn from available facts" plainly demonstrate numerosity is satisfied here. *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) (citation omitted).

      The defendants concede that 186 putative class members relocated to Orange County but argue these numbers are irrelevant because these individuals lack standing. Defs.' Opp'n at 7. But notwithstanding the Court's discretion to defer on the standing question[1]—which the parties are presently briefing in response to the defendants' motion to dismiss—here, this Court has already found that migrants and asylum seekers who are currently housed in Orange County still have standing to challenge the defendants' executive orders.[2] Because all of these individuals are within the putative class, numerosity is satisfied on this basis alone.

      Moreover, as this Court has already recognized, "the record shows that New York City's plan includes relocation of about 300 people to the two counties." *Deide*, 2023 WL 3842694 at *17. The defendants object to this record evidence as "pure speculation." Defs.' Opp'n at 6. This characterization cannot be reconciled with the defendants' own statements acknowledging these numbers, *see Deide,* 2023 WL 3842694 at *17, *24, and New York City's widely-reported plans to send hundreds of individuals to Rockland and Orange Counties, *see*, *e.g.*, Decl. of Amy

---

[1] "[S]tanding questions may be deferred until after a class has been certified, because class certification issues are logically antecedent to Article III concerns." *La Pietra v. RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 439 n.1 (S.D.N.Y. 2010) (citation and quotations omitted).
[2] *See Deide v. Day*, No. 23-CV-3954 (NSR), 2023 WL 3842694, at *10 (S.D.N.Y. June 6, 2023) (holding that this action is not moot as to the migrants and asylum seekers who had been relocated to hotels through the New York City program); ECF No. 87 at 2 (noting that the Court already "addressed Defendants' standing argument" when issuing preliminary injunction).

Belsher Ex. 5.[3] And the defendants' own executive orders suggest that, to the extent the plaintiffs' estimates are incorrect, they are an *undercount. See Deide,* 2023 WL 3842694 at *24 ("The Orange County Defendant similarly argues that Orange County's resources will be burdened by the influx of 'hundreds, if not thousands' of migrants/asylum seekers."). This evidence does not rest on the type of "pure speculation or bare allegations" at issue in the defendants' caselaw. *See Hobbs v. Knight-Swift Transportation Holdings, Inc.*, No. 21-CV-01421, 2023 WL 3966484, at *5-6 (S.D.N.Y. June 13, 2023) (finding numerosity was not satisfied because the plaintiff failed to provide any reasonable estimates of the size of the class and instead made indirect inferences based on ancillary nationwide and regional data); *Liberian Cmty. Ass'n of Connecticut*, 2016 WL 10314574 at *7-8 (finding numerosity was not satisfied where plaintiff referenced a risk of disease as evidence that a sufficiently high number of people traveling from West Africa would be exposed to Ebola and quarantined).

The defendants next argue that because the putative class includes future members, the class is not "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also* Defs.' Opp'n at 7. However, "[t]he fact that the class includes future members . . . does not pose an obstacle to certification." *Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.*, 331 F.R.D. 279, 299 (S.D.N.Y. 2019) (citation omitted). The defendants further argue that joinder is not impracticable by speculating that the New York City program

---

[3] The defendants' argument that the plaintiffs' evidence of the estimate cannot be credited because the article notes the statement had not been corroborated at that time, Defs.' Opp'n at 6, is not persuasive given their own prior statements acknowledging these same numbers. Nor do the cases they cite provide any support for their supposed sourcing concern. *Id.* (*citing In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (discussing courts' obligation to determine that Rule 23 requirements are met and any relevant factual disputes are resolved prior to class certification), *and then citing Liberian Cmty. Ass'n of Connecticut v. Malloy*, No. 3:16-CV-00201, 2016 WL 10314574, at *7-8 (D. Conn. Aug. 1, 2016) (holding that plaintiffs' evidence did not support their "generalized assertion" about a public health risk).

4

might not exist in the future. Defs.' Opp'n at 7. But whether New York City's program *may*, at some point in the future, end is not relevant to joinder. *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) ("Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members."). In fact, the defendants address none of the considerations relevant to the joinder analysis. And several of those considerations are present here: including that the plaintiffs' request for injunction relief involves future class members. Pls.' Mot. for Class Certification at 6.

      Finally, the defendants' argument that ascertainability is not satisfied because the class definition includes future members is contrary to the case law in this circuit. *See*, *e.g.*, *Westchester Indep. Living Ctr., Inc.*, 331 F.R.D. at 299-300 (finding ascertainability satisfied in class including future members). Moreover, the class members are reasonably ascertainable and their identification would not require the type of mini-hearings that preclude certification in other cases. *See* Pls.' Mot. at 6-7, *see also Ruffo v. Adidas Am. Inc.*, No. 15-CV-5989, 2016 WL 4581344, at *2 (S.D.N.Y. Sept. 2, 2016) (finding ascertainability not satisfied where stores kept no records of relevant customers and there was *no way* to track said customers down). The putative class can be readily identified through other means, such as through the records maintained by New York City of migrants and asylum seekers who volunteer to be relocated and who have already been located, or through records maintained by the hotels in which many putative class members reside. *See* Pls.' Mot. at 7. And *Brecher v. Republic of Argentina*, which defendants claim is "analogous" to the instant case, Defs.' Opp'n at 8, is completely inapplicable

5

here because that court's holding on ascertainability was dependent upon "the unique features" of financial bonds. 806 F.3d 22, 26 (2d Cir. 2015).

### B. Commonality

The defendants' primary argument with respect to commonality—that the putative class has "not suffered any injury attributable to Defendants" and therefore "cannot have all suffered the same injury"—merely repackages their argument that the plaintiffs lack standing. Defs.' Opp'n at 9 (quotations and citations omitted). The plaintiffs *have* suffered injury: the violation of their constitutional and civil rights and the unlawful interference they face in relocating to Rockland and Orange Counties. This Court's preliminary injunction *temporarily* preventing the defendants from enforcing their orders, does not deprive the plaintiffs of their standing as the defendants suggest. Defs.' Opp'n at 10. And as the plaintiffs have stressed, their injuries persist notwithstanding the defendants' latest revisions to their executive orders, which have been promulgated pursuant to the same original emergency declarations, seek "to continue to prevent the relocation of migrants and asylum seekers to their counties," and maintain the same infirmities as the defendants' earlier orders. Pls.' Resp. to Defs.' Req. for Pre-Mot. Conference, ECF No. 63 at 2.

The defendants also argue that because the plaintiffs have identified a "*series* of common questions," they are "unable to pose a *single* common question." Defs.' Opp'n at 9 (citations omitted). The defendants do not cite any case for the illogical proposition that plaintiffs whose claims present multiple common questions are somehow less certifiable, and nor can they; courts routinely certify classes raising multiple common questions of law or fact. *See*, *e.g.*, *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374 (S.D.N.Y. 2016); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015); *see also Elisa W.*, 2023 WL 6066476 at *4-8

(reversing lower court's denial of class certification and identifying multiple questions common to the putative class).

### C. Typicality

The defendants argue that typicality is not satisfied because their most recently issued executive orders "do not purport to bar migrants and/or asylum-seekers from travelling to, or residing in, Rockland and Orange Counties" and because Mr. Neira, the class representative, is residing at a hotel in Orange County and is therefore, according to the defendants, atypical of migrants and asylum seekers who may opt into the New York City program in the future. Defs.' Opp'n at 11-12. These arguments are unavailing. First, as detailed in their forthcoming opposition to the defendants' motion to dismiss, the plaintiffs maintain live claims against the defendants' original orders which, as this Court has found, explicitly limit migrants and asylum seekers' ability to travel to and reside within the counties. *Deide*, 2023 WL 3842694 at *21-22, *24-25. Second, the defendants' revised executive orders carry the same discriminatory intent as the earlier versions of those orders and harm the proposed class in precisely the same way. *See supra* II.B. And the illegality of the defendants' efforts to exclude the putative class from their counties through these executive orders "occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Dajour B. ex rel. L.S. v. City of New York*, No. 00-CV-2044, 2001 WL 1173504, at *6 (S.D.N.Y. Oct. 3, 2001) (citation and quotations omitted). This Court has held that "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff[s] and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Goldemberg*, 317 F.R.D. at 400 (citing *Robidoux*, 987 F.2d at 936-37). Here, the same unlawful conduct—the promulgation of the unlawful

7

executive orders—was directed at and affects both Mr. Neira and the proposed class in the same manner.

### D. Adequacy

The defendants' arguments that neither the class representative nor proposed class counsel are adequate rest upon multiple hypotheticals that have no bearing upon the adequacy inquiry. First, the defendants argue that plaintiffs do not assert that Mr. Neira is familiar with the current executive orders. But the plaintiffs' claims remain the same with respect to the new orders and a class representative need not assert knowledge of every factual development in a case to demonstrate adequacy. *Goldemberg*, 317 F.R.D. at 401 (noting the adequacy requirement is met where "the class representative[] [is] prepared to prosecute fully the action and [has] no known conflicts with any class member"). Nor have the defendants identified any conflict of interest beyond a vague allusion that such a conflict "is quite possible" should New York City—who is not a party to this action—reach a hypothetical future agreement with Orange County. Defs.' Opp'n at 13; *see Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 90 (2d Cir. 2015) ("[A]dequacy is satisfied unless plaintiff's interests are antagonistic to the interest of other members of the class.") (quotations omitted). Moreover, "[t]he fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008). As Mr. Neira demonstrates in his declaration, he is sufficiently familiar with this matter, willing to serve as class representative, and has no foreseeable conflicts of interest. Pls.' Mot. at 9; Decl. of Jhonny Neira at ¶ 4-6, 10-12. The defendants cannot construct a conflict of interest where none exists.

Second, the defendants do not dispute that proposed class counsel meets all of the requirements of Rule 23(g)(1), which directs courts assessing the adequacy of class counsel to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Nor do the defendants challenge the plaintiffs' assertions that that the New York Civil Liberties Union satisfies the requirements of Rule 23(g). *See* Pls.' Mot. at 10-11; Decl. of Amy Belsher at ¶ 4-7. Instead, the defendants reach for speculative considerations with no groundings in these requirements, arguing that that class counsel is inadequate because "[i]t is easy to foresee" conflicts between a purported "policy agenda" and the interests of class members. Defs.' Opp'n at 13-14. This hypothetical conflict is, as the defendants implicitly concede, entirely speculative. And as the defendants recognize, "there is no reason to doubt the NYCLU's qualifications or abilities." *Id.* at 13.

### III. THE PLAINTIFFS SATISFY RULE 23(b)(2).

Finally, the defendants argue that the plaintiffs do not satisfy Federal Rule of Civil Procedure 23(b)(2), not by denying that the defendants' orders apply generally to the class or by reference to any applicable standard, but by disputing whether this challenge should be considered a "civil rights case." Defs.' Opp'n at 14-15. Relevance aside, this contention is difficult to understand in light of this Court's prior finding that the plaintiffs are likely to succeed on multiple claims that the defendants' orders violate their constitutional and civil rights. *Deide*, 2023 WL 3842694 at *9 (noting the "only question before the Court" is "whether the EOs violate the constitutional and federal civil rights of the migrants and asylum seekers"). To the extent the

9

defendants dispute whether the plaintiffs will ultimately prevail in those same claims against the defendants' revised orders, that question is not appropriately considered here.

The defendants also argue that declaratory relief would not remedy harm to the class because state court orders temporarily prevent the relocation of migrants and asylum seekers to their counties. Defs.' Opp'n at 15. Among other flaws, this argument fails to acknowledge what this Court has already recognized: nothing prevents the defendants from enforcing their orders if and when the state courts' interim orders dissolve. Thus, the defendants are acting "on grounds that apply generally to the class," such that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

## CONCLUSION

For the foregoing reasons, the defendants' arguments in opposition to class certification lack merit, and this Court should certify the plaintiff class.

Dated: September 27, 2023
New York, New York

> NEW YORK CIVIL LIBERTIES UNION
>   FOUNDATION
>
> */s/ Amy Belsher*
> AMY BELSHER
> IFEYINWA CHIKEZIE
> TERRY DING
> GUADALUPE V. AGUIRRE
> CHRISTOPHER DUNN
> New York Civil Liberties Union
>   Foundation
> 125 Broad Street, 19th Floor
> New York, N.Y. 10004
> Tel: 212-607-3300
> abelsher@nyclu.org
> ichikezie@nyclu.org
> tding@nyclu.org
> laguirre@nyclu.org
> cdunn@nyclu.org
>
> *Counsel for Plaintiffs*