

New York Civil Liberties Union
125 Broad Street, 19th Fl.
New York, NY 10004
(212) 607-3300
www.nyclu.org

November 29, 2023

**VIA ECF**

Honorable Victoria Reznik
United States Magistrate Judge
United States District Court
Southern District of New York
The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

  Re: *Deide v. Day*, 23-cv-3954-NSR-VR

Dear Judge Reznik:

  The plaintiffs in the above-referenced matter—a putative class of migrants and asylum seekers excluded from the defendants' counties pursuant to their unlawful executive orders—write in response to the defendants' letter motion to seal four documents relevant to the postponement of Defendant Day's deposition which this Court ordered as part of limited expedited discovery over four months ago. *See* Defs.' Mot. to Seal ("Defs.' Mot.") (ECF No. 106). Specifically, the defendants ask this Court to seal the following documents in their entirety: (1) the defendants' October 27 letter motion seeking to postpone Defendant Day's deposition (ECF No. 107); (2) an October 4 letter from Defendant Day's medical provider appended to the defendant's motion (ECF No. 108); (3) the plaintiffs' November 10 letter seeking reconsideration of the Court's order postponing Mr. Day's deposition (ECF No. 109); and (4) the defendants' November 17 opposition to the plaintiffs' reconsideration motion (ECF No. 110).[1]

  The defendants have not remotely met their high burden of showing that sealing these documents in full is both essential to protect Defendant Day's interest in private medical information and narrowly tailored to achieve that end. While *some* of the private medical

---

[1] The defendants ascribe suspect, ulterior motives to the plaintiffs' request that they simply comply with this Court's procedures on sealing. As this response makes clear, and contrary to the defendants' accusations, the plaintiffs do not wish to publicize Defendant Day's private medical information but requests only that the defendants meet the high burden required to deprive the public of documents to which it has a constitutional right of access.

1

information contained in these four documents may be appropriately sealed, including the letter from Defendant Day's medical provider, most of the letter briefs contain no specific reference to Defendant Day's medical condition or treatment. Instead, the parties' briefs primarily consist of requests and background information relevant to this case—and unrelated to Defendant Day's private medical information—as well as general information about Defendant Day's condition that the *defendants* have already discussed in public filings. *See* Defs.' Letter of Oct. 11, 2023 (ECF No. 95); *see generally* Defs.' Mot. Accordingly, this Court should deny the defendants' request to seal these documents in full as insufficiently tailored to protect Defendant Day's interest in his private medical information.

The defendants do not dispute that the documents they seek to seal are judicial documents entitled to a qualified right of access under the First Amendment. *See* Defs.' Mot. at 2-3 (noting the inquiry here is whether the sealing request is necessary and "narrowly tailored" to protect Defendant Day's privacy interest). Nor could they as "[t]he Second Circuit has held that 'documents submitted to a court for its consideration in a . . . motion are—as a matter of law— judicial documents to which a strong presumption of [immediate public] access attaches, under both the common law and the First Amendment.'" *United States v. Martoma*, No. 12-CR-973, 2014 WL 164181, at *3 (S.D.N.Y. Jan. 9, 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)); *see also In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987) (finding a qualified First Amendment right of access extends to pretrial discovery motions and documents attached to those motions). In particular, the defendants have placed Defendant Day's ability to sit for a three-hour deposition squarely at issue in asking this Court to postpone his deposition. Accordingly, the information in these documents "may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).

Here, the defendants argue that all—or effectively all—of the content in the parties' letter briefs should be sealed because they "all discuss [Defendant Day's] medical information." Defs' Mot. at 3. The plaintiffs do not dispute that the short letter from Defendant Day's medical provider is the type of medical record routinely sealed in this Circuit. *See, e.g.*, *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (sealing private medical records while noting that the court's decisions and "all references" to those records would remain unredacted); *Dilworth v. Goldberg*, No. 10-CV-2224, 2014 WL 3798631, at *2 (S.D.N.Y. Aug. 1, 2014) (approving certain redactions to plaintiffs' private medical records while discussing the contents of those records in the decision).

However, the defendants' request that this Court seal *in full* the parties' letter motions concerning the delay of Defendant Day's deposition does not satisfy the First Amendment's narrow tailoring requirement. "A sealing request is 'narrowly tailored' when it seeks to seal *only* that information that needs to be sealed in order to preserve higher values." *Robinson v. De Niro*, No. 19-CV-9156, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022) (citing *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021)).

The parties' briefs are largely devoid of any specific reference to Defendant Day's condition and treatment. And general references to Defendant Day's condition provide no basis for sealing as the *defendants* have already stated in public filings in this case that Defendant Day has a medical condition that prevents him from sitting for a three-hour deposition for several months. *See* Defs.' Letter of Oct. 11, 2023 at 1 ("Mr. Day is not currently capable of sitting for a three-hour deposition (because of an ongoing medical condition) and such condition is expected to continue for a number of months."); Defs.' Mot. at 2 (noting Defendant Day's deposition had been postponed "due to certain medical concerns"); *see also Jin v. Choi*, No. 20-CV-09129, 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (sealing detailed medical records but not other documents referencing health conditions because plaintiff's privacy interest was "undermined by" the availability of this information on the public docket). The plaintiffs' letter brief discusses Defendant Day's condition at a high level of generality, focusing primarily on what Defendant Day's doctor does *not* say about his condition. And the defendants have provided no basis for this Court to seal the vast majority of that brief, which pertains to the background in this case, the need for expedited discovery, and their request for the Court to proceed with general discovery.

As for the defendants' two letter briefs, there are very few mentions of Defendant Day's private medical information and the plaintiffs do not object to redaction of those mentions.[2] The remainder consists of background, argument, and the defendants' counsel's general statements sourced from the internet, not any private medical record, about the potential side effects of the treatment Defendant Day is receiving. While courts routinely seal medical records, they often permit more generalized references to medical conditions to remain open to the public. *See, e.g.*, *Dabiri v. Fed'n of States Med. Boards of the United States, Inc.*, No. 08-CV-4718, 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) (sealing plaintiff's detailed medical records from treating physicians but holding that "the Court will not seal" other mentions of plaintiff's medical condition contained on the docket); *Hand v. New York City Transit Auth.*, No. 11-CV-997, 2012 WL 3704826, at *5-6 (E.D.N.Y. Aug. 26, 2012) (holding that "the only document for which there is an arguable need for suppression" was a document from plaintiff's physician after plaintiff moved to seal "personal and medical records"); *Ray v. New York State Dep't of Corr.*, No. 04-CV-6191, 2005 WL 2994312, at *3 (W.D.N.Y. Nov. 8, 2005) (noting medical records were filed under seal while discussing the information contained therein in the opinion).

---

[2] Defendant Day's specific condition is mentioned within the defendants' October 27 letter motion seeking to postpone Defendant Day's deposition (ECF No. 107) in the following places: the entire second paragraph from the top on page 1 starting with "As discussed"; the name of the medication where it appears in the third paragraph from the top on page 1; the final sentence of the third paragraph from the top on page 1; and the first two sentences on page 2. Within the defendants' November 17 letter (ECF 110), Defendant Day's condition is mentioned in: the final three sentences at bottom of page 1; portions of the paragraph second from the top of page two starting with "(a) be in" through the end of that paragraph; and the entire paragraph second from the bottom of page 2 beginning with "Further".

The defendants' offer to, alternatively, make redactions of virtually the entirety of the letters is no real alternative and falls short of their burden to demonstrate the "specific, rigorous findings," required for this Court to find sealing is warranted.[3] *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

Finally, this Court need not consider the defendants' argument that the Court should afford little weight to these documents, Defs.' Mot. to Seal at 2, as those arguments relate only to the standard for the common law presumption of public access, not the governing First Amendment analysis. The Second Circuit has held that where documents "are subject to a First Amendment right of access, which is stronger and can only be overcome under more stringent circumstances than the common law presumption . . . we need not, and do not, engage in [] a common law analysis," which includes assessing the weight of the presumption against competing considerations. *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014).[4]

In any event, the defendants' superficial characterization of the dispute over Defendant Day's deposition fails to account for the important context surrounding the issue and addressed in the parties' letter briefs. The unique, firsthand information that the plaintiffs have sought for months to obtain by deposing Mr. Day—including information about his many conversations with Defendant Neuhaus—is central to the plaintiffs' claims and their anticipated motion for preliminary injunctive relief. The parties' dispute concerns Defendant Day's third attempt to delay his deposition which is now scheduled for a total of nearly three months after it was originally scheduled and nearly six months after Judge Román granted the plaintiffs permission to engage in this discovery.

Thus, while the defendants may not wish to advertise the fact that the Rockland County Executive, charged with overseeing a population of over 330,000, is not capable of sitting for a

---

[3] The defendants cite a decision by Judge Román for the proposition that courts will order entire documents sealed where "targeted redactions" are insufficient. Defs' Mot. at 3 (citing *M.C. v. Cty. of Westchester*, No. 16-CV-3013 (NSR), 2019 U.S. Dist. LEXIS 211569 (S.D.N.Y. Dec. 3, 2019) (sealing medical records from physicians, nurses, and health institutions)). This unpublished endorsed order does not support the defendants here and in any event pertains only to the sealing of *medical records*, not briefing by the parties.

[4] Even if the Court reaches this alternative analysis, here too considerations weigh against sealing the entirety of these documents. The documents at issue here—letter briefs filed by the parties concerning discovery-related disputes—are entitled to a strong presumption in favor of access because they "directly affect an adjudication." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (finding "the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance"); *id.* at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low."); *cf. United States v. Bankman-Fried*, No. 22-CR-0673, 2023 WL 1108471, at *3 (S.D.N.Y. Jan. 30, 2023) (assigning little weight to information found in individual bond forms).

4

three-hour deposition, they have provided this Court with no basis to redact the parties' letter briefs in full. Defendant Day's interest in his private medical information may be sufficiently protected through minimal redactions. *See Est. of Jackson by Jackson v. Cnty. of Suffolk*, No. 12-CV-1455, 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) ("Nor do defendants offer any other reason for sealing—save that the report 'contain[s] sensitive, personal information about parties and nonparties.' That, however, can be remedied with specific redactions" (citation omitted)).

Respectfully submitted,

*/s/ Amy Belsher*
Amy Belsher
Ifeyinwa Chikezie
Guadalupe Victoria Aguirre
Christopher Dunn
Terry Ding
Antony Gemmell
125 Broad Street, 19th Floor
New York, N.Y. 10004
212-607-3300
abelsher@nyclu.org

*Counsel for the Plaintiffs*

5