UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SIDI MOUHAMED DEIDE et. al.,

                        Plaintiff,

            -against-

COUNTY EXECUTIVE EDWIN J. DAY et. al.

                       Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/11/2023

23-CV-3954 (NSR)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Currently before the Court is Defendant Day's request that ECF Nos. 107 – 110 remain under seal. (ECF No. 106). For the reasons that follow, Defendant's request to seal is **GRANTED** with respect to ECF No. 108, and **DENIED** with respect to ECF Nos. 107, 109, and 110, subject to a renewed motion that proposes narrowly tailored redactions.

**BACKGROUND**

On October 12, 2023, Defendant Edwin J. Day filed a status letter stating that "Mr. Day is not currently capable of sitting for a three-hour deposition (because of an ongoing medical condition) and such condition is expected to continue for a number of months," and requested an adjournment of the October 6, 2023, deadline for his deposition. (ECF No. 95). On October 20, 2023, the Court held a teleconference to address this issue and ordered Defendant to submit for *in camera* review additional documentation to support his extension request. Defendant emailed the Court a letter with a medical record attached. (ECF No. 107, 108). After the Court reviewed these documents, on October 31, 2023, the Court extended the deadline to depose Edwin J. Day to December 31, 2023. On November 10, 2023, Plaintiffs emailed the Court a letter-motion to reconsider this order, and filed a letter stating that the emailed letters and medical record should

be filed publicly on the docket.  (ECF No. 104).  The Court then set a deadline for Defendants to file those documents with a motion to seal.  (ECF No. 105).  On November 20, 2023, Defendant filed a motion to seal (ECF No. 106) and separately filed sealed versions of the subject documents (ECF Nos. 107 – 110).  Defendant seeks to seal each of these documents in their entirety.  (ECF No. 106).  On November 29, 2023, Plaintiffs filed their opposition in which they agree to seal ECF No. 108 in its entirety, but not the other documents.  (ECF No. 113).

## **DISCUSSION**

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).[1]

Courts "regularly seal" medical information despite a presumption of the right to public access because an individual's privacy interest in their own medical information is a "compelling countervailing interest."  *Robinson v. De Niro*, No. 19CV9156LJLKHP, 2022 WL 2712827, at

---

[1] Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. *Id*.

2

*2 (S.D.N.Y. July 13, 2022) (citing *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020)). Nonetheless, Courts that have sealed medical records have appropriately limited their orders to do so. *Dilworth v. Goldberg*, No. 10-CV-2224 JMF, 2014 WL 3798631, at *2 n.3 (S.D.N.Y. Aug. 1, 2014) (noting that certain exhibits were properly redacted "as they comprised Plaintiff's private medical records"); *Dabiri v. Fed'n of States Med. Boards of the United States, Inc.*, No. 08-CV-4718(EK), 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) (sealing Plaintiff's medical records but rejecting Plaintiff's request to seal other mentions of Plaintiff's medical condition contained on the docket).

ECF Nos. 107 – 110 are judicial documents as they were submitted to assist the court with a judicial function, namely, resolving a discovery dispute about the scheduling of a deposition. ECF No. 108 should be sealed in its entirety as it is a medical record signed by a doctor and, therefore, presents a "compelling countervailing interest" against the presumption of public access. *See e.g. De Niro*, 2022 WL 2712827, at *2 (S.D.N.Y. July 13, 2022). Although ECF Nos. 107, 109, and 110 do contain references to personal medical information, they also include unrelated information. Sealing of the unrelated information would not be "narrowly tailored." *See, e.g. Lugosch*, 435 F.3d at 120. Consequently, by Monday, December 18, 2023, the parties shall meet and confer and jointly propose redactions for ECF Nos. 107, 109, and 110 that redact medical information that is not otherwise public (i.e. medical information not publicly disclosed in ECF No. 95). If the parties disagree, they can submit color-coded proposed redactions that make clear which party proposes which redactions and then the Court will decide.

## CONCLUSION

For the reasons described above, Defendant's request to seal is **GRANTED** with respect to ECF No. 108 and **DENIED** with respect to ECF Nos. 107, 109, and 110, subject to a renewed

motion that proposes narrowly tailored redactions to be submitted jointly by the parties on or before December 18, 2023. The Clerk of Court is directed to maintain ECF No. 108 under seal and accessible only to selected parties. The Clerk of Court is also directed to maintain ECF Nos. 107, 109, and 110 under seal and accessible only to selected parties pending submission of a renewed motion that contains proposed redactions.

    **SO ORDERED.**

DATED:    New York, New York
             December 11, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge