

**BLEAKLEY PLATT & SCHMIDT, LLP**

NEW YORK | CONNECTICUT

February 15, 2024

**VIA ECF**

Hon. Nelson S. Román, U.S.D.J.
U.S. District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601-4150

Re:    *Deide et al. v. Day et al.*, 23-cv-3954 (NSR)(VR)

Dear Judge Román,

     My firm represents the Defendants in this action and we write in response to the Plaintiffs' letter of earlier today.  (ECF No. 121.)

     Plaintiffs have now answered the question they posed in their June 30, 2023 request for pre-answer discovery, to wit: "whether the counties are attempting to circumvent this Court's injunction," which "may necessitate a second motion for preliminary relief."  (ECF No. 63, at 3.)  After reviewing the personal communications and taking the depositions of both county executives,[1] they have apparently decided such a motion is ***not*** necessary.  We appreciate this decision, while noting that we have been fully transparent about the subsequent executive orders since affirmatively bringing them to the Court's attention on June 14th.

     In seeking to now "commence general discovery"—notwithstanding the pending motion to dismiss—Plaintiffs assert that "the current executive orders are just as unlawful as the ones this Court previously enjoined."  But as set forth in that pending motion to dismiss, the operative complaint in this action does not assert claims against "the current executive orders;" it asserts claims against executive orders that expired last June.[2]  In other words, Plaintiffs seek (more) pre-answer discovery on a combination of moot claims and claims they have not even pled.  As with their motion for class certification, filed without the benefit of a factual record, Plaintiffs have placed the cart squarely before the horse.

     The ongoing state court actions to which Plaintiffs refer also weigh against their request for more pre-answer discovery.  If Orange and Rockland Counties (and a host of other New York municipalities) prevail in those actions, they will have established that New York City's efforts to "relocate putative class members to the defendant counties" was illegal from the beginning as

---

[1] Plaintiffs accuse Defendants of "repeatedly s[eeking] to delay and withhold" this pre-answer discovery, while acknowledging in the same sentence that they completed it over a month ago.  Plaintiffs brought similar accusations to Magistrate Judge Reznick, who found no improper actions by Defendants.

[2] In fact, as Plaintiffs know from the discovery they have already taken, there are no "current" versions of the challenged executive orders in Rockland County, and the "current" version of the Orange County order simply precludes violations of the Social Services Law.

a matter of state law.  That would moot the instant action on an entirely separate basis from those asserted in Defendants' pending motion.  It makes no sense to commence pre-answer discovery under such circumstances, especially when Plaintiffs have already engaged in significant pre-answer discovery and come up empty.

      We thank the Court for its consideration.

      Respectfully submitted,

/s/ ***David H. Chen***

David H. Chen, Esq.
(914) 287-6155
dchen@bpslaw.com
*Counsel for Defendants*