UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/19/2024

SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA, on behalf of themselves and a class of others similarly situated,

Plaintiffs,

v.

COUNTY EXECUTIVE EDWIN J. DAY as Rockland County Executive and COUNTY EXECUTIVE STEVEN M. NEUHAUS as Orange County Executive,

Defendants.

No. 23-cv-3954 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Plaintiffs Sidi Mouhamed Deide, Adama Sy, Abdallahi Salem, and Mouhamed Said Maloum Din (hereinafter, "Plaintiffs"), on behalf of themselves and a putative class, filed the instant action against Defendants Edwin J. Day, the Rockland County Executive (hereinafter, the "Rockland County Defendant") and Steven M. Neuhaus, the Orange County Executive (hereinafter, the "Orange County Defendant", and, together with Rockland County Defendant, the "Defendants") challenging Defendants' efforts to exclude them from traveling to and residing within their counties, including through the issuance of emergency declarations and executive orders ("EOs"). (First Amended Complaint ("FAC"), ECF No. 11.)

Defendants move to dismiss Plaintiffs' FAC for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ("Motion to Dismiss", ECF No. 96.) In parallel, Plaintiffs move for class certification. ("Motion for Class Certification", ECF No. 88.) For the following reasons, the Motion to Dismiss is GRANTED and, as a result, the Motion for

Class Certification is DENIED as moot.

## BACKGROUND

I. Factual Background

The following facts are taken from the FAC and assumed to be true for the purposes of the Motion to Dismiss, as well as from the parties' submissions.

In early May 2023, the Defendants declared local states of emergency in response to the intention of migrants and asylum seekers to relocate to Rockland and Orange counties as part of a voluntary New York City-funded program. At the same time, the Defendants issued EOs to address this purported emergency, placing restrictions on the migrants and asylum seekers' ability to travel to and find shelter within the Defendants' counties. (*See* FAC Ex. 1 (Rockland County EO); Ex. 2 (Orange County EO).) The EOs explicitly referenced the influx of "migrants" and "asylum seekers" into the counties. (*See id.* ¶¶ 24, 27-28.)

On May 15, 2023, the Plaintiffs moved to enjoin the Defendants' then-operative EOs, and this Court granted a preliminary injunction prohibiting the counties from enforcing their orders, without "interfere[ing] with the temporary restraining orders that are in effect and that were issued in state court proceedings … concerning the interpretation and applicability of state and local laws." (*See* ECF No. 55 at 51.)

II. Procedural History

On September 27, 2023, Plaintiffs filed the Motion for Class Certification, as well as a memorandum of law (ECF No. 89) and reply brief (ECF No. 92) in support thereof. Defendants filed an opposition. (ECF No. 93.)

On October 20, 2023, Defendants filed the Motion to Dismiss, as well as a memorandum of law ("Defs.' MoL", ECF No. 97) and reply brief ("Defs.' Reply", ECF No. 101) in support

thereof. Plaintiffs filed an opposition. ("Pltfs.' Opp.", ECF No. 99.)

## LEGAL STANDARD

A claim is subject to dismissal under Rule 12(b)(1) if the Court lacks subject matter jurisdiction to adjudicate it pursuant to statute or constitutional authority. *See* Fed. R. Civ. P. 12(b)(1); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as a "threshold question" (quotation marks omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998))). "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Torres v. United States Dep't of State*, No. 18-CV-9555 (KMK), 2020 WL 1489803, at *3 (S.D.N.Y. Mar. 27, 2020) (quoting *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)). Under the "case or controversy" requirement of Article III of the Constitution, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet,* 260 F.3d 114, 118 (2d Cir. 2001). A case is moot, and therefore no longer a case or controversy for the purposes of Article III, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted).

## DISCUSSION

I.   Motion to Dismiss

The principal issue before the Court is whether the Plaintiffs' claims against Defendants' original May 2023 EOs are moot, an issue that turns primarily on whether the current EOs remedy the defects in original EOs that the Court previously identified. (*See* ECF No. 55.)

At the outset of the mootness inquiry, the Court must determine whether the challenged conduct has, in fact, ceased. A claim will not be found moot if the defendant's change in conduct is "merely superficial or…suffers from similar infirmities as it did at the outset." *Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York,* 356 F.3d 365, 378 (2d Cir. 2004). For instance, a challenge to a statute does not become moot if it is merely "replaced with one that differs only in some insignificant respect." *Chrysafis v. Marks*, 15 F.4th 208, 214 (2d Cir. 2021) (quoting *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 662, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)). But where a "defendant's conduct has been sufficiently altered so as to present a substantially different controversy from the one that existed when suit was filed," the challenge to the original conduct is moot. *See Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (citation omitted). Here, the Court finds that Defendants have altered their conduct in a manner sufficient to present a fundamentally different controversy, and, as a result, Plaintiffs' claims are moot.

The gravamen of the Plaintiffs' claims in the FAC is that Defendants issued EOs which broadly bar transport and housing for any migrant or asylum seekers. (FAC ¶¶ 1-2.) After the Court issued its injunction, Defendants promulgated new EOs, which "[o]rder[ed] that all hotels, motels and/or any facilities allowing short term rentals do not accept individuals transported to Orange County in violation of Social Services Law § 62 and related Administrative Directives," ECF No. 98 ("Chen Decl.") Ex. D, and barred other municipalities from "establish[ing] a shelter or temporary housing in Rockland County without adhering to the requirements of all applicable statutes, laws, regulations, and rules of the United States of America, New York State, the County of Rockland and any affected municipality…including but not limited to NYS Social Services Law

4

Art. 2-A and Art. 3 Titles 1 and 2," *id*. Ex. E. In other words, the new EOs no longer target or even mention "migrants," "asylum seekers," or even homeless persons, but rather prohibit the establishment of short-term housing or shelters that violate New York's Social Services Law and the regulations promulgated thereunder. As a result, any claims the Plaintiffs have against the new EOs are "qualitatively different" from those contained in the FAC and reflect a sufficiently different controversy for mootness purposes. *See Lamar,* 356 F.3d at 378 n. 17. The Court thus disagrees with Plaintiffs' assertion that the difference between the original and the new EOs is "largely cosmetic," (Pltfs.' Opp at 4) – rather, the new EOs represent Defendants' efforts to remedy the defects identified in the Court's previous order, and thus raise distinct Constitutional questions than those raised in the FAC. *See Chrysafis*, 15 F.4th at 214. *Cf. Salem v. Pompeo*, No. 19 CV 0363 (SJ), 2020 WL 13881690, at *4 (E.D.N.Y. Sept. 30, 2020) (holding that where challenged policy "barred attorneys from attending passport and [Consular Reports of Birth Abroad] interviews all together" and new policy "allow[ed] [attorneys] to attend but severely circumscribe[d] their roles to the point that they essentially…sit in silence and may not even understand what is being said because of the inability to bring an interpreter" the change between policies was merely superficial and did not moot the action).

The circumstances of this case are similar to those in *American Freedom Defense Initiative v. Metropolitan Transportation Authority*, where plaintiffs challenged the MTA's policy of prohibiting advertising that incites violence. Following a preliminary injunction, the MTA "announced an intention to convert the MTA's property from a designated public forum to a limited public forum" and implemented "a prohibition on any advertisement that is 'political in nature.'" *Am. Freedom*, 815 F.3d at 108. Initially plaintiffs argued that the MTA "unconstitutionally applied a prohibition on incitement to an advertisement that constituted protected speech." *Id.* at 109.


Following the policy change, the briefing focused on "whether the MTA has lawfully converted the property on which it displays paid advertisements from a designated public forum to a limited public forum and whether the application of the prohibition on advertisements 'political in nature' is otherwise constitutional." *Id.* The district court refused to address these arguments and instead required the plaintiffs to amend their complaint. The plaintiffs refused and filed an interlocutory appeal. The Second Circuit upheld the decision, finding the MTA had "altered its conduct in a manner sufficient to present a fundamentally different controversy." *Id.* Similarly, here, Plaintiffs challenged the EOs as an unconstitutional attempt to prevent the relocation of migrants and asylum seekers to Rockland and Orange counties. Following a preliminary injunction, the Defendants allowed the EOs to lapse and issued new EOs concerning the establishment of homeless shelters in violation of New York state law – "a fundamentally different controversy" than the one raised in the FAC.

Moreover, the Court is satisfied that the Defendants have carried the "heavy burden of persuasion" with respect to the two prongs of the voluntary cessation doctrine. *See United States v. Concentrated Phosphate Exp. Ass'n,* 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). Ordinarily, courts only find mootness after a defendant voluntarily discontinues challenged conduct if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Am. Freedom*, 815 F.3d at 109 (cleaned up). Regarding the first prong, there is no reasonable expectation that the alleged violation will recur because the Defendants have yet to appeal the Court's preliminary injunction in an attempt to reinstate the original EOs, and the time to appeal has long since run. *See id.* at 110; *see also Catanzano v. Wing*, 277 F.3d 99, 107–08 (2d Cir. 2001) (holding no error in district court's issuance of an injunction

6

against law that already had expired where efforts were underway to reenact the provision, but nevertheless finding case moot because efforts to reenact the law were abandoned while case was on appeal). Moreover, the Orange County Defendant testified at his deposition that he does not intend to enforce the original EOs once the temporary restraining orders ("TROs") Defendants have received from state courts expire. (*See* Defs.' Reply at 7.) *Cf. Make the Rd. New York v. Pompeo*, 475 F. Supp. 3d 232, 255 (S.D.N.Y. 2020) (finding no mootness where defendants did "not represent that they *will not* engage in the voluntarily ceased conduct going forward") (emphasis in original). This representation is entitled to some deference, *see Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo,* 981 F.2d 50, 59 (2d Cir. 1992), especially considering Plaintiffs have put forth no evidence suggesting that the Defendants intend to reinstate the challenged EOs. Instead, Plaintiffs offer little more than speculative concerns that the "[D]efendants remain committed to excluding the [P]laintiffs from their counties," Pltfs.' Opp. at 11, which is plainly insufficient to show that their claims against Defendants are not moot, s*ee Russman v. Board of Education*, 260 F.3d 114, 120 (2d Cir. 2001). The mere fact that Defendants "could re-issue their prior executive orders," *id.*, does not amount to evidence that they *will*, particularly when, here, Defendants have gone a step further than merely stopping the challenged conduct to instead focus their legislative efforts on prohibiting the establishment of short-term housing or shelters, *see 689 Eatery Corp. v. City of New York*, No. 02-CV-4431 (LJL), 2024 WL 519967, at *57 (S.D.N.Y. Feb. 9, 2024). Put differently, "there is no reason to think that, having completely revised [their] regulations through proper procedures, [Defendants] have any intention of returning to the prior regulatory regime." *See Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451–52 (2d Cir. 2002) (per curiam). And "[t]hat Defendants retain the power to do so is not enough to keep this controversy alive." *New York v. Raimondo*, No. 1:19-

CV-09380-MKV, 2021 WL 1339397, at *3 (S.D.N.Y. Apr. 9, 2021) (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000)). Regarding the second prong of the voluntary cessation doctrine, the Court finds that the interim relief it granted "irrevocably eradicated the effects of the alleged violation," by Defendants. *See Am. Freedom*, 815 F.3d at 110. At present, the original EOs are a legal nullity. Any present restriction on Plaintiffs' ability to reside in a temporary shelter created by New York City would therefore be a consequence of the new EOs and/or the state court TROs, *not* the original, enjoined EOs. *See id.* Though Plaintiffs may still face a risk of harm, they do not do so based on Defendants' original EOs.

The Court is similarly persuaded that the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply here. That doctrine is limited to exceptional situations where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Haley v. Pataki*, 60 F.3d 137, 141 (2d Cir. 1995) (citation omitted). First, the challenged EOs were *not* too short to be litigated prior to cessation. Those very EOs were invalidated by the Court's preliminary injunction, which, as explained earlier, Defendants declined to appeal. Second, there is no reasonable expectation that Plaintiffs will be subject to the original EOs because, as discussed above, Defendants have represented that they do not intend to enforce the original EOs in the future. (*See* Defs.' Reply at 7.) "Since the repetition of the events giving rise to the preliminary injunction is entirely speculative, the mere 'theoretical possibility' that this scenario will arise again is not sufficient for the capable-of-repetition exception to apply." *See Haley*, 60 F.3d at 141 (citation omitted).

"It is a 'perfectly uncontroversial and well-settled principle of law [that] when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original

regulation becomes moot.'" *Raimondo*, 2021 WL 1339397, at *2 (quoting *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 827 F.3d 100, 113–14 (D.C. Cir. 2016)); *see also Chrysafis*, 15 F.4th at 213 ("The argument for mootness would seem to be even stronger when the challenged statute has expired and a new statute, endeavoring to remedy the defect of the old one, has been enacted."). Here, litigation over the legality of Defendants' original EOs, which have long since expired and been replaced by the current EOs, is similarly moot. As a result, this case must be dismissed.

"Although this case is moot, Plaintiffs are not without recourse. Where, as here, a new regulation moots an action, the challenger can "cure its mootness problem by simply starting over again—by challenging the regulation currently in force." *See Raimondo*, 2021 WL 1339397, at *3 (quoting *Akiachak Native Cmty.*, 827 F.3d at 113–14) (cleaned up). Though the expiration of the old EOs and issuance of the new EOs has mooted Plaintiffs' claims, the Court leaves open possibility that new and related claims might arise under the new EOs. *See New York State Rifle & Pistol Assn. v. City of New York*, 140 S. Ct. 1525, 1526, 206 L.Ed.2d 798 (2020) (after licensing statute amended, Court vacated appealed decision, remanded, and "[did] not decide [the plaintiffs'] dispute about the new rule"). To the extent that the Plaintiffs wish to challenge the new EOs, they must file an amended complaint.

**II.**     Motion for Class Certification

The Court need not address the parties' arguments regarding class certification where it finds that the underlying claims are dismissed. *See, e.g.*, *Connolly v. McCall*, No. 98 CIV. 2889 (DAB), 2000 WL 375239, at *5 (S.D.N.Y. Apr. 12, 2000), *aff'd*, 254 F.3d 36 (2d Cir. 2001). Accordingly, Plaintiffs' Motion for Class Certification is denied as moot.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss the First Amended Complaint

is GRANTED. Plaintiffs' Motion for Class Certification is DENIED as moot.

Plaintiffs' claims are dismissed without prejudice. Plaintiffs may file a Second Amended Complaint by August 19, 2024. Defendants are directed to answer or otherwise respond to Plaintiffs' Second Amended Complaint by September 9, 2024.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 88 and 96.

Dated:   July 19, 2024            SO ORDERED:
        White Plains, New York

                                              NELSON S. ROMÁN
                                          United States District Judge