UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDI MOUHAMED DEIDE, ADAMA SY, ABDALLAHI SALEM, MOUHAMED SAID MALOUM DIN, and JHONNY NEIRA,<br><br>    Plaintiffs,<br><br> v.<br><br>EDWIN J. DAY as Rockland County Executive; STEVEN M. NEUHAUS as Orange County Executive,<br><br>    Defendants. | Case No. 23-cv-3954 (NSR/VR) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

NEW YORK CIVIL LIBERTIES UNION
 FOUNDATION

Terry Ding
Amy Belsher
Guadalupe Aguirre
Ifeyinwa Chikezie
Christopher Dunn
125 Broad Street, 19th Floor
New York, New York 10004
Tel: (212) 607-3300
tding@nyclu.org
abelsher@nyclu.org
laguirre@nyclu.org
ichikezie@nyclu.org
cdunn@nyclu.org

Dated: October 22, 2024
  New York, New York

*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

    I.    THE PLAINTIFFS ARE THE PREVAILING PARTY UNDER SETTLED LAW. ..... 1

        A.    *DiMartile v. Hochul* Confirms the Plaintiffs Are the Prevailing Party Because They Secured a Preliminary Injunction on the Merits that They Were Entitled to Enforce Against the Defendants. .......................................................................... 1

        B.    As the Prevailing Party, the Plaintiffs Are Entitled to Recover Fees for the Work They Reasonably Undertook in Discovery. ............................................................ 6

    II.    THE PLAINTIFFS' REQUESTED FEES AND COSTS ARE REASONABLE. ........... 8

CONCLUSION ............................................................................................................................ 10

i

# **TABLE OF AUTHORITIES**

**Cases** ........................................................................................................................................Page(s)

*Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66
  (2d Cir. 2004) ............................................................................................................................3

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182
  (2d Cir. 2008) ............................................................................................................................9

*Chabad Lubavitch of Litchfield Cnty. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238
  (2d Cir. 2019) ............................................................................................................................3

*Dattner v. Conagra Foods, Inc.*, 458 F.3d 98 (2d Cir. 2006) .........................................................10

*DiMartile v. Hochul*, 80 F.4th 443 (2d Cir. 2023) ................................................................2, 3, 4, 5

*Doe v. Rye City Sch. Dist.*, No. 22-CV-08898, 2024 WL 1955536 (S.D.N.Y. May 3, 2024) .........9

*Estiverne v. Esernio-Jenssen*, 908 F. Supp. 2d 305 (E.D.N.Y. 2012) .............................................7

*Farrar v. Hobby*, 506 U.S. 103 (1992) ............................................................................................3

*Haley v. Pataki*, 106 F.3d 478 (2d Cir. 1997) ..............................................................................1, 2

*Hines v. City of Albany*, 862 F.3d 215 (2d Cir. 2017) ..................................................................10

*HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573 (S.D.N.Y. 2021) ....................7, 8

*Integrity Commc'ns Corp. v. Baker*, No. 10-CV-3238, 2013 WL 4830948 (S.D.N.Y.
  Sept. 10, 2013) ..........................................................................................................................3

*Kirk v. N.Y. State Dep't of Educ.*, 644 F.3d 134 (2d Cir. 2011) ...................................................5, 8

*Knox v. John Varvatos Enters. Inc.*, 520 F. Supp. 3d 331 (S.D.N.Y. 2021), *aff'd sub nom.
  Chaparro v. John Varvatos Enters., Inc.*, No. 21-446-CV, 2021 WL 5121140
  (2d Cir. Nov. 4, 2021) ............................................................................................................6, 7

*LaRouche v. Kezer*, 20 F.3d 68 (2d Cir. 1994) ...............................................................................5

*Laprade v. Blackrock Fin. Mgmt., Inc.*, No. 99-CV-9288, 2002 WL 31499244 (S.D.N.Y.
  Mar. 28, 2002) ..........................................................................................................................6

*Ma v. Chertoff*, 547 F.3d 342 (2d Cir. 2008) ...............................................................................5, 6

*New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305 (S.D.N.Y.
  2010) .........................................................................................................................................3

*Parish v. Kosinski*, No. 5:17-CV-0344, 2018 WL 1475222 (N.D.N.Y. Feb. 5, 2018),
    *R. & R. adopted*, 2018 WL 1474366 (N.D.N.Y. Mar. 26, 2018) .................................................3

*Regnante v. Sec. and Exch. Officials*, 134 F. Supp. 3d 749 (S.D.N.Y. 2015) ..................................6

*Rivers v. Doar*, No. 06-CV-5863, 2010 WL 5313735 (E.D.N.Y. Dec. 20, 2010) ...........................5

*Riverside v. Rivera*, 477 U.S. 561 (1986) .......................................................................................7

*Winchester 84, LLC v. Morrow Equip. Co., LLC*, No. 23-CV-5871, 2024 WL 3046350
    (S.D.N.Y. June 18, 2024) .................................................................................................10

# INTRODUCTION

The defendants' opposition to the plaintiffs' fee motion is founded on a premise that is demonstrably wrong: that this Court's preliminary injunction, which barred the defendants from enforcing their discriminatory executive orders against the plaintiffs, did not benefit the plaintiffs. The primary case on which the defendants rely in fact confirms the plaintiffs are the prevailing party here because they secured a preliminary injunction on the merits that they were entitled to enforce against the defendants. And that injunction has benefitted the plaintiffs by preventing the defendants from openly discriminating against and excluding the plaintiffs based on their status as migrants and asylum seekers. The defendants' attempts to dismiss the import of this Court's injunction ring hollow given their admission that it forced them to revise their facially discriminatory executive orders. Indeed, this case is moot only because the injunction compelled the defendants to abandon those orders.

Moreover, the defendants' arguments for reducing the amount of the plaintiffs' requested fees and costs range from the unsupported—that the plaintiffs cannot retain a single partner-level attorney—to the simply wrong—that the *defendants*, not the plaintiffs, should be awarded costs. Accordingly, the Court should grant the plaintiffs' motion for attorney's fees and costs.

# ARGUMENT

**I.     THE PLAINTIFFS ARE THE PREVAILING PARTY UNDER SETTLED LAW.**

Under black-letter Second Circuit law, the plaintiffs are the prevailing party in this case. The case that the defendants rely on to argue otherwise only confirms that conclusion.

**A.     *DiMartile v. Hochul* Confirms the Plaintiffs Are the Prevailing Party Because They Secured a Preliminary Injunction on the Merits that They Were Entitled to Enforce Against the Defendants.**

The plaintiffs are the prevailing party because this "[C]ourt's action in granting the preliminary injunction [was] governed by its assessment of the merits." *Haley v. Pataki*, 106

1

F.3d 478, 483 (2d Cir. 1997); *see* Mem. of Law in Supp. of Pls.' Mot. for Att'y's Fees and Costs ("Mot."), 6–7, ECF No. 128. The injunction has barred the defendants from enforcing or reissuing their facially discriminatory executive orders. Although the defendants assert it is "factually incorrect" to state that the plaintiffs "secured a preliminary injunction on the merits that granted [Plaintiffs] the relief they sought," the defendants do not identify a single inaccuracy in that statement. Defs.'Mem. of Law in Opp'n to Pls.' Mot for Atty's Fees and Costs ("Opp."), 7, ECF No. 130. In fact, they concede that the injunction afforded the plaintiffs "the only relief [they] sought via the PI motion"—"to enjoin enforcement of Defendants' May 2023 EOs." *Id.*

*DiMartile v. Hochul*, 80 F.4th 443 (2d Cir. 2023), on which the defendants rely, shows the plaintiffs prevailed here. The plaintiffs in *DiMartile* were two couples who, early in the pandemic, sought to hold weddings in excess of New York's gathering limit. *Id.* at 445–46. They "filed suit [challenging the gathering limit] and moved for [a preliminary] injunction just eight days before" the first wedding, even though the illegality they alleged "began six weeks" prior. *Id.* at 453. As a result, the preliminary injunction proceedings were extremely abbreviated: opposition and reply papers were submitted within 18 hours of each other, a hearing was held the next day, and the district court granted the injunction less than four hours after the hearing and "twelve minutes before . . . guests were scheduled to arrive" at the first wedding. *Id.* at 448. That wedding was held before the State could appeal. *Id.* But the Second Circuit quickly "entered a full stay pending appeal." *Id.* The second couple then stated that "they no longer planned to hold a wedding" while the gathering limit was in effect, causing the case to be mooted. *Id.* at 448–49.

*DiMartile* confirms that this Court's preliminary injunction confers prevailing-party status on the plaintiffs because it is "an order providing . . . interim relief" that is "governed by [an] assessment of the merits." *Id.* at 451 (quoting *Haley*, 106 F.3d at 483). Such an order

2

"directly benefits the plaintiff" by effecting a "material alteration of the legal relationship between the parties" and entitling the plaintiff "to enforce a judgment . . . against the defendant." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–13 (1992)). By barring the defendants from enforcing their discriminatory executive orders against the plaintiffs, this Court's preliminary injunction materially altered the legal relationship between the parties to the plaintiffs' benefit. If the defendants had attempted to enforce or reissue the enjoined orders, the plaintiffs would have been entitled to enforce the injunction. *See New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 327–28 (S.D.N.Y. 2010) (granting motion to enforce a preliminary injunction and explaining that "[a] district court has complete power" to do so).

The defendants' contention that this Court's preliminary injunction did not directly benefit the plaintiffs, *see* Opp. at 7–8, flies in the face of precedent. The Second Circuit and district courts within it have held that "[t]he existence of [an] injunction and the ability to enforce it against the [defendant]" sufficiently benefit the plaintiff to make them the prevailing party. *Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 79 (2d Cir. 2004) (noting "defendants are now forbidden from . . . discriminat[ing] on the basis of age" as a result of injunction); *see, e.g.*, *Chabad Lubavitch of Litchfield Cnty. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 244 (2d Cir. 2019) (Plaintiff "became a prevailing party when it obtained a beneficial 'enforceable judgment.'" (citation omitted)); *Integrity Commc'ns Corp. v. Baker*, No. 10-CV-3238, 2013 WL 4830948, at *7 (S.D.N.Y. Sept. 10, 2013) (holding that "an enforceable judgment prohibiting [defendant] from taking certain actions that he had been taking prior to the initiation of this lawsuit" was "a direct benefit to [plaintiff]"); *Parish v. Kosinski*, No. 5:17-CV-0344, 2018 WL 1475222, at *3 (N.D.N.Y. Feb. 5, 2018), *R. & R. adopted*, 2018 WL

3

1474366 (N.D.N.Y. Mar. 26, 2018) (holding that plaintiffs prevailed because "[a] preliminary injunction was entered enjoining defendants from enforcing the provisions at issue").

The defendants' suggestion that this Court's injunction did not benefit the plaintiffs is also belied by the facts. Thanks to the injunction, the defendants can no longer exclude the plaintiffs based on their status as migrants and asylum seekers in the City's relocation program. Moreover, without the injunction, Defendant Neuhaus could have leveraged his executive order to evict the plaintiffs who had already arrived in Orange County. *See* ECF No. 27-14 (ordering hotels not to "contract and/or accept said migrants and/or asylum seekers for long-term housing within Orange County"). Although the defendants claim the enjoined executive orders would have "automatically expire[d]," they admit that both those orders were still in effect when the preliminary injunction issued. Opp. at 8. Further, the enjoined executive orders were modified versions of the defendants' original orders, and both versions expressly targeted migrants and asylum seekers, *see* Opinion & Order, ECF No. 55 at 6–7, 10–11, signaling the defendants' intent to continue their openly discriminatory conduct absent this Court's intervention.

*DiMartile* also made clear that the plaintiffs there were not prevailing parties for two reasons that do not apply in this case. First, "the preliminary injunction was hastily entered" due to the plaintiffs' six-week delay in bringing suit. *DiMartile*, 80 F.4th at 453. The "compressed timeline afforded Defendants little opportunity to oppose Plaintiffs' motion" and "restricted the time available for the district court to consider the legal issues." *Id.* at 453–54 (cleaned up).[1]

---

[1] The defendants misleadingly cite *DiMartile*'s language on "fleeting" and "provisional and tentative" success out of context to argue the plaintiffs did not prevail here. Opp. at 8. That language in *DiMartile* refers to the fact that the first couple was able to hold their wedding in the brief window of time the injunction was in effect only "because . . . the delayed initiation of their lawsuit" rendered it impossible for the State to appeal before the wedding took place. *See* 80 F.4th at 450, 453–54, 458.

4

Here, however, the plaintiffs filed suit within a week of the defendants' issuing their executive orders. *See* Compl., ECF No. 1. This allowed the parties to brief the preliminary injunction motion and the Court to hear argument and issue a detailed decision over the course of three weeks. *See* Opinion & Order, ECF No. 55 at 1–2 (detailing procedural history).

Second, the preliminary injunction in *DiMartile* "was quickly undone by [the Second Circuit's] entry of a stay pending appeal." 80 F.4th at 453. A preliminary injunction does not confer prevailing-party status where it is later "overturned . . . on the merits" or has its "legal premise" "rejected." *Kirk v. N.Y. State Dep't of Educ.*, 644 F.3d 134, 138 (2d Cir. 2011). In granting a stay pending appeal in *DiMartile*, the Second Circuit "was required to find that the 'success on the merits' factor weighed in Defendants' favor," thus "necessarily undermin[ing] the district court's" merits analysis. 80 F.4th at 456–47. As a result of the stay, the gathering-limit "law that Plaintiffs challenged . . . remained intact at the end of the litigation." *Id.* at 454 (cleaned up). By contrast, the defendants here did not even appeal this Court's preliminary injunction, much less secure a ruling undoing the order on the merits. Thus, the executive orders the plaintiffs challenged did not "remain[] intact." *See id.* By the defendants' own admission, the injunction compelled them to revise those orders. *See* Opp. at 4 ("Mindful of the Court's June 6th PI, the new EOs narrowly focused on New York's Social Services Law.").[2]

The defendants' remaining arguments on the prevailing-party issue all fail. It does not matter that temporary restraining orders in separate state court litigation blocked New York

---

[2] The other cases the defendants cite to argue that the plaintiffs did not prevail, *see* Opp. at 6–8, are all inapposite because none of the plaintiffs in those cases secured favorable merits rulings. *See Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (noting the district court "entered no order on [plaintiff's] behalf"); *LaRouche v. Kezer*, 20 F.3d 68, 75 (2d Cir. 1994) (noting the plaintiffs obtained no rulings "based on the merits"); *Rivers v. Doar*, No. 06-CV-5863, 2010 WL 5313735, at *2 (E.D.N.Y. Dec. 20, 2010) (noting "the injunction was not clearly based on the merits," but rather maintained the status quo "while the Court considered the merits").

5

City's relocation program at the time this Court issued its preliminary injunction. *See* Opp. at 7–8. The defendants cite no authority suggesting that the plaintiffs can be stripped of their prevailing-party status because of temporary orders issued in other cases litigated between other parties over other issues. In this case, the plaintiffs sought an adjudication of the legality of the defendants' discriminatory executive orders, not of the City's relocation program. It is likewise immaterial that the plaintiffs opted not to amend their complaint after securing the preliminary injunction. That the injunction caused the defendants to moot this case by revising the challenged executive orders only underscores the success of the plaintiffs' suit. *See* Mot. at 6–7.

### B. As the Prevailing Party, the Plaintiffs Are Entitled to Recover Fees for the Work They Reasonably Undertook in Discovery.

The defendants again misstate the law and the facts in arguing that the plaintiffs cannot recover fees for the time they spent litigating discovery issues. *See* Opp. at 9–11. The plaintiffs successfully moved this Court for limited, expedited discovery, then defeated repeated attempts by the defendants to resist that discovery. *See* Mot. at 4, 11. This Court's allowing the plaintiffs' discovery efforts reflects that "the hours spent [on those efforts] were 'reasonable,'" which is all that a prevailing party needs to show to recover fees. *Knox v. John Varvatos Enters. Inc.*, 520 F. Supp. 3d 331, 345 (S.D.N.Y. 2021), *aff'd sub nom. Chaparro v. John Varvatos Enters., Inc.*, No. 21-446-CV, 2021 WL 5121140 (2d Cir. Nov. 4, 2021). The defendants do not dispute this.

Instead, the defendants reassert their meritless argument that the plaintiffs are not the prevailing party, contending that "NYCLUF accomplished nothing of lasting benefit to its clients." Opp. at 11. The recycling of this argument is clear from the cases the defendants cite, all but one of which involved plaintiffs who never obtained a favorable merits ruling. *See Ma*, 547 F.3d at 344 (court "entered no order on [plaintiff's] behalf"); *Regnante v. Sec. and Exch. Officials*, 134 F. Supp. 3d 749, 774 (S.D.N.Y. 2015) (dismissing complaint without ruling for

6

plaintiff); *Laprade v. Blackrock Fin. Mgmt., Inc.*, No. 99-CV-9288, 2002 WL 31499244, *4 (S.D.N.Y. Mar. 28, 2002) (Plaintiff "dismissed her action before the Court ordered any relief."). The remaining case supports the plaintiffs' fee motion, as the court awarded fees for the plaintiffs' successful preliminary injunction motion as well as for subsequent, unsuccessful settlement talks, recognizing that "[c]ounsel for prevailing parties should be paid . . . *for all time reasonably expended on a matter.*" *Estiverne v. Esernio-Jenssen*, 908 F. Supp. 2d 305, 309–10 (E.D.N.Y. 2012) (quoting *Riverside v. Rivera*, 477 U.S. 561, 575–76 (1986)).

The defendants next argue discovery was "fruitless" because it "confirmed that [they] were not 'attempting to circumvent'" the Court's preliminary injunction. Opp. at 9–10. This argument is legally irrelevant, given that the plaintiffs need only show that their discovery efforts were "reasonable." *Knox*, 520 F. Supp. 3d at 345. It is also factually wrong, as the defendants admitted in their depositions that the purpose of their revised executive orders was the "same" as those animating the enjoined orders. *See* Mot. at 5 (quoting the defendants' testimony). Contrary to the defendants' claim, this evidence of intent was not "a matter of public record," Opp. at 9, and they offer no response to it. The plaintiffs have opted not to continue prosecuting this case only because New York City is not currently "seeking to relocate migrants and asylum seekers to the defendants' counties." Mot. at 5. To deny the plaintiffs recovery for their reasonable discovery would penalize them for sparing the Court and the parties from needless litigation.

Finally, in attempting to distinguish *HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573 (S.D.N.Y. 2021)—which awarded fees for discovery conducted by the plaintiff after obtaining a preliminary injunction, *see* Mot. at 14—the defendants again misrepresent the law. According to the defendants, *HomeAway.com* indicates that the mooting of this case caused the Court's preliminary injunction to be "reversed, dissolved, or otherwise undone." Opp. at 10.

7

But the Second Circuit has expressly held that a preliminary injunction is "undone" for prevailing-party purposes *only* when it is "overturned . . . on the merits" or its "legal premise" is later "rejected." *Kirk*, 644 F.3d at 138. Mere mootness does not undo an injunction. *See id.* at 138–39 & n.4. Thus, in *HomeAway.com.* the court found the plaintiffs entitled to fees because they "obtain[ed] a preliminary injunction against enforcement of a law that [was] later amended or repealed," even after the case became moot. 523 F. Supp 3d at 584–85. So too here.

In sum, the plaintiffs are the prevailing party entitled to reasonable fees and costs.

**II.      THE PLAINTIFFS' REQUESTED FEES AND COSTS ARE REASONABLE.**

The defendants' arguments for reducing the plaintiffs' requested fees and costs, conspicuously unsupported by any authority, fare no better. The defendants begin by arguing that Christopher Dunn was not "truly needed" on the counsel team but identify no work he performed that they believe to be unnecessary. Opp. at 12. Nor do the defendants cite any case indicating that a party is not permitted to retain a single partner-level attorney. Indeed, the defendants enlisted *three* partner-level lawyers with "fifteen, thirty, and thirty-eight years" of experience to represent them, Opp. at 12, not to mention a host of county attorneys, *see* Notices of Appearance of Defendants' Counsel, ECF Nos. 19, 25, 26, 36, 40, 41, 43, 44, 48. The defendants also criticize the plaintiffs for seeking fees for five attorneys—fewer than the number the defendants have retained—without identifying any redundant work they have performed. *See* Opp. at 12.

Next, the defendants contend that the hourly rates sought by the plaintiffs are excessive. Opp. at 12–13. But the plaintiffs cited a litany of similar civil-rights cases awarding comparable or higher rates, *see* Mot. at 10, to which the defendants can offer only three unavailing responses. First, the defendants conclusorily assert that those cases were "more complex than this one," without addressing a single case. Opp. at 13. Second, the defendants state that those cases "were litigated in Manhattan, not White Plains," *id.*, even though the law is clear that courts should

8

"use the prevailing hourly rate in the *district* where it sits," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) (emphasis added). Third, the defendants argue that the plaintiffs in the cited cases "clearly prevailed." Opp. at 13. Again, however, the plaintiffs clearly prevailed here, securing a court order that has forced the defendants to abandon their facially discriminatory executive orders. *See supra* I.A.

The defendants' other arguments against the plaintiffs' requested rates also fail. The defendants suggest that their own counsel's billing rates are a cap on the rates that the plaintiffs' counsel can recover but cite no authority for this novel proposition. Opp. at 12. And, though the defendants claim the Court should not consider the parties' extensive litigation over discovery in determining an hourly rate, the caselaw instructs that "the time and labor required" to prosecute a case informs the rate inquiry. *Doe v. Rye City Sch. Dist.*, No. 22-CV-08898, 2024 WL 1955536, at *3 (S.D.N.Y. May 3, 2024) (Román, J.). The defendants admit they "vigorously litigated" those discovery issues, "result[ing] in more hours" for the plaintiffs' counsel. Opp. at 13.

The defendants also argue that the number of hours for which the plaintiffs seek reimbursement is excessive. Opp. at 13–14. The defendants ask the Court to strike hours expended on the plaintiffs' class certification motion, but the plaintiffs have already excluded those hours, *see* Mot. at 13–14, with the exception of one inadvertently included billing entry.[3] The defendants' contention that the plaintiffs should not be reimbursed for their time spent conducting limited discovery is contradicted by this Court's orders permitting the discovery as appropriate. *See* Mem. Endorsement, ECF No. 64. And the defendants fail to explain why it was "inefficient" for the plaintiffs to amend their complaint. Opp. at 14. To the contrary, amidst the

---

[3] Removing this two-hour entry, *see* ECF No. 129-2 (5/16/2023 entry), reduces the billing attorney's total to 261.8 hours and $117,810, and counsel's overall fee total to $258,315.

9

fast-moving events during the launch of New York City's relocation program, the plaintiffs acted with exceptional diligence to promptly file their complaint and to amend it as the situation developed. Similarly, the plaintiffs' counsel's conferrals with various City and State officials were necessary to understand basic facts underlying this action, such as what actions those officials were taking with respect to the relocation program and responding to the defendants' efforts to exclude migrants and asylum seekers.

Finally, the defendants' insistence that the plaintiffs should not be permitted to recover their costs because their litigation was "unsuccessful," Opp. at 14–15, is yet another attempt to relitigate the prevailing-party issue. The plaintiffs succeeded in securing the preliminary injunction, making them the prevailing party for purposes of recovering both fees and costs. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) ("[I]n general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs."). Thus, the defendants' claim that *they* "should be considered the 'prevailing party,'" Opp. at 15, is wrong. *See Winchester 84, LLC v. Morrow Equip. Co., LLC*, No. 23-CV-5871, 2024 WL 3046350, at *3 (S.D.N.Y. June 18, 2024) (Román, J.) (holding that dismissal without prejudice does not render a defendant the prevailing party).

The plaintiffs' requested fees and costs are therefore reasonable and well-supported. Moreover, in an additional exercise of billing judgment, the plaintiffs are foregoing fees for their counsel's work on this reply memorandum, even though they are entitled to recover those fees. *See* Mot. at 13; *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017).

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that the Court grant their motion and award the plaintiffs $258,315 in attorney's fees and $5,534.99 in costs.

| | |
|---|---|
| Dated: October 22, 2024<br>New York, New York | NEW YORK CIVIL LIBERTIES UNION<br>FOUNDATION<br><br>*/s/ Terry Ding*<br>Terry Ding<br>Amy Belsher<br>Guadalupe Aguirre<br>Ifeyinwa Chikezie<br>Christopher Dunn<br>125 Broad Street, 19th Floor<br>New York, New York 10004<br>Tel: (212) 607-3300<br>tding@nyclu.org<br>abelsher@nyclu.org<br>laguirre@nyclu.org<br>ichikezie@nyclu.org<br>cdunn@nyclu.org<br><br>*Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 22, 2024, I served by electronic email this Reply Memorandum of Law in Support of Plaintiffs' Motion for Attorney's Fees and Costs upon the following counsel of record for the defendants in this case:

> Matthew Parisi (MParisi@BPSlaw.com);
> Vincent Crowe (VCrowe@bpslaw.com);
> David Chen (dchen@bpslaw.com);
> William Harrington (WPHarrington@bpslaw.com);
> Thomas Humbach (humbacht@co.rockland.ny.us);
> Larraine Feiden (feidenl@co.rockland.ny.us);
> Matthew Nothnagle (mnothnagle@orangecountygov.com); and
> Stephanie Midler (smidler@orangecountygov.com).

Dated: October 22, 2024        */s/ Terry Ding*
   New York, New York      Terry Ding